FILED
17-0818
12/22/2017 11:17 AM
tex-21458098
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# NO. 17-0818

==============================================================

## IN THE SUPREME COURT OF TEXAS
## AUSTIN, TEXAS

==============================================================

In re VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC., *Relators*

==============================================================

From the 93rd Judicial District Court of Hidalgo County, Texas
Cause No. C-1269-16B,
Honorable Rudy Delgado, presiding

==============================================================

## SUPPLEMENTAL MANDAMUS RECORD

---

Tab 1:    VCC, LLC's First Requests for Production to Pharr-San Juan-Alamo Independent School District

Tab 2:    PJSA ISD's Response to VCC, LLC's September 22, 2017 Request for Production

Tab 3:    October 3, 2017 Letter from Anthony Constant (previously filed in this Court as Tab 20 to Relators' Amended Emergency Motion)

Tab 4:    October 10, 2017 Order Regarding Production of Electronic Discovery (previously filed in this Court a Tab 16 to Relators' Amended Emergency Motion)

Tab 5:    October 18, 2017 Order Granting VCC, LLC's Motion to Compel E-mails Pursuant to Court Ruling on September 25, 2017 (previously filed in this Court a Tab 17 to Relators' Amended Emergency Motion)

Tab 6:    Pharr-San Juan-Alamo Independent School District's Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting for the Southwest Early College High School

Tab 7:      VCC, LLC's Response to Pharr-San Juan-Alamo Independent School District's Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting

Tab 8:      Fourth Amended Discovery Control Order and Trial Setting

Tab 9:      Transcript of November 13, 2017 Hearing

Tab 10:     PSJA ISD's Response to Motion to Enforce Order Regarding Production of Electronic Discovery and Alternative Motion for Continuance filed October 13, 2017 at 7:17PM

Tab 11:     VCC, LLC's Motion for Leave to Designate Responsible Third Parties (filed April 7, 2017)

Tab 12:     Pharr-San Juan-Alamo Independent School District's Responses to VCC, LLC's First Requests for Production

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

BEFORE ME, the undersigned authority, on this day appeared Lorien Whyte, personally known to me, who after being sworn upon his oath, stated as follows:

1.      My name is Lorien Whyte. I am over twenty-one years of age, of sound mind, and in all ways competent to make this verification. I am one of the attorneys for Pharr ISD in this mandamus proceeding.

2.      The accompanying Supplemental Mandamus Record contains true and correct copies of each of the items identified in the Supplemental Mandamus Record List.

3.      I have reviewed the Response to the Petition for Writ of Mandamus, and I have concluded that every factual statement contained in the response is supported by competent evidence included in the Supplemental Mandamus Record or filings already submitted to this Court.

_____
Lorien Whyte

Sworn to before me this 1⁶ day of December, 2017, to certify which witness my hand and official seal.

JOSEPHINE WILFONG REID
Notary Public, State of Texas
Comm. Expires 11-21-2018
Notary ID 4176616

_____
Notary Public, State of Texas
My commission expires: 11-21-18

# Tab 1

**VCC, LLC's First Requests for Production to Pharr-San Juan-Alamo Independent School District**

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | 93RD JUDICIAL DISTRICT |

### VCC, LLC'S FIRST REQUESTS FOR PRODUCTION TO
### PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT

TO:   Defendant, Pharr-San Juan-Alamo Independent School District, by and through its attorney of record, Anthony F. Constant, One Shoreline Plaza, 800 N. Shoreline Boulevard, Suite 2700, Corpus Christi, Texas 78401.

VCC, LLC ("VCC") serves its First Requests for Production on Pharr-San Juan-Alamo Independent School District ("PSJA").  PSJA must produce all requested documents for inspection and copying not more than 30 days after service at the office of Slates Harwell LLP, 1700 Pacific Avenue, Suite 3800, Dallas, Texas 75201.

PSJA shall produce all electronically stored information in PDF format with extracted text.

Respectfully submitted,

**SLATES HARWELL LLP**

By:   */s/ Patrick E. "Gene" Blanton*
Patrick E. "Gene" Blanton
State Bar No. 24058209
gblanton@slatesharwell.com
Stephen C. Bolline II
State Bar No. 24069396
sbolline@slatesharwell.com
1700 Pacific Avenue, Suite 3800
Dallas, Texas  75201-4761

---

**VCC, LLC'S FIRST REQUESTS FOR PRODUCTION TO**
**PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT**                **Page 1**

Tel: (469) 317-1000
Fax: (469) 317-1100

**ATTORNEYS FOR VCC, LLC AND
VRATSINAS CONSTRUCTION COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document was forwarded via electronic mail on this the 26th day of May, 2017 to all counsel of record.

/s/ Patrick E. Blanton
**Patrick E. Blanton**

## Exhibit A

## DEFINITIONS AND INSTRUCTIONS

1. Unless otherwise indicated, the use in these discovery requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint venturers, representatives, general partners, limited partners, and all other persons acting or purporting to act on behalf of the subject party, person or business organization.

2. The term "document" as used herein shall mean all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained. **The term "document" also includes any electronically stored information including text messages; emails from all email accounts, whether personal or for work; data; wall postings; and images sent and/or received via any social networking or internet site, including Facebook, Twitter, and MySpace.**

3. The terms "identify" or "identity," when used with respect to documents or communications, shall require the responding party to state with respect to each such document or communication:

   a. the date the document was prepared or dated, or when the communication took place;

   b. the name and address of the person(s) who made the document or communication;

   c. the names and addresses of the recipients of the documentation or communication;

   d. the nature of the document or communication, e.g., written or oral;

   e. a description of the contents of the document or communication, including, but not limited to, the general subject matter, the number of pages the document contains, and all attachments to the original document;

   f. the present location of the document, or the location of the communication; and

   g. the name, address, and telephone number of the document's custodian.

4. The term "identify" or "identity," when used with respect to a:

---

a. Natural person shall mean the person's (1) full name, nickname and aliases; (2) current home and employment address, including street name and number, city or town and state, post office box number, if any, and telephone number; and (3) his or his employment or position at the time in question.

b. Company, corporation, partnership or any other legal entity not a natural person shall mean the entity's (1) full name; (2) address or post office box number of principal place of business, if any, and telephone number; and (3) business in which it is engaged.

c. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. These discovery requests are intended to be continuing in nature. You are required to timely supplement your responses.

6. "Relate to," "relating to," "referring to," "regarding," "concerning," or "with respect to" mean regarding, reflecting, responding to, consisting of, connected with, commenting upon, explaining, discussing, concerning, supporting or showing, mentioning, describing, resulting from, whether in whole or in part.

7. "communication" includes, without limitation, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether oral or written. Such term also includes, without limitation, both communications and statements that are made face-to-face and those that are transmitted by other methods.

8. If you or any of your agents, including your attorney(s), are aware of the existence of any document within the scope of these requests, which is not within your custody, possession, or control, please identify any such document in a written response to the request for the document. In identifying such a document, please provide the following information: the name, address and telephone number of the person who has possession, custody or control over the document; a brief summary of the nature of the information contained in the document; the date of the document; and the name of the person who prepared the document.

9. If you or any of your agents, including your attorney(s), are aware of the loss or destruction of any document within the scope of these requests, please identify the lost or destroyed document in a written response to the request for the production of the document. In identifying such a document, please state whether this document is missing or lost; destroyed; transmitted or transferred to another or others, identifying such individual(s); or otherwise disposed of. In each instance, you are requested to explain the circumstances surrounding the authorization, if any, for such disposition and state the date or approximate date thereof.

---

10.    If you rely on any privilege or the work product doctrine in objecting to this discovery request or in failing to produce a requested document, please state in the response to the request that you are invoking a privilege, specify which privilege or doctrine is being invoked and the nature and reasons supporting the claim of privilege.

11.    The term "VCC" shall mean VCC, LLC, including all persons and/or entities as described in Instruction Number 1.

12.    The term "PSJA," "you," or "your" shall mean Pharr-San Juan-Alamo Independent School District, including all persons and/or entities as described in Instruction Number 1.

13.    The term "Noe Garza" shall mean Noe Garza Engineers, Inc.,including all persons and/or entities as described in Instruction Number 1.

14.    The term "ROFA" shall mean Rike Ogden Figueroa Allex Architects, Inc., including all persons and/or entities as described in Instruction Number 1.

15.    The term "Hinojosa" shall mean Hinojosa Engineering, Inc., including all persons and/or entities as described in Instruction Number 1.

16.    The term "Alex Group" shall mean The Alex Group, LLC, including all persons and/or entities as described in Instruction Number 1.

17.    The term "Raba" shall mean Raba Kistner Consultants, Inc., including all persons and/or entities as described in Instruction Number 1.

18.    The term "Armko" shall mean Armko Industries, Inc., including all persons and/or entities as described in Instruction Number 1.

19.    The term "Design Team" shall mean Noe Garza, ROFA, Hinojosa, Alex Group, Raba, and Armko.

20.    The term "Project" shall mean the New High School nka PSJA Southwest Early College High School located at 300 E. El Rancho Blanco Road, Pharr, Texas 78577.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All warranties purchased by you for the Project.

2. The Armko warranty for the Project.

3. All documents and communications regarding the enforcement of any of the warranties purchased by you for the Project.

4. All punch lists generated by Armko for the Project.

---

5. All documents created by Armko reflecting construction issues on the Project that need to be repaired.

6. All documents and communications reflecting Armko's acceptance of the construction of the Project.

7. All documents and communications regarding any inspections of the Project performed by Armko.

8. All documents and communications reflecting Armko's approval of punch list work on the Project.

9. All documents and communications regarding Armko's warranty for the Project.

10. All documents and communications regarding final closeout with Armko on the Project.

11. All reports generated by Armko for the Project.

12. All documents and communications regarding hail damage to the roof of the Project.

13. All documents and communications regarding any claims made by you for hail damage to the roof of the Project.

14. All documents and communications regarding claims asserted by you against any member of the Design Team regarding the Project.

15. All documents and communications reflecting demand letters or notices of claims by you against any member of the Design Team regarding the Project.

16. Any settlement agreements between you and any member of the Design Team regarding the Project.

17. All documents, communications, and reports regarding inspections performed by any member of the Design Team on the Project.

18. All Raba inspection reports for the Project.

19. All contracts between you and each member of the Design Team for the Project.

20. All meeting minutes regarding the design of the Project.

21. All documents and communications regarding the selection of the roof for the Project.

22. All documents and communications regarding any complaints or issues you have with any part of the design of the Project.

---

**VCC, LLC'S FIRST REQUESTS FOR PRODUCTION TO**
**PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT**                **Page 6**

23. The civil plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 1.

24. The architectural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 3.

25. The structural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 5.

26. The mechanical, electrical, and plumbing plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 7.

27. The civil plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 2.

28. The architectural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 4.

29. The structural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 6.

30. The mechanical, electrical, and plumbing plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 8.

31. All surveys of the grading at the Project made from the date of Substantial Completion of the Project to present.

32. All documents and communications regarding grading issues at the Project.

33. All documents and communications regarding standing water issues at the Project.

34. All documents and communications reflecting irrigation schedules at the Project from the date of Substantial Completion until present.

35. All documents and communications reflecting schedules for HVAC maintenance at the Project.

36. All documents and communications regarding the testing and balancing of the HVAC system at the Project.

---

37. All documents and communications regarding any recommendations or procedures from Synergistic or any other third party vendor regarding the settings of the HVAC system at the Project.

38. All documents and communications regarding any changes to the HVAC manufacturers' recommended settings for the HVAC system at the Project.

39. All documents and communications regarding any HVAC complaints received from any school within your district, including Memorial High School, following the installation of any units manufactured by Munters.

40. All documents evidencing any payments made by you to Krismer Consulting during the last ten years.

41. All documents related to any investigation of the HVAC system performed by any consult at any school in your district during the last 2 years.

42. All documents and communications regarding soil preparation during the construction of the track and tennis courts at the Project.

43. All documents and communications regarding the light poles, including any failures of the light poles at the Project.

44. All documents and communications regarding the CMU wall at the stage not being adequately adhered to the steel columns.

45. All documents and communications regarding the roof not complying with code.

46. All communications with your testifying expert witnesses regarding the Project.

# Tab 2

**PJSA ISD's Response to VCC, LLC's September 22, 2017 Request for Production**



October 21, 2017

*Via Email*: gblanton@slatesharwell.com
Mr. Patrick E. "Gene" Blanton
Slates Harwell, LLP
1700 Pacific Avenue, Suite 3800
Dallas, TX 75201

TO ALL COUNSEL

RE: **PSJA ISD's Response to VCC, LLC's September 22, 2017 Request for Production**
CAUSE NO. C-1269-16-B
*VCC, LLC v. PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT*
In the 93rd Judicial District Court, Hidalgo County, Texas

Dear Gene and ALL COUNSEL,

Please find attached **PSJA ISD's Response to VCC, LLC's September 22, 2017 Request for Production.**

Very truly yours,

Anthony F. Constant
office@constantlawfirm.com

cc:
ALL COUNSEL OF RECORD

EXHIBIT B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | HIDALGO COUNTY, TEXAS |

**PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S**

**RESPONSES TO VCC, LLC'S[1]**

**SEPTEMBER 22, 2017 REQUEST FOR PRODUCTION**

TO:    **VCC, LLC** and Vratsinas Construction Company through its counsel of record Mr. Patrick E. Gene Blanton, Slates Harwell, LLP, 1700 Pacific Avenue, Suite 3800, Dallas, TX 75201

**Pharr San-Juan Alamo Independent School District here serves its**

**Responses to VCC, LLC's[2]**

**September 22, 2017 Request for Production.**

---

[1] And also to Vratsinas Construction Company.

[2] *Id*.

# RESPONSE TO September 22, 2017 REQUEST FOR PRODUCTION

1. Below is a list of search terms to use in gathering electronic documents. The date range of the searches should be from January 1, 2010 until the present.

1. Blanco
2. Southwest
3. SWH
4. SHS
5. Early w/3 college
6. Armko
7. Armco
8. Reagan
9. Ragan
10. Ragean
11. Stromberg
12. Jones
13. Leak
14. Roof
15. Hail
16. Claim
17. Ponding
18. Intrusion
19. Cenergistic
20. Synergistic

_____

21. Controls
22. Settings
23. HVAC
24. System
25. Certificate w/3 merit
26. COM
27. Sue
28. Litigation
29. Lawsuit
30. Landmark
31. Gravely
32. Pearson
33. Settlement
34. Liberty
35. Long
36. Guerra
37. Trevino
38. Notice
39. Warranty
40. Warranties
41. Punch
42. Punch w/3 list
43. Inspect
44. Inspection
45. Inspected
46. Report
47. Raba
48. RK
49. RKCI
50. Noe
51. Flores
52. NGE
53. ROFA
54. Rike
55. Ogden
56. Figueroa
57. Allex
58. Ochoa
59. Rodriguez
60. Bowman
61. Ollervides

62. Roque
63. Hinojosa
64. TAG

_____

65. Alex w/3 Group
66. Gholmieh
67. Kazatsker
68. Great w/3 Northern
69. Chubb
70. Crawford
71. Warren
72. Gordon
73. Phipps
74. Ramirez
75. VCC
76. Vratsinas
77. Wilson
78. Martin
79. Rose
80. Elser
81. Retainage
82. Holder
83. SWK
84. Stacy
85. Reed
86. Easterwood
87. Legacy
88. Ramirez
89. FMP
90. Schedler
91. Baraka
92. Lewis
93. MLD
94. Krismer
95. O'Bannon
96. Kenny
97. Hayden
98. Althouse
99. Air w/3 Intellect
100. Larranga
101. Craig
102. Ramboll
103. Mora
104. Naismith
105. McFarquhar

106. Langerman
107. Long
108. IAQ

_____

109. Clark
110. Miles
111. Reeves
112. Servpro
113. Lackner
114. Datum
115. White
116. RPW
117. Garza
118. Baldwin
119. Wallace
120. Fee w/5 agreement
121. Repair
122. Renovate
123. Remediate
124. Remediation
125. Drain
126. Drainage
127. Storm
128. Football
129. Tennis
130. Track
131. Flashing
132. Humidity
133. CMU
134. Walkway
135. Dew w/3 point
136. VCT
137. Tile
138. Vinyl
139. Mold
140. Mildew
141. Grade
142. Grading
143. Slope
144. Standing w/3 water
145. Light w/3 pole
146. Heaving
147. Pavement
148. Paving
149. Asphalt

150. Delamination
151. Delaminating
152. Insulation

153. Envelope
154. Davenport
155. Core
156. Bailey
157. O'Neal
158. Oneal
159. Oneil
160. O'Neil

**RESPONSE:**

Production, inspection and copying of the responsive documents in electronic form will take place at 601 E. Kelly Avenue, Pharr, Texas 78577 at 9 AM Monday September 23, 2017 and continuing all day to 5 PM[3] and at the same place at the same time each Monday, Tuesday, Wednesday, Thursday and Friday through and including November 27, 2017[4].

The responding party will produce the original electronic form for inspection and copying.

The responding party objects to production at any other time and place.

Respectfully submitted,

/s/ Juan J. Hinojosa
Juan J. Hinojosa
Texas State Bar No.: 09701400
**THE HINOJOSA LAW FIRM, P.C.**
612 West Nolana Ave., Ste. 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Fax: (956) 686-8462
jjhinojosa@bizrgv.rr.com

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520

_____

[3] (with a one hour lunch break from noon until 1 pm)
[4] Except November 23rd and November 24th.

(956) 248-7673 Office
Rose.vela@me.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Anthony F. Constant
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

**Attorneys for**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record on this the 21st day of October 2017.

/s/ Anthony F. Constant
office@constantlawfirm.com

# Tab 3

**October 3, 2017 Letter from Anthony Constant (previously filed in this Court as Tab 20 to Relators' Amended Emergency Motion)**



October 03, 2017

*Via Email*:
keith.uhles@roystonlaw.com
Mr. Keith N. Uhles

Mr. Patrick E. "Gene" Blanton
gblanton@slatesharwell.com

Mr. Stephen Bolline
sbolline@slatesharwell.com

RE: **Results of running your search terms – REPORT #2**

> CAUSE NO. C-1269-16-B
> *VCC, LLC v. PHARR-SAN JUAN-ALAMO*
> *INDEPENDENT SCHOOL DISTRICT*
> In the 93rd Judicial District Court, Hidalgo County

Dear Keith, Gene and Stephen,

On September 22, 2017, you asked PSJA ISD to search the District's email archive from January 1, 2010 until the present for 160 words.

Here are the results. Each Block includes a search for each of the ten words you asked that we search for, the number you assigned to each word is the number in parenthesis for each Block. Block 1 Terms (1-10) are the terms you numbered 1 through 10. We ran them together to reduce the number of searches from 160 to 16. We filtered the search so that it did not find emails that were communications between the District and its lawyers. We are unable to filter out information about minors or about personnel issues or any individual's personal health or other personal issues.

Please confirm that you agree that you will immediately destroy such emails and not share them when you find them.

If you have any other suggestion about how we should handle the privacy issues for minors, students, teachers and other District employees, please tell me and let's agree on some way to protect them.

| Search Terms | Email Hits |
|---|---|
| Block 1 Terms (1-10) | 44,883 |
| Block 2 Terms (11-20) | 933,613 |
| Block 3 Terms (21-30) | 17,561,952 |
| Block 4 Terms (31-40) | 6,046,009 |
| Block 5 Terms (41-50) | 3,846,086 |
| Block 6 Terms (51-60) | 2,702,151 |
| Block 7 Terms (61-70) | 797,440 |
| Block 8 Terms (71-80) | 1,814,710 |
| Block 9 Terms (81-90) | 1,579,151 |
| Block 10 Terms (91-100) | 126,685 |
| Block 11 Terms (101-110) | 2,421,880 |
| Block 12 Terms (111-120) | 3,711,114 |
| Block 13 Terms (121-130) | 2,164,330 |
| Block 14 Terms (131-140) | 196,898 |
| Block 15 Terms (141-150) | 3,617,518 |
| Block 16 Terms (151-160) | 1,482,718 |
| **GRAND TOTAL HITS** | **49,047,138** |

Mr. Hector Rodriguez, PSJA ISD's Director of Management Information Systems, who is personally conducting the searches, provided this information to me last night around midnight (11:28 PM to be precise). Mr. Rodriguez is obviously working on this with intensity. Mr. Rodriguez gave me this update:

"I'll be working with our vendor tomorrow on getting a better grasp on the total run time we can expect for the email extractions into PDF format since the hits are rather large we could see some extended amount of time to extract each block of terms. I'll provide an update tomorrow."

Once we have some idea how long extraction will take, we will let you know. When extraction is successful, we will deliver the results to you by Dropbox link.

Very truly yours,

Anthony F. Constant

# Tab 4

**October 10, 2017 Order Regarding Production of Electronic Discovery (previously filed in this Court as Tab 16 to Relators' Amended Emergency Motion)**

Electronically Filed
9/26/2017 2:22 PM
Hidalgo County District Clerks
Reviewed By: Michelle Loya

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| VS. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| PHARR – SAN JUAN – ALAMO ISD | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

## ORDER REGARDING PRODUCTION OF ELECTRONIC DISCOVERY

On the 25th day of September 2017 hearing was held on this matter. At that time, the court began to consider the issues raised in Plaintiff and Counter – Defendant, VCC, LLC's Motion to Reconsider court's oral ruling VCC denying VCC, LLC's Motion to Compel discovery. Specially, Plaintiff's Counter Defendant VCC and Defendant Counter Claimant PSJA ISD presented argument regarding paragraph 2.2 of said motion and the electronic discovery discussed at the prior hearing of August 21, 20017. At the hearing of August 21, PSJA ISD's attorney was provided with the search term "Armko" and subsequently in a letter dated September 22, 2017 from Gene Blanton to Anthony Constant additional search terms were provided to PSJA ISD. After considering paragraph 2.2 of the motion the arguments of counsel, and the prior argument at the August 21, 2017 hearing, it is the opinion of the court that PSJA ISD should conduct searches pursuant to the search terms provided by VCC's attorneys and provide the responsonsive documents to VCC's attorney's in either paper or electronic form no later then 5:00 pm on October 2, 2017. It is therefore,

**ORDERED** that PSJA ISD conduct electronic searches of the term provided by VCC's counsel at the hearing of August 21, 2017 and in the letter of September 22, 2017 and provide the requested (non-privileged) documents to counsel for VCC on or before 5:00 p.m. on October 2, 2017 in either paper or electronic form.

**October**

Signed this **10th** day of ~~September~~ 2017 at Edinburg, Hidalgo County, Texas.

*Rodolfo Delgado*

Honorable Judge Rudy Delgado, Judge Presiding

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules keith.uhles@roystonlaw.com
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawvers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawvers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com

Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

61917:10318605.1                                  3

# Tab 5

**October 18, 2017 Order Granting VCC, LLC's Motion to Compel E-mails Pursuant to Court Ruling on September 25, 2017 (previously filed in this Court as Tab 17 to Relators' Amended Emergency Motion)**

Electronically Filed
10/9/2017 3:19 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | HIDALGO COUNTY, TEXAS |
| PHARR-SAN JUAN-ALAMO<br>INDEPENDENT SCHOOL DISTRICT,<br>Defendant. | §<br>§<br>§<br>§ | 93RD JUDICIAL DISTRICT |

### ORDER GRANTING VCC, LLC'S MOTION TO COMPEL E-MAILS PURSUANT TO COURT RULING ON SEPTEMBER 25, 2017

The Court has considered VCC, LLC's ("VCC") Motion to Compel E-Mails Pursuant to Court Ruling on September 25, 2017. After reviewing the said Motion, the Responses, and the arguments of counsel, the Court is of the opinion that VCC's Motion to Compel E-Mails Pursuant to Court Ruling on September 25, 2017 should be GRANTED. It is therefore,

**ORDERED, ADJUDGED, and DECREED** that Defendant, Pharr-San Juan Alamo Independent School District is ordered to produce by October 16, 2017 any and all e-mails found by implementing the 160 search terms that Plaintiff, VCC, LLC, provided to Defendant, Pharr-San Juan Alamo Independent School District on September 22, 2017.

SIGNED this the **18th** day of **October**, 2017.

_____
Honorable Judge Rudy Delgado, Judge Presiding

Cc: All counsel of record

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com

61917:10320162                                                                 Page 1
ORDER GRANTING VCC, LLC'S MOTION TO COMPEL PRODUCTION OF E-MAILS PURSUANT TO COURT RULING ON
SEPTEMBER 25, 2017

Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawvers.com

e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawyers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com

Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

# Tab 6

**Pharr-San Juan-Alamo Independent School District's Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting for the Southwest Early College High School**

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**105**
## PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S MOTION TO ENTER THE PROPOSED FOURTH AMENDED DISCOVERY CONTROL ORDER AND TRIAL SETTING FOR THE SOUTHWEST EARLY COLLEGE HIGH SCHOOL

TO THE HONORABLE JUDGE OF SAID COURT:

1. On October 31, 2017, The Texas Supreme Court issued the attached Orders (Attachment 1) that stay two prior orders of this Court as follows:

"The trial court order issued October 24, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the trial court order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel, in Cause No. C-1269-16-B, styled VCC, LLC v. Pharr-San Juan-Alamo Independent School District, in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court."

2. The Order of the Supreme Court does not stay this Court's authority to enter an additional order that continues the trial setting to February 5, 2017.

3. Movant asks the Court to enter the proposed FOURTH AMENDED DISCOVERY CONTROL ORDER AND TRIAL SETTING FOR THE SOUTHWEST EARLY COLLEGE HIGH SCHOOL.

Respectfully submitted,

/s/ Juan J. Hinojosa

1

Juan J. Hinojosa
Texas State Bar No.: 09701400
**THE HINOJOSA LAW FIRM, P.C.**
612 West Nolana Ave., Ste. 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Fax: (956) 686-8462
jjhinojosa@bizrgv.rr.com

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Anthony F. Constant
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

**Attorneys for**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

2

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record on this the 2nd day of November 2017.

/s/ Anthony F. Constant
ANTHONY F. CONSTANT
office@constantlawfirm.com

3



**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

October 31, 2017

Mr. Pruett Moore III
Attorney at Law, P.L.L.C.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
* DELIVERED VIA E-MAIL *

Mr. Anthony F. Constant
Constant Law Firm
800 N. Shoreline Blvd., Suite 2700S
Corpus Christi, TX 78401
* DELIVERED VIA E-MAIL *

Mr. Bradley Wayne Snead
Wright & Close LLP
One Riverway, Suite 2200
Houston, TX 77056
* DELIVERED VIA E-MAIL *

Ms. Rose R. Vela
Law Offices of Rose Vela
3000 Central Blvd., Suite 7
Brownsville, TX 78520
* DELIVERED VIA E-MAIL *

Mr. David Funderburk
Funderburk Funderburk Courtois LLP
2777 Allen Parkway, Suite 1000
Houston, TX 77019
* DELIVERED VIA E-MAIL *

Honorable Rodolfo Delgado
Judge, 93rd District Court
100 N. Closner, 2nd Floor
Edinburg, TX 78539
* DELIVERED VIA E-MAIL *

Mr. Juan J. Hinojosa
The Hinojosa Law Firm PC
612 Nolana, Suite 410
McAllen, TX 78504
* DELIVERED VIA E-MAIL *

Mr. Rene Ramirez
Rene Ramirez Law PLLC
2918 S. Jackson Road Suite 200
McAllen, TX 78503
* DELIVERED VIA E-MAIL *

Mr. Pierce Cox
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, TX 77056-1988
* DELIVERED VIA E-MAIL *

RE:  Case Number: 17-0818
      Court of Appeals Number: 13-17-00521-CV
      Trial Court Number: C-1269-16-B

ATTACHMENT 1



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

Style: IN RE VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A
NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC.

Dear Counsel:

The Supreme Court of Texas granted Relators' Amended Emergency Motion for Temporary Relief and issued the attached stay order in the above-referenced case. The Court requests that real parties in interest file a response to the petition for writ of mandamus in the above-referenced case. The response is due to be filed on **November 15, 2017**. **PLEASE NOTE** pursuant to TEX. R. APP. P. 9.2(c)(2) all documents (except documents submitted under seal) must be e-filed through eFileTexas.gov. You may file up to midnight on the due date.

Sincerely,

Blake A. Hawthorne, Clerk

by Claudia Jenks, Chief Deputy Clerk

cc:   Mr. Patrick Blanton (DELIVERED VIA E-MAIL)
      Mr. John W. Slates (DELIVERED VIA E-MAIL)
      Mr. Esteban Delgadillo (DELIVERED VIA E-MAIL)
      Mr. Keith N. Uhles (DELIVERED VIA E-MAIL)
      District Clerk Hidalgo County (DELIVERED VIA E-MAIL)
      Ms. Dorian E. Ramirez (DELIVERED VIA E-MAIL)
      Mr. Christopher C. Franz (DELIVERED VIA E-MAIL)
      Mr. Stephen Bolline II (DELIVERED VIA E-MAIL)
      Ms. Jessica Z. Barger (DELIVERED VIA E-MAIL)
      Mr. Andrew McCluggage (DELIVERED VIA E-MAIL)
      Mr. Gil P. Peralez (DELIVERED VIA E-MAIL)
      Ms. Diane Sweezer (DELIVERED VIA E-MAIL)

FILE COPY

# IN THE SUPREME COURT OF TEXAS

No. 17-0818

IN RE VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC.

ON PETITION FOR WRIT OF MANDAMUS

**ORDERED:**

1.    Relators' amended emergency motion for temporary relief, filed October 30, 2017, is granted.    The trial court order issued October 24, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the trial court order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel, in Cause No. C-1269-16-B, styled *VCC, LLC v. Pharr-San Juan-Alamo Independent School District*, in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court.

2.    The real parties in interest are requested to respond to relator's petition for writ of mandamus on or before November 15, 2017.

3.    The petition for writ of mandamus remains pending before this Court.

Done at the City of Austin, this October 31, 2017.

BLAKE A. HAWTHORNE, CLERK
SUPREME COURT OF TEXAS

BY CLAUDIA JENKS, CHIEF DEPUTY CLERK

# Tab 7

**VCC, LLC's Response to Pharr-San Juan-Alamo Independent School District's Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting**

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURTS |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| **Defendant.** | § | 93RD JUDICIAL DISTRICT |

**VCC, LLC'S RESPONSE TO PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S MOTION TO ENTER THE PROPOSED FOURTH AMENDED DISCOVERY CONTROL ORDER AND TRIAL SETTING**

NOW COMES VCC, LLC ("VCC") and files its Response to Pharr-San Juan-Alamo Independent School District's ("PSJA") Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting for the Southwest Early College High School (the "Motion"), and in support thereof respectfully shows the Court as follows:

**I.     Entering the Proposed Fourth Amended Discovery Control Order Would Violate the Texas Supreme Court's Stay of Proceedings in this Lawsuit.**

On October 31, 2017, the Texas Supreme Court issued its Order (the "Order"), ordering the following:

1. Relators amended emergency motion for temporary relief, filed October 30, 2017, is granted. The trial court issued October 24, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the trial court issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel, in Cause No. C-1269-16-B, styled *VCC, LLC v. Pharr-San Juan Alamo Independent School District,* in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court.

2. The real parties in interest are requested to respond to relator's petition for writ of mandamus on or before November 15, 2017.

3. The petition for writ of mandamus remains pending before this Court.

A true and correct copy of the Order is attached hereto as Exhibit A and incorporated herein by reference.

VCC and the other Relators filed their Amended Emergency Motion for Temporary Relief (the "Motion for Temporary Relief") with the Texas Supreme Court on October 29, 2017, requesting relief in the form of a stay from the following deadlines: (a) the November 17 discovery deadline; (b) the November 27 trial setting; (c) the October 25 order regarding the 49 million emails; and (d) *any further ruling by the trial court regarding deadlines* until the Texas Supreme Court has had time to rule on the merits of the mandamus petition. A true and correct copy of the Motion for Temporary Relief is attached hereto as Exhibit B and incorporated herein by reference.

The Order states that "Relators' amended emergency motion for temporary relief, filed October 30, 2017, is granted." The Order grants **all** relief requested in the Motion for Temporary Relief, without qualification – including a stay of any further rulings by the trial court regarding deadlines. Thus, this Court is without jurisdiction to enter a new Discovery Control Order and Trial Setting. If the Court enters the Fourth Amended Discovery Control Order or makes any further rulings on deadlines or trial settings in this lawsuit, it would be doing so in violation of the Texas Supreme Court's Order, and any such ruling would be void. Therefore, PSJA's Motion to Enter the Proposed Fourth Amended Discovery Control Order and Trial Setting for the Southwest Early College High School should be denied.

II.     **Additionally, a February 2018 Trial Setting Won't Cure the Prejudice Suffered by the Non-PSJA Parties From PSJA's Email Production.**

Even though the Court does not have jurisdiction and would be violating the Texas Supreme Court's stay by moving the trial date, a trial date in 2018 will not cure the prejudice suffered by the Non-PSJA parties from the content and manner of PSJA's email production on top

of the hardships already caused by Hurricane Harvey, and the necessary depositions that will need to be taken and also re-taken after reviewing the emails.

### A. The Lead Up to the 49 Million Email Review.

As the Court is aware, VCC sent PSJA forty-six (46) requests for production of documents in May 2017. In total, the Court sustained PSJA's objections to forty-three (43) of the requests via orders signed on October 10, 2017 and October 25, 2017, many of which requests constitute basic discovery in this age of technology. Up until October 2017, PSJA failed to produce even a single email in response to any of VCC's requests for production. These emails might constitute the most critical pieces of evidence about what PSJA knew and did before, during, and after construction, and are also critical to the depositions that are still ongoing, many of which may need to be retaken once emails are produced. A true and correct summary of depositions taken to date is attached as Ex. C and is incorporated herein by reference.

VCC moved to compel PSJA to produce emails and, on September 25, this Court granted the motion and ordered the production of emails containing certain "search terms" by October 2. PSJA produced essentially no emails by October 2 (save approximately 100 emails, which consisted mostly of junk and spam emails). Instead, on October 3, PSJA wrote a letter to VCC's counsel indicating that it performed the searches and found over 49 million "Email Hits," but it was having trouble extracting the emails. A true and correct copy of PSJA's letter is attached as Ex. D and is incorporated herein by reference. VCC again approached the Court and filed another motion to compel the emails, as well as a separate motion to enforce and alternative motion for continuance. The Court granted that motion to compel. However, the order—which was signed on October 18—ordered the production by October 16, two days beforehand. Again though, PSJA

produced nothing, and the Court then orally denied the motion to enforce and alternative motion for continuance at a hearing on October 18.

VCC approached the Court yet again about the issue at the next weekly hearing on October 25, and the Court ordered that VCC would have to physically go to the PSJA's offices and conduct a review the 49 million "email hits" during business hours, which review began on October 30, 2017 – less than a month before the original November 28, 2017 trial date. VCC contacted PSJA to arrange for review of its emails in a good faith attempt to comply with the Court's order noting the prejudice it was suffering by reviewing 4 million emails a day in order to meet the November 27, 2017 trial setting at the time. A true and correct copy of VCC's letter is attached as Ex. E and is incorporated herein by reference. PSJA responded on October 26, 2017 providing sign-up sheets to the parties for computers and could not guarantee that emails would be loaded on the computers. A true and correct copy of PSJA's email is attached as Ex. F and is incorporated herein by reference.

### B.     The Email Inspection

Despite the impossibility of the situation created by the Court's order combined with PSJA's email production, VCC's counsel nonetheless sent an associate from its law firm and a technology consultant to PSJA's offices on October 30, 2017 and October 31, 2017 in a good-faith attempt to abide by the Court's order and conduct some sort of fruitful email review. Unfortunately, the situation PSJA provided for the email review made an already impossible task even more untenable. The prejudice created by the content and manner of PSJA's email production is set forth at length in VCC's Information Technology Consultant's affidavit, a true and correct copy of which is attached as Exhibit G and incorporated herein by reference.

When VCC's representatives initially arrived at the PSJA administration building on October 30, Hector Rodriguez ("Rodriguez"), PSJA's email archive director, directed them to a bus in the parking lot of the administration building to conduct the email inspection, which required computers inside the bus to connect remotely to the email archive server via a wireless connection. This setup was undoubtedly the slowest and least efficient way to conduct the review process, and it severely restricted connectivity and load times of individual emails. Ex. G at ¶5. Given that the email inspection began on October 30 with a looming trial date of November 28 (prior to the Texas Supreme Court's stay of the trial date), this was clearly yet another attempt by PSJA to thwart VCC's and other parties' attempts to conduct a meaningful review of any email communications prior to November trial date.

Not only were VCC's representatives operating on a bus in the parking lot with limited connectivity, perhaps even more egregiously, PSJA produced over 49 million records for the parties to review. Rather than limiting its search of email addresses to only relevant record custodians, PSJA instead searched email archives of approximately 6,000 email addresses within its network, including all students and teachers at other schools. *Id.* at ¶3. PSJA did not search for emails responsive to VCC's requests for production. This flawed search method is what resulted in the astonishing 49 million "email hits" for the non-PSJA parties to review, many of which were completely non-responsive to any of VCC's requests for production. *Id.* At the time the email review began, the parties were given a timeframe of approximately one month to review all 49 million records prior to trial. This was clearly an impossible feat to accomplish as it would require review of over 1.5 million emails per day leading up to trial. A trial date in 2018 still fails to provide adequate time for the parties to conduct any meaningful review of the emails and would not cure the prejudice created by PSJA's email production.

Given the number of records produced and the remote wireless connection, email load times and connectivity were severely impacted. *Id.* at ¶6. On October 30, emails took an average of approximately fifteen seconds per email to load for review, and in some cases took upwards of three minutes for a single email to load for review. *Id.* At that rate, it would take a team of seventy people reviewing records for eight hours a day for 365 straight days to complete a review of 49 million records in one calendar year. *Id.*

In addition to the connectivity and loading issues, the software provided by PSJA was an email archive software that is not intended for use to conduct such a large-scale document review. *Id.* at ¶4. VCC was not provided with any function to search the emails by keyword, email address, custodian, or otherwise. *Id.* Instead, the only method of review was to sort emails by date (either newest-to-oldest or oldest-to-newest) and literally review each email individually, the majority of which were junk emails or completely non-responsive to VCC's requests. *Id.* While the provided software did have the capability to sort records by subject matter or author, PSJA did not build these data tables prior to the email inspection beginning, rendering this capability useless. *Id.* If a reviewer did desire to sort the emails by subject or sender, it would take days, or even weeks potentially, for the software to build such a data table and sort the emails in these manners. *Id.* Given that the very nature of PSJA's search method resulted in a vast number of "email hits" being non-responsive, and the review capabilities given to a user, any user is being forced to literally sift through millions of either non-responsive or junk emails, only to hope to every once in a while find the proverbial "needle in the haystack" responsive email.

Even Rodriguez admitted that PSJA's search format was inefficient and ineffective, and rendered the email production virtually useless to any reviewing party. *Id.* at ¶3. Rodriguez further admitted that PSJA's technology systems had the capability to search and sort emails by custodian,

or in any other manner requested by VCC, or any other party, that would be considered in the normal course of litigation in this age of technology. *Id.*

Texas Rule of Civil Procedure 196, comment 3 provides that a responding party must produce documents in a "reasonably useable form." As is clear, PSJA did not, and to date has not, provided emails in a reasonably useable form, and PSJA has wholly failed to live up to its discovery obligations under the Rules. PSJA's continued efforts to skirt its discovery obligations to this point has made a 2018 trial date effectively impossible. The Court does not have jurisdiction and would violate the Texas Supreme Court's stay by granting PSJA's Motion for Entry of the Fourth Amended Discovery Control Order and Trial Setting. And even if the Court did have jurisdiction, a trial date in 2018 would not cure the prejudice suffered by the non-PSJA parties from PSJA's email production on top of the hardships already caused by Hurricane Harvey, and the necessary depositions that will need to be taken and also re-taken after reviewing the emails.

<div align="center">

**PRAYER**

</div>

WHEREFORE, for the reasons stated herein, VCC respectfully requests that the Court deny PSJA's Motion for Entry of the Fourth Amended Discovery Control Order and Trial Setting. VCC further requests all other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**SLATES HARWELL LLP**

By: */s/ Patrick E. "Gene" Blanton*
Patrick E. "Gene" Blanton
State Bar No. 24058209
gblanton@slatesharwell.com
Stephen C. Bolline II
State Bar No. 24069396
sbolline@slatesharwell.com
1700 Pacific Avenue, Suite 3800
Dallas, Texas 75201-4761
Tel: (469) 317-1000
Fax: (469) 317-1100

**PERALEZ FRANZ LLP**
1416 W. Dove Ave.
McAllen, Texas 78504
Telephone: 956.682.3660
Facsimile: 956.682.3848
E-Service: service@peralezfranzlaw.com

By: */s/ Gil P. Peralez*
Gil P. Peralez
State Bar No. 00791426
Chris Franz
State Bar No. 00792514

**ATTORNEYS FOR VCC, LLC AND
VRATSINAS CONSTRUCTION COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was forwarded on this the 9th day of November, 2017 to all counsel of record.

*/s/ Patrick E. "Gene" Blanton*
Patrick E. "Gene" Blanton

---

FILE COPY

# IN THE SUPREME COURT OF TEXAS

No. 17-0818

IN RE VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A
NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC.

ON PETITION FOR WRIT OF MANDAMUS

**ORDERED:**

1.      Relators' amended emergency motion for temporary relief, filed October 30, 2017, is granted.   The trial court order issued October 24, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the trial court order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel, in Cause No. C-1269-16-B, styled *VCC, LLC v. Pharr-San Juan-Alamo Independent School District*, in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court.

2.      The real parties in interest are requested to respond to relator's petition for writ of mandamus on or before November 15, 2017.

3.      The petition for writ of mandamus remains pending before this Court.

Done at the City of Austin, this October 31, 2017.

BLAKE A. HAWTHORNE, CLERK
SUPREME COURT OF TEXAS

BY CLAUDIA JENKS, CHIEF DEPUTY CLERK

EXHIBIT A

NO. 17-0818-CV

_____

IN THE SUPREME COURT OF TEXAS

_____

In Re VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A
NATO GARCIA COMPANY, AND PHI SERVICE AGENCY, INC., *Relators*

_____

From the 93rd Judicial District Court of Hidalgo County, Texas,
Cause No. C-1269-16B,
Hon. Rudy Delgado, presiding

_____

**AMENDED EMERGENCY MOTION FOR TEMPORARY RELIEF
ARISING FROM *HURRICANE HARVEY***

_____

TO THE HONORABLE THE SUPREME COURT OF TEXAS:

Relators file this Amended Emergency Motion for Temporary Relief Arising

from **Hurricane Harvey**. *See* TEX. R. APP. P. 52.10(a). Since Relators filed their

original motion on October 6, the situation in Hidalgo County has gone from bad

to worse. The same harm remains from Harvey and there is still insufficient time to

take all necessary depositions. Now the trial court has issued a series of discovery

orders further crippling Relators' ability to have a fair trial. Most notably, the trial

court just ruled that Relators must go to the School District's office to physically

sift through *49 million* emails (or else get none). That is set to begin Monday,

October 30; the discovery deadline is now November 17; trial starts November 27.

*Relators ask the Court to intervene soon, and by Monday if at all possible*.

<span style="color:red">EXHIBIT B</span>

## IDENTITY OF THE PARTIES

Relators are VCC, LLC, Vratsinas Construction Co., Nato Garcia, and PHI Service Agency, Inc., the general contractor, its affiliate, and two subcontractors on the school construction projects at issue.

Real Party in Interest is Pharr-San Juan-Alamo Independent School District.

## THE REQUEST FOR TEMPORARY RELIEF

Relators previously filed their Petition for Writ of Mandamus on October 6, 2017 with their original emergency motion for temporary relief. The mandamus concerns the trial court's rulings on September 18, 25, and 28, 2017 denying various motions for continuance filed by Relators based both on Hurricane Harvey and general litigation reasons.[1] Relators asked the trial court to continue the October 30 trial setting to the "back-up" trial date of February 5, 2018, or beyond. The trial court refused. After Relators filed a mandamus petition in the Corpus Christi Court of Appeals, the trial court *sua sponte* reconsidered its ruling and granted a brief continuance to November 27, the Monday after Thanksgiving. The trial court has recently set a new discovery deadline of November 17. Depositions are still ongoing. The review of 49 million emails begins Monday, October 30.

---

[1] If the Court requests briefing on the merits, Relators will also challenge several recent discovery rulings (and yet another denial of a motion for continuance) issued since October 6. While a party must usually present issues first to the court of appeals, Relators will raise them here for purposes of judicial efficiency, just like the Relator in *In re M-I L.L.C.*, 505 S.W.3d 569 (Tex. 2016).

Relators request that this Court grant temporary relief in the form of a stay of (1) the November 17 discovery deadline; (2) the November 27 trial setting; (3) the October 25 order regarding the 49 million emails; and (4) any further ruling by the trial court regarding deadlines.[2]

## BACKGROUND[3]

### I.      Procedural background.

The underlying lawsuit involves a dispute over the construction of two schools—Jaime Escalante Middle School and Southwest Early High School—in the Pharr-San Juan-Alamo Independent School District. The School District hired VCC as the general contractor to construct both schools.[4] VCC, in turn, hired Nato Garcia, PHI Service, and many other subcontractors to do the work.

> **A.      The case starts out relatively simple in 2016. VCC files suit for $64,000 and the School District counterclaims for $1 million.**

VCC filed its original petition against the School District on March 18, 2016. (MR Tab 1) It was a simple $64,000 collection action for payment on the construction project. (*Id.*) The School District filed a counterclaim six months later

---

[2]   In their mandamus petition, Relators seek a writ directing the trial court to grant a continuance to the February 5, 2018 back-up trial date. Given everything that has transpired in the last three weeks, even that date may not be enough. But the most important thing is to stay what is currently happening in Hidalgo County.

[3]   Citations are to documents attached as "Tabs" to the Mandamus Record, and will be referenced as "MR Tab __ at __." The transcripts of the relevant hearings, and exhibits introduced at those hearings, can be found in MR Tabs 134–39. Citations to specific pages in the exhibits will reference the PDF page number.

[4]   Vratsinas Construction Company is affiliated with but a separate legal entity from VCC.

3

(on September 21, 2016) against VCC and 28 of its subcontractors, including Relators Nato Garcia and PHI Service. (MR Tab 3) Its counterclaim generally alleged damages in excess of $1 million, but did not provide any details as to what type of damages the School District believed to be at issue. (*Id.*)

**B. The case becomes massive in January 2017 when the School District reveals a $48 million damage model via 70 expert reports.**

It was not until January 27, 2017 that the School District revealed the true nature of its claims. (MR Tab 110 at 2) It produced 37 expert reports for the High School and 33 expert reports for the Middle School (MR Tab 137 at 158, 184), consisting of several hundred pages. (*See, e.g.*, MR Tab 136 at 111 through MR Tab 137 at 132) The voluminous and detailed reports revealed for the first time what type of construction defects the School District alleged to be at issue. (*See, e.g.*, MR Tab 136 at 111 through MR Tab 137 at 132) The allegations are massive in scope, including complaints about almost every part of the structure of the schools, ranging from the roof, walls, and HVAC units to even the track and tennis courts outside. (*See id.*) The reports also revealed that the School District seeks an astonishing $48 million in damages, the majority of which relate to the alleged "cost of repairs" to the High School. (*See* MR Tab 136 at 111 through MR Tab 137 at 132)

**C.    The expert reports also reveal that the School District had been investigating and preparing its claim since 2015.**

The substance of the reports was not the only important revelation in the expert reports. They also revealed that the School District had hired its experts as early as 2015, and that the experts had conducted site visits as early as May 16, 2016. (MR Tab 136 at 112; MR Tab 138 at 191) The experts conducted additional site visits on June 20, October 6, November 30, 2106, as well as on January 9, 2017. (MR Tab 136 at 112) In other words, the School District had been investigating these claims and preparing this case for litigation many months before it filed its counterclaim, and even about eight months before VCC filed its original petition. In the meantime, the schools had been open for approximately six years without a single alleged day of closure due to any issue with the building. Neither VCC nor any of the subcontractors had any idea something might be wrong with the schools.

**D.    The trial court issues a scheduling order in March 2017; VCC files a third-party petition in April; Nato Garcia appears in June.**

Following these revelations, the parties went before the trial court in March 2017 to address scheduling. (MR Tab 109 at 2) The School District also moved the trial court to try the Middle School and High School claims separately. (MR Tabs 26, 29) Nato Garcia was not part of this hearing, as it had not yet appeared.

5

As a result of the hearing, the trial court granted the motion for separate trials, and issued a scheduling order specific to the High School claims. (MR Tab 88) (App Tab 5) Notably, the trial court set the deadline to join additional parties as April 7, expert deadlines for various parties between July and September, the discovery deadline as September 15, and the trial date as October 30 (with a "back-up" trial date of February 5, 2018). Except for the School District, counsel for *all* parties (not just Relators) objected to the expedited schedule. In other words, despite the fact that the School District had investigated its claims and hired experts since 2015, the trial court gave Relators a six-month discovery window (and even less for Nato Garcia).

Nevertheless, pursuant to the trial court's scheduling order, VCC filed a third-party petition on April 7 against many of the subcontractors in this litigation. (MR Tab 40) Many of those subcontractors likewise filed third-party claims against lower-tiered subcontractors. (*See* MR Tabs 33–36, 38, 51, 67, 70, 76, 95) These various third-party defendants started to appear and file answers during the summer and continued to do so even up through the mediation that took place on September 11. Due to service of process issues, Nato Garcia appeared for the first time on June 19 when it filed its original answer to the claims asserted by both the School District and VCC. (MR Tab 93)

### E. Depositions begin at a break-neck pace.

The parties began taking depositions on May 19. They started with the depositions of several employees of the School District, including the custodians and maintenance personnel who walk the High School daily. By mid-August, the parties had taken 36 depositions, at a rate of several a week, and at times several a day. (*See* MR Tab 1 at 35; MR Tab 135 at 78, 138; MR Tab 137 at 142–46, 158) This in addition to the production of hundreds of thousands of documents and nearly 100 expert reports. The parties worked literally to the point of exhaustion.

### F. Relators file motions for continuance, both pre- and post-Harvey.

Relators each filed various motions for continuance pre-Harvey. (MR Tabs 75, 96, 109, 134 at 24) The trial court denied the pre-Harvey motions at a hearing on August 21. (MR Tab 134 at 35) Four days later, Hurricane Harvey hit the Texas shore. During the aftermath of the storm, Relators filed additional motions for continuance, on September 13, based on Hurricane Harvey in addition to the general litigation reasons. (MR Tabs 109, 110, 116, 117)

## II. The trial court's Hurricane Harvey continuance hearings regarding the October 30 trial setting.

This original proceeding arises out of a series of rulings made by the trial court at hearings on September 18, 25, and 26. Each hearing is significant.

7

## A.      The September 18 hearing: denial of motions for continuance.

The trial court first heard Relators' Hurricane Harvey motions for continuance on September 18. Counsel for Nato Garcia and PHI Service began by explaining that their law firms are in buildings that were flooded as a result of the hurricane. (MR Tab 135 at 16, 18) Specifically, Thompson, Coe, Cousins & Irons, LLP (which represents Nato Garcia) has its office in the One Riverway building near the Omni Hotel. (*Id.* at 16) Funderburk Funderburk Courtois, LLP (which represents PHI Service) has its office in one of the AIG office buildings along Allen Parkway. (*Id.* at 18) Counsel introduced pictures of their office buildings as exhibits. Here is a picture taken of Riverway complex and the Omni Hotel:



(MR Tab 116 at Ex. B-1) Both buildings were without power and closed indefinitely. (MR Tab 135 at 16, 18)

Counsel for Nato Garcia also explained that, during the aftermath of the storm, instead of reviewing documents or taking depositions, he was cutting up floors at his brother-in-law's house and mucking homes of three strangers affected by the flooding in Houston. (*Id.* at 35–36; MR Tab 137 at 227–31) In fact, a number of depositions were scheduled during that time but were either quashed or cancelled. (*See, e.g.*, MR Tab 135 at 108–09, 112, 115, 118, 269, 317; MR Tab 137 at 227–32, 243, 254–55) No depositions were taken for 32 days.

Since the storm, both law firms opened up temporary office space, with many of their lawyers working from home. Here is what Thompson Coe's temporary office looked like:



(MR Tab 116 at Ex. B-2) To sum it up, counsel for Nato Garcia explained: "I want a continuance because my people can't work. . . . we're struggling to get back on our feet." (MR Tab 135 at 38–40) Counsel for PHI Service likewise said: "We

have the same issues. Again we have no idea when we're going to have power to our building." (*Id.* at 40) The trial court denied the motions for continuance. (MR Tab 135 at 87, 91–93)

**B.    The September 25 hearing: denial of motions for reconsideration.**

Following the September 18 hearing, Relators filed a mandamus petition and emergency motion for temporary relief in the Corpus Christi Court of Appeals. In the meantime, Relators also filed motions for reconsideration in the trial court, and set them for hearing on September 25. (MR Tabs 128, 130, 132) At the hearing, the trial court brought up the idea of moving the trial date to November. (MR Tab 138 at 14–16) Counsel for Nato Garcia argued that—in addition to the ongoing hardship—a short extension to November was still untenable. (*Id.* at 52) Relators collectively identified and described more than 40 additional necessary depositions. (MR Tab 109; MR Tab 128; MR Tab 138 at 17; MR Tab 132; MR Tab 138 at 20, 23) Counsel for Nato Garcia also reaffirmed that "Thompson Coe's Houston office continues to operate in a temporary space for an indefinite amount of time. We don't know when we're going to be back in our building with access to our resources." (MR Tab 138 at 52–53) He explained: "[W]e're not operating at full capacity and we're not able to bring ourselves on line to get to the point that we were at before the storm." (*Id.* at 53)

Counsel also gave a practical example of the problems he faces. Nato Garcia just recently retained expert witnesses, and the only time its counsel could schedule a site inspection with the expert before the October 30 trial setting was during the last week of September. (*Id.* at 54) However, the parties had scheduled the first post-Harvey depositions during the same week, so counsel was forced to choose between attending site visits with the experts and attending depositions. (*Id.*) As a result of the trial schedule and the impact on his firm, he is "doubling up or tripling up or quadrupling up on activities," and "it's just not possible to be in all of those places doing all of those things at the same time." (*Id.* at 54–55)

The trial court again denied the motion for continuance. (*Id.* at 57)

## C. The September 26 hearing: *sua sponte* reconsideration and a brief continuance to November 27.

The following day, the trial court held another hearing on discovery matters. But before getting to those issues, the trial court announced *sua sponte* that it had reconsidered the motions for continuance. (MR Tab 139 at 12–13, 52) It still refused to continue the first trial setting to the "back-up" date of February 2018 stated on the existing Discovery Control Order, but it decided to grant a brief continuance to November 27—the Monday following Thanksgiving—with jury selection on November 28. (*Id.* at 12–13, 15)

11

**III.** **The mandamus proceedings.**

After the trial court reconsidered its ruling at the September 26 hearing and granted a short continuance, the Corpus Christi Court of Appeals issued a four-page memorandum opinion, on September 28, denying all relief requested. (App Tab 4) Relators then filed a Petition for Writ of Mandamus and Emergency Motion for Temporary Relief in this Court on October 6, 2017.

**IV.** **The trial court sets a new discovery deadline—November 17.**

As Relators mentioned in their mandamus petition, there have been a number of ongoing discovery fights, discussed in more detail below. With respect to the deadlines, the trial court just issued a new docket control order, on October 24. (App Tab 19) Trial is still set for November 27 with a back-up trial date of February 5, 2018. The discovery deadline is now November 17.

**V.** **The trial court's recent discovery rulings and the required physical inspection of <u>49 million</u> emails, beginning on Monday, October 30.**

In the meantime, the trial court has issued a series of orders, following weekly hearings, essentially granting all relief requested by the School District and denying all relief requested by Relators. (App Tabs 9–15) Specifically, VCC sent the School District 46 requests for production in May 2017. In total, the trial court has sustained the School District's objections to 43 of the requests via several orders signed on October 10 and October 25. (*See id.*) Here is just one example of a request for basic discovery to which the trial court sustained an objection:

(App Tab 10)

VCC believes that many if not all of these rulings constitute an abuse of discretion and will include challenges to some of them in this original proceeding should the Court ask for briefing on the merits. But there is one particular ruling regarding electronical discovery that stands out from the rest and relates directly to the need for a continuance.

During this litigation, the School District has literally producing nothing in the form of emails, despite being requested back in May 2017 (making the emails originally due in June). This is basic discovery in the modern era, and might be the most critical piece of evidence about what the School District knew and did in 2010 when the schools were built. They are also critical to the depositions that are currently ongoing, many of which will need to be re-taken once the emails are finally produced.

VCC moved to compel the School District to produce emails and, on September 25, the trial court finally granted the motion and ordered the production of emails containing certain "search terms" by October 2. (MR Tab 138 at 82) The School District produced nothing (save about 100 emails, mostly consisting of junk email). Instead, on October 3, the School District wrote a letter to VCC's counsel indicating that it performed the searches and found over 49 million "Email Hits,"

but it was having trouble extracting the emails. (App Tab 20) VCC again approached the trial court and filed another motion to compel the emails, as well as a separate motion to enforce and alternative motion for continuance. (App Tab 18) The trial court granted the motion to compel. (App Tab 17) However, the order—which was signed on October 18—ordered the production by October 16, two days beforehand. (*Id.*) The School District produced nothing. Likewise, the trial court orally denied the motion to enforce and alternative motion for continuance at a hearing on October 18. (Excerpt attached as App Tab 21)

VCC approached the trial court yet again about the issue at the next weekly hearing on October 25. The trial court again refused to do anything. Instead, it said that if VCC wanted the emails, it would have to physically go to the School District's offices and review the 49 million emails during business hours. (Hearing transcript requested) That inspection is set to begin on Monday, October 30. (*See* Proposed Order, attached as App Tab 22)

Given the November 17 discovery deadline, VCC will have 15 days to review 49 million emails—more than three million per day. In addition, VCC is not the only party entitled to review the documents. All parties have been invited, which will further complicate the already impossible task. (*See* App Tab 24) The School District has also created a "sign up" list, along with a very specific

protocol. (*See* App Tab 25) Again, all of this will *begin* less than 30 days before trial and about two weeks from the end of the new discovery deadline.

It is also worth highlighting that the School District could have produced relevant documents long ago and avoided this current situation.[5] At the October 25 hearing, counsel for VCC walked through VCC's original requests for production with the School District's representative in charge of information technology, Hector Rodriquez. (*See* App Tab 26) He confirmed that he could have produced responsive emails much more easily based on the language in the requests and that it would not have been overly burdensome to do so. (*Id.* at 4–7) But as it stands, the School District refused to do so and the trial court ordered VCC to give the School District "search terms" to use in the email database. VCC provided the School District with 160 terms as an aid to search for the documents. That is what alleged resulted in the 49 million "Email Hits."

<div align="center"><b>THE NEED FOR TEMPORARY RELIEF</b></div>

This Court is well-aware of Hurricane Harvey. Not only did the storm affect friends and family of almost everyone in the region, law firms representing two of the Relators (Nato Garcia and PHI Service) were physically displaced. The law firm in the AIG building has been told that its building will not re-open until

---

[5] To give the Court additional context, the School District gave all parties it sued a "Welcome Packet" with documents it believed were relevant to the lawsuit. The School District has resisted the production of any other documents via the ordinary discovery process.

December 18. (App Tab 6) The other law firm in the One Riverway building was told that its building is set to re-open on October 2, and the building quickly issued a subsequent bulletin pushing that date back again. (App Tabs 7, 8) The law firm finally moved back the week of October 16. But since then, the building has been operating on "generator power," with limited hours of operation, and tenants were warned to "plan around outages" (App Tab 8), which has occurred at least once a week. The building management does not know when full power will be restored. The latest projection is January 2018.

To make matters worse, as shown above, this case has been fast tracked. And Hurricane Harvey came at the worst possible time, right before the end of the discovery period. Again, this is a massive school construction-defect case with over 40 parties. These cases typically take 18–24 months to litigate once the scope of defective work has been identified. But here, it has been about nine months since the School District revealed that it was seeking an astonishing $48 million in damages; there was a six-month discovery window; Nato Garcia appeared just four months ago. When Relators filed their original emergency motion on October 6, they needed about 40 more depositions. They have taken nine since then (*see* App Tab 23), so the remaining number is around 30. As things stand, Relators will be forced to pick and choose which depositions to do in the limited amount of remaining time, and will be forced to forego necessary depositions.

Now, on top of all of this, the trial court has issued a series of discovery rulings that have decidedly tilted the playing field in favor of the local school district and against Relators and all of the other subcontractors. The trial court has denied basic discovery, such as "any communications regarding a warranty" on the schools. And while it ordered the School District to produce emails, it refused to enforce that ruling, and is now making counsel for VCC—and many other parties—physically sift through 49 million emails at the School District's office. That is set to begin tomorrow, Monday, October 30. Even if it were humanly possible to review that many emails between now and the new discovery deadline of November 17, it affords Relators no time to analyze those emails, show them to their experts, or re-depose any witnesses.

In summary, the trial court's deadlines and trial setting were already untenable. Hurricane Harvey made those deadlines impossible. Two law firms are still suffering ongoing hardship as a result of the storm. A four-week continuance to the Monday after Thanksgiving is no relief at all. And now the trial court's discovery rulings have stacked the deck in favor of the School District, especially in light of the compressed schedule.

Granting a stay of the discovery deadline and the trial setting—and ultimately granting mandamus relief—will cure much of this harm. It will allow the affected law firms fully recover from the storm. It will allow the parties to

complete the necessary depositions and to review and process the millions of emails. In contrast, granting a stay will not prejudice the School District. The schools are still operational and have not shut down for a single day. They are not operating out of temporary space. Nor has the School District given even a single reason why the case cannot be pushed back to February. In fact, a school board member testified on September 26 that he had no problem pushing the trial date back to February. He even said that, if the lawyers are "really affected by" the storm, he would agree to continue the trial to February. (MR Tab 139 at 17–18, 23)

The bottom line is that holding the parties to the current deadlines and trial setting is patently unreasonable, unfair, and unjust. There is literally no practical or public policy reason to justify the trial court's ruling, especially given the circumstances and this Court's Emergency Order.

## THE TRIAL COURT'S RULING IS AN ABUSE OF DISCRETION

As set out in Relators' Petition for Writ of Mandamus, the trial court abused its discretion by refusing to grant a "mandatory" continuance. *See In re Ford Motor Co.,* 165 S.W.3d 315, 322 (Tex. 2005) (orig. proceeding). It also abused its discretion by refusing to grant a discover-based continuance and by refusing to grant leave for Relators to file a third-party petition against a key consultant. It further abused its discretion in its recent discovery rulings, as well as by again denying Relators' motion to enforce and alternative motion for continuance.

Relators will not repeat all of the arguments here. But the case should begin and end with Hurricane Harvey and this Court's August 28 Emergency Order. When Relators showed ongoing hardship, a continuance was mandatory.

Mandatory continuances are rare but, when applicable, a trial court lacks any discretion. Some exist by statute. *See, e.g.*, *In re Ford Motor Co.,* 165 S.W.3d 315, 322 (Tex. 2005) (orig. proceeding) (**legislative continuance**); *In re Blank*, No. 01-13-00792, 2013 WL 5276108, at *1 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (**religious holy day**). Some exist by order from this Court. *See, e.g.*, *In re N. Am. Refractories Co.,* 71 S.W.3d 391, 393–94 (Tex. App.—Beaumont 2001, orig. proceeding) (**order approving local rule regarding attorney vacation letters**). A continuance in these circumstances is "mandatory and precludes the exercise of discretion that would otherwise reside with the court." *Id.*

The same reasoning applies here, and with even greater force. In response to Hurricane Harvey, this Court issued an Emergency Order on August 28 declaring that—

> all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and procedures—whether prescribed by statute, rule, or other—in any case, civil or criminal.

Emergency Order, Misc. Docket no. 17-010 (Tex. August 28, 2017) (App Tab 1). The Court extended the Order for another 30 days on September 26. (App Tab 2) This Order is unanimous and mandatory.

19

This case is not about a legislator missing a deposition, a deadline falling on Good Friday, or a vacation. This is about an entire region recovering from a disaster. During the days after the storm, the Houston lawyers were mucking houses and helping neighbors, not reviewing discovery or reading deposition transcripts. All litigation stopped. Two law firms were indefinitely displaced. One is still displaced and the other just moved back into an office on generator power with weekly power outages.

A couple of personal examples from the undersigned appellate counsel may help illustrate the hardship. His law firm is also in the One Riverway building. Between August 25 and the beginning of October, he had been in his office twice. Both times without power. Both times wearing a mask while walking through the flooded basement to get to the stairwell. Both times climbing 22 flights of stairs, using a flashlight, without air conditioning, just so he and his co-workers could bring down servers and necessary files. Moreover, his lawyers and staff attempted to re-enter the building on October 2 pursuant to the building bulletin. Initially, they could only use the freight elevator and, once they got inside their office, Wi-Fi was not working and there was no server access. Subsequently that same day, the building announced that all elevators would be shut down at 6:00 pm each evening until further notice. The next day, the building abruptly shut down *all* elevators at around noon and sent out an "Urgent" email telling people who cannot

walk down 22 flights of stairs to take the final elevator going down at 1:00 pm. There was no elevator access the rest of the week.

Things have somewhat returned to normal over the last two weeks, but the building is still on generator power with limited operating hours and occasionally power outages. For example, while beginning to draft this amended motion on Thursday, October 26, the power went out at about 3:00 pm and remained out through the weekend. As a result, the undersigned's law firm lost server access and his legal assistant could not access the documents to attach in the Appendix. Power and server access briefly returned Saturday evening, before going out again.

These sorts of issues make it difficult for an appellate lawyer to complete work in a timely manner. But to trial counsel working up a massive construction-defect case for a jury trial, while also attending dozens of depositions, disruptions like this are monumental. The trial court seemed to believe that the Hurricane Harvey impact was limited to a temporary pause in litigation, cured by a brief four-week continuance to November 27. That is simply not so. There is legitimate and significant ongoing hardships caused by an 800-year storm ongoing hardship. This Court's Order is mandatory. The trial court clearly abused its discretion.[6]

---

[6] As mentioned above, the trial court also committed "other error" by denying Relators' motion for leave to file a third-party petition and in its series of discovery rulings. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding).

## THE RULING CANNOT BE REMEDIED LATER

A stay of the trial court's deadlines and deadline-related hearings is the only way to preserve the status quo and protect the parties below, as well as the jurisdiction of this Court to rule on the mandamus petition. *See Valley Baptist Med. Ctr. v. Ester*, 33 S.W.2d 821, 821–22 (Tex. 2000).  Here, Relators are not seeking a stay of all proceedings. They want to continue discovery, and they want to continue bringing substantive issues before the trial court. But unless a stay is granted, it will be impossible for Relators to conduct all necessary discovery at a reasonable pace, review and process the 49 million emails, and to fully prepare for and comply with all pre-trial and trial deadlines. Moreover, proceeding to trial will jeopardize this Court's jurisdiction by effectively mooting the relief Relators seek in their mandamus petition.

An appellate court may grant "any just relief pending the court's action on" a petition for writ of mandamus. *See* TEX. R. APP. P. 52.10(a)–(b). "A stay of the underlying proceedings prevents the parties and the respondent trial court from taking action in the case until they receive further orders from the appellate court." *In re Bates*, 429 S.W.3d 47, 53 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re Martinez,* 77 S.W.3d 462, 464 (Tex. App.—Corpus Christi 2002, orig. proceeding).

**CONCLUSION**

For all the reasons set forth herein and in their Petition for Writ of Mandamus, Relators VCC, LLC, Vratsinas Construction Co., Nato Garcia, and PHI Service Agency, Inc. respectfully request that this Court grant this Emergency Motion for Temporary Relief Arising from Hurricane Harvey. Relators further request a stay of the following until this Court has had an opportunity to rule on the merits of the mandamus petition: (1) the November 17 discovery deadline; (2) the November 27 trial setting; (3) the October 25 order regarding the 49 million emails; and (4) any further ruling by the trial court regarding deadlines.

Respectfully submitted,

WRIGHT & CLOSE, LLP

*/s/ Bradley W. Snead*
Jessica Z. Barger
State Bar No. 24032706
Bradley W. Snead
State Bar No. 24049835
One Riverway, Suite 2200
Houston, Texas 77056
Tel. 713.572.4321
Fax 713.572.4320
barger@wrightclose.com
snead@wrightclose.com

PERALEZ FRANZ, LLP
Gil P. Peralez
State Bar No. 00791426
Chris Franz
State Bar No. 00792514
1416 W. Dove Ave.

23

McAllen, Texas 78504
Telephone: 956.682.3660
Facsimile: 956.682.3848
service@peralezfranzlaw.com

SLATES HARWELL, LLP
Patrick E. "Gene" Blanton
State Bar No. 24058209
Stephen C. Bolline II
State Bar No. 24069396
1700 Pacific Avenue, Suite 3800
Dallas, Texas 75201-4761
Tel: (469) 317-1000
Fax: (469) 317-1100
gblanton@slatesharwell.com
sbolline@slatesharwell.com

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
Keith N. Uhles
State Bar No. 20371100
Esteban Delgadillo
State Bar No. 24087406
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370 (Facsimile)
keith.uhles@roystonlaw.com
Esteban.delgadillo@roystonlaw.com

*Attorneys for VCC, LLC*

And

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Pierce T. Cox*
Andrew J. McCluggage
State Bar No. 24065708
amccluggage@thompsoncoe.com
Pierce T. Cox

24

State Bar No. 24082186
pcox@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210; Fax: (713) 403-8299

*Attorneys for Nato Garcia d/b/a Nato Garcia Company*

And

FUNDERBURK FUNDERBURK COURTOIS LLP

BY: */s/ David Funderburk*
David Funderburk
dfunderburk@ffllp.com
State Bar No. 07547550
Diane Davis
ddavis@ffllp.com
State Bar No. 24053836
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

*Attorneys for P.H.I. Service Agency, Inc.*

25

## CERTIFICATE OF CONFERENCE

On October 5, 2017, I conferred with counsel for Real Party in Interest in person regarding the original emergency motion for temporary relief. Counsel was opposed to that motion and I assume he is also opposed to this amended motion.

/s/ Bradley W. Snead
Bradley W. Snead


## CERTIFICATE OF COMPLIANCE

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on October 6, 2017, I notified all parties by expedited means, via email, that a motion for temporary relief had been filed. All parties will likewise be notified of this amended motion with expedited means.

/s/ Bradley W. Snead
Bradley W. Snead

# CERTIFICATE OF SERVICE

I certify that on October 29, 2017, a true and correct copies of this document has been forwarded to all counsel of record and respondent electronically or via facsimile, pursuant to Rule 9.5 of the Texas Rules of Appellate Procedure and this Court's Local Rules:

Anthony F. Constant
800 N. Shoreline Blvd., Ste. 2700 South
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

Rene Ramirez
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
namirezlaw@me.com

Rose Vela
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com

Pruett Moore, III
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Juan "Chuy" Hinojosa
612 W. Nolana Ave. Ste. 410
MCAllen, Texas 78504
jjhinojosa@bizrgv.rr.com

*Attorneys for Pharr-San Juan-Alamo Independent School District*

The Honorable Rudy Delgado
Hidalgo County Courthouse
100 N. Closner
2nd Floor
Edinburg, Texas 78539
Rudy.Delgado@co.hidalgo.tx.us

*/s/ Bradley W. Snead*
Bradley W. Snead

27

# APPENDIX

Tab 1:   Texas Supreme Court August 28 Emergency Order

Tab 2:   Texas Supreme Court September 26 Extension Order

Tab 3:   The Thirteenth Court of Appeals' September 22 Order

Tab 4:   Thirteenth Court of Appeals' September 28 Memorandum Opinion

Tab 5:   Amended Discovery Control Order

Tab 6:   AIG Building Bulletin Update—September 25

Tab 7:   One Riverway Building Bulletin Update—September 29

Tab 8:   One Riverway Building Bulletin Update—October 3

Tab 9:   Order Denying VCC's Motion to Compel Warranty Documents—October 10

Tab 10:  Order Denying VCC's Motion to Compel Hail Documents—October 10

Tab 11:  Order Denying VCC's Motion to Compel Discovery Regarding the Design Team—October 10

Tab 12:  Order Denying VCC's Motion to Compel Discovery Regarding the Armko Industries, Inc.—October 10

Tab 13:  Order Sustaining PSJA Objections to Various Requests for Production—October 10

Tab 14:  Order on VCC's Motion to Compel Discovery Requests—October 25

Tab 15:  Order Sustaining PSJA Objections to Various Requests for Production—October 25

Tab 16:   Order Regarding Production of Electronic Discovery—October 10

Tab 17:   Order Granting VCC's Motion to Compel Emails—October 18

Tab 18:   Motion to Enforce and Alternative Motion for Continuance

Tab 19:   Third Amended Docket Control Order—October 24

Tab 20:   Letter from Anthony Constant regarding emails—October 3

Tab 22:   Proposed Order on Email Inspection

Tab 23:   Summary of Depositions taken since May 19, 2017

Tab 24:   Gene Blanton Letter to Anthony Constant regarding email inspection—October 25

Tab 25:   Anthony Constant Email regarding email inspections sign-up sheet

Tab 26:   Excerpt from Hector Rodriguez testimony at October 25 hearing

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 17-9091

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Misc. Docket No. 17-010

## EMERGENCY ORDER AUTHORIZING MODIFICATION AND SUSPENSION OF COURT PROCEDURES IN PROCEEDINGS AFFECTED BY DISASTER

**ORDERED** that:

1.      Hurricane Harvey struck the Texas coast on August 25, 2017. On August 23, 2017, Governor Abbott preemptively declared a state of disaster in 30 counties.[1] On August 26, 2017, Governor Abbott declared a state of disaster in 20 additional counties.[2]

2.      Court proceedings not only in those counties but throughout Texas may be affected by the disaster because of closures of courts and clerks' offices and difficulties with access, travel, and communication by lawyers, parties, and others.

---

[1] Those counties are: Aransas, Austin, Bee, Calhoun, Chambers, Colorado, Brazoria, DeWitt, Fayette, Fort Bend, Galveston, Goliad, Gonzales, Harris, Jackson, Jefferson, Jim Wells, Karnes, Kleberg, Lavaca, Liberty, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Waller, Wharton and Wilson.

[2] Those counties are: Atascosa, Bexar, Brazos, Caldwell, Cameron, Comal, Grimes, Guadalupe, Hardin, Jasper, Kerr, Lee, Leon, Madison, Montgomery, Newton, Tyler, Walker, Washington and Willacy.

3. Pursuant to Section 22.0035(b)[3] of the Texas Government Code, all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and procedures—whether prescribed by statute, rule, or order—in any case, civil or criminal.

4. This Order expires September 27, 2017 unless extended by the Courts.

5. The Clerks of the Supreme Court and the Court of Criminal Appeals are directed to:

    a. post a copy of this Order on www.txcourts.gov;

    b. file a copy of this Order with the Secretary of State; and

    c. send a copy of this Order to the Governor, the Attorney General, and each member of the Legislature.

6. The State Bar of Texas is directed to take all reasonable steps to notify members of the Texas bar of this Order.

---

[3] "Notwithstanding any other statute, the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor. An order under this section may not extend for more than 30 days from the date the order was signed unless renewed by the supreme court."

Dated: August 28, 2017

_____
Nathan L. Hecht, Chief Justice

_____
Paul W. Green, Justice

_____
Phil Johnson, Justice

_____
Don R. Willett, Justice

_____
Eva M. Guzman, Justice

_____
Debra H. Lehrmann, Justice

_____
Jeffrey S. Boyd, Justice

_____
John P. Devine, Justice

_____
Jeffrey V. Brown, Justice

Sharon Keller, Presiding Judge

Kevin P. Yeary, Judge

Michael Keasler, Judge

David Newell, Judge

Barbara Hervey, Judge

Mary Lou Keel, Judge

Elsa Alcala, Judge

Scott Walker, Judge

Bert Richardson, Judge

# IN THE SUPREME COURT OF TEXAS

**Misc. Docket No. 17-9126**

**EXTENSION OF CERTAIN EMERGENCY ORDERS**

**ORDERED** that:

Miscellaneous Docket Orders Nos. 17-9098, 17-9111, and 17-9114 are extended through October 25, 2017, unless further extended by the Court.

Dated: September 26, 2017.

Nathan L. Hecht, Chief Justice

Paul W. Green, Justice

Phil Johnson, Justice

Don R. Willett, Justice

Eva M. Guzman, Justice

Debra H. Lehrmann, Justice

Jeffrey S. Boyd, Justice

John P. Devine, Justice

Jeffrey V. Brown, Justice



## NUMBER 13-17-00521-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A NATO GARCIA COMPANY, AND P.H.I. SERVICE AGENCY, INC.

## On Petition for Writ of Mandamus.

## ORDER

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Orde Per Curiam

Relators VCC, LLC, Vratsinas Construction Co., Nato Garcia d/b/a Nato Garcia Company, and P.H.I. Service Agency, Inc. filed a petition for writ of mandamus and an emergency motion for temporary relief in the above cause. Through this original proceeding, relators contend that the trial court abused its discretion by denying their motion for continuance. Through their emergency motion for temporary relief, relators seek to stay all trial court proceedings pending resolution of this petition for writ of mandamus.

The Court, having examined and fully considered the emergency motion for temporary relief, is of the opinion that the motion should be denied in part and carried with the case in part. The motion is denied insofar as the hearing on Monday, September 25, 2017 shall proceed. The motion is carried with the case as to all other relief sought. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

The Court requests that the real party in interest, Pharr-San Juan-Alamo Independent School District, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus on or before 5:00 p.m. on Wednesday, September 27, 2017. *See id.* R. 52.2, 52.4, 52.8.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
22nd day of September, 2017.



# NUMBER 13-17-00521-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE VCC, LLC, VRATSINAS CONSTRUCTION CO., NATO GARCIA D/B/A NATO GARCIA COMPANY, AND P.H.I. SERVICE AGENCY, INC.

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Memorandum Opinion by Justice Hinojosa[1]

On September 22, 2017 relators VCC, LLC, Vratsinas Construction Co., Nato Garcia d/b/a Nato Garcia Company, and P.H.I. Service Agency, Inc. filed a petition for writ of mandamus seeking to compel the trial court to (1) vacate its September 18, 2017 oral rulings denying relators' motions for continuance due to Hurricane Harvey, (2)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

continue the trial setting to a date substantially beyond the February 5, 2018 "back-up" trial date, and (3) issue a new scheduling order. This Court requested and received a response to the petition for writ of mandamus from the real party in interest, Pharr-San Juan-Alamo Independent School District. We have further received a reply to the response and letter briefs from relators. According to relators, the trial court has now continued the trial setting until November 28, 2017 and has instructed the parties to confer on new pretrial deadlines. Relators contend that mandamus relief is still warranted under the facts of this case.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis.

2

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *See id.* Generally, the denial of a motion for continuance is an incidental trial ruling that is ordinarily not reviewable by mandamus. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding). Nevertheless, under extraordinary circumstances, a trial court may abuse its discretion by refusing to grant a continuance. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding). For instance, mandamus may be appropriate if a defendant has been denied a reasonable opportunity to develop the merits of its defense, *see Gen. Motors Corp. v. Tanner*, 892 S.W.2d 862, 863 (Tex. 1995) (per curiam) (orig. proceeding), or where the trial court disallows discovery that cannot be made a part of the appellate record, effectively precluding review of the trial court's error. *Walker*, 827 S.W.2d at 843.

A motion for continuance may not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251; *see id.* R. 252 (stating that an applicant for a continuance based on the need for additional discovery must meet certain requirements, including, inter alia, showing that the discovery is material and cannot be obtained from any other source). In this regard, the Texas Supreme Court has explicitly ordered that "all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and

3

procedures—whether prescribed by statute, rule, or order—in any case, civil or criminal." *See* Supreme Court of Texas, *Emergency Order Authorizing Modification and Suspension of Court Procedures in Proceedings Affected by Disaster*, Misc. Docket No. 17–9091 (August 28, 2017); *see* TEX. GOV'T CODE ANN. § 22.0035 (West, Westlaw through 2017 R.S. & F.C.S).

The Court, applying the foregoing principles to the case at hand, and having examined and fully considered the petition for writ of mandamus, the response, the reply, and the letter briefs, is of the opinion that relators have not shown themselves entitled to the relief sought at this time. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Specifically, in light of the brief continuance that was recently granted, relators have failed to specify to us, and perhaps to the trial court, what additional discovery is required, how the discovery may implicate any pleaded claims or defenses, and how much time, if any, is necessary to prepare for trial after the close of a discovery period that has yet to be defined. We are confident that the trial court will carefully balance these concerns as well as those articulated in *Allied Chem. Corp.*, 227 S.W.3d at 658. Accordingly, we DENY relators' emergency motion for temporary relief to the extent that it was previously carried with the case, and we DENY this original proceeding without prejudice. *See* TEX. R. APP. P. 52.8(a).

LETICIA HINOJOSA
Justice

Delivered and filed the
28th day of September, 2017.

4

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**AMENDED**
**Discovery Control Order and Trial Setting for the Southwest Early College High School**

The parties appeared before the Court on May 31, 2017 for a hearing upon VCC's First Motion for Continuance. After hearing argument of counsel, the Court denied VCC's First Motion for Continuance. VCC then requested the deadline for designation of expert witnesses for VCC and for All other parties be moved to a later date and the Court determined that those dates for designation of experts of June 6, 2017 for VCC and August 7, 2017 for all other parties should be withdrawn and those dates are hereby withdrawn and shall no longer control discovery in this matter. The Court determined that the following dates shall control from this day forward in lieu of and in replacement of this Court's prior Discovery Control Order and Trial Setting for the Southwest Early College High School.

IT IS THEREFORE ORDERED:

The parties against whom a claim has been made regarding the construction of the Southwest Early College High School and the parties making such claim, shall abide by the following schedule and deadlines under the heading for that school regarding those claims and the claims shall be tried on the "TRIAL" date stated for that school or, if the case is not tried on that date, the claims shall be tried on the "Back up trial date" stated for that school.

**Southwest Early College High School**

| | |
|---|---|
| TRIAL | October 30, 2017 |
| Back up trial date | February 5, 2018 |
| | |
| Joining Additional Parties by | April 7, 2017 |

The parties shall designate their experts no later than the following dates
and shall deliver the experts' report no later than the following dates:

| | |
|---|---|
| Experts' Designation Reports by | |
| PSJA | February 16, 2017 |
| | |
| VCC, LLC and Vratsinas Construction Company | |
| For amount of damages experts | July 14, 2017 |
| For mold/industrial hygiene experts | July 14, 2017 |
| For all other experts | June 23, 2017 |

1

The following parties shall designate their experts and provide the experts' report no later than August 16, 2017:

A & D MAS Construction, Inc.
Ace Audio Communications, Inc.
Aguirre Framing & Construction, LLC
Alliance Specialized Systems, LLC
C&M Contracting, Inc.
C.B.I., LLC
Claudia Munoz
Flores Professional Painting & Pressure Washing, LLC
G&S Glass, LLC
Hellas Construction, Inc.
JD Krane Floor Designs
Jerome Masonry, LLC
L&G Concrete Construction, Inc.
Metro Electric, Inc.
Nato Garcia
NM Contracting LLC
P.H.I. Service Agency, Inc.
Solid Lath & Plaster, Inc.
South Texas Plumbing
Southern Mechanical Air Conditioning
Strong Structural Steel
Teni-Trak, Inc.
Visionscapes, Inc.
Valley General Service, LLC


The following parties shall designate their experts and provide the experts' report no later than September 8, 2017:

KW Industries, Inc.
Schneider Electric USA, Inc.
Saul Requenez
Belmares Flooring, Inc.
Alfredo Raiz Belmares
Leobardo Arevalo-Perez
Clemente Vargas Alfaro
The Alex Group, LLC

| | |
|---|---|
| Discovery Completed by | September 15, 2017 |
| Pleadings Final by | September 28, 2017 |
| Daubert Challenges Filed by | September 29, 2017 |
| Dispositive Motions Filed by | September 29, 2017 |

2

Mediation Completed by                     September 29, 2017

Exhibit and witness list exchanged,
Limine motions filed, designation by
Page and line deposition testimony by      October 13, 2017

Pre-Trial Hearing                          October 16, 2017 at 11:00 a.m.

Signed this ____**12th**____ day of June 2017.

_____
JUDGE PRESIDING

cc:
**Pharr-San Juan-Alamo I.S.D.:**
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Lee Shidlofsky (lee@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Yendi V. Villarreal (Yendi.Villarreal@roystonlaw.com)

3

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)

4

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)

**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Steve Umeh (sumeh@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

5

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**CBI, L.L.C.:**
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

**Texas Fireguard, LLC:**
Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)

7

# BUILDING NEWS BULLETIN

**Release Date:** September 25, 2017

## STATUS OF THE OPERATIONS AT THE AIG CAMPUS

We have developed approximate target timelines, under which we hope we can open the buildings under temporary mechanical, electrical and plumbing systems. This means the buildings will be fully operational using pad mounted M.E.P systems. Please keep in mind that these are approximate target dates that may not be achievable due to the changing environment of the situation. Please see below for approximate target timelines:

- **2777 Allen Pkwy: December 18, 2017**
- **Wortham Tower: February 24, 2018**

- **Building Status**
    - Dry out, demolition, and removal of miscellaneous items, and water damaged items is near completion. All parts and equipment for temporary mechanical, electrical and plumbing systems have been order. Centerpoint has identified the transformers that need replacement and the process of replacement is beginning this week.

- **Tenants Access**
    - As of Friday (9/8/2017) the Fire Marshall has suspended general tenant access to the Wortham Tower, Woodson Tower, 2777 Allen Parkway and Life Building. This access suspension is due to the impaired Fire & Life Safety equipment and lack of electrical power. *If you need to retrieve IMPORTANT/CRITICAL ITEMS from your suite, please contact Property Management at 713-831-2500 or propertymanagement@aighoustoncampus.com. We will be able to accommodate these requests on Mondays, Wednesdays and Fridays ONLY.*

- **Conference Room Space**
    - We are continuing to develop a Conference Center in the America Tower for all tenants displaced as well as America Tower tenants. It will be up and operational in early October.

- **Parking**
    - *Please DO NOT park in a reserved spot that is not assigned to you. Unreserved parking spots are available on levels 4 and above. Please see the attached map for access roads to the America Tower Garages as the remainder of the site is fenced off from the general public.*

- **The Allen Parkway Barber Shop has relocated to a temporary location in the Alanis Salon 1210 W. Clay St. #21, Houston, TX 77019 (behind Vincent's Restaurant). They are accepting appointments!**

- **Car Butler is now open. Located in the America Tower Extension Garage.**

- *Our CBRE Property Management office has temporarily relocated to the 28th floor of America Tower.*

*BULLETINS WILL BE SENT OUT ON MONDAYS, WEDNESDAYS and FRIDAYS.*

---

**Please disseminate this information within your firm. For additional information regarding this memo contact:**

CBRE, Inc.              Tele:   713-831-2500
2777 Allen Parkway, Suite 340   Fax:    713-831-2597
Houston, Texas 77019    propertymanagement@aighoustoncampus.com



# AIG Houston Campus Traffic



**Legend:**

| Icon | Description | Icon | Description | Icon | Description | Icon | Description |
|------|-------------|------|-------------|------|-------------|------|-------------|
| Meeting | | Barber Shop & Shoe Shine | | High Tower Deli | | Credit Union | |
| Security Station on Ground Level | | Security Station on Ground Level | | Car Butler | | Paradise Cards & Gifts | |
| Security Station on Plaza Level | | Security Station on Plaza Level | | City Cafe (Starbucks) | | Palm Court Cafe | |

★ Tenant Vehicle Entrance

········ Tenant Traffic Flow

---

**Please disseminate this information within your firm. For additional information regarding this memo contact:**

CBRE, Inc.                         Tele:    713-831-2500
2777 Allen Parkway, Suite 340      Fax:     713-831-2597
Houston, Texas 77019               propertymanagement@aighoustoncampus.com





**Update – Riverway Buildings**
**September 29, 2017**

We look forward to reopening the Riverway buildings Monday, October 2, so that you may begin to resume business activities. Please read below for helpful information. We appreciate your understanding and cooperation as we continue to restore full services over the next few months.

**Parking**

- All gates will be open until new parking equipment is installed. SP+ will have additional people onsite to help direct vehicles.
- One Riverway tenants should enter the garage via the contract gates on South Post Oak Lane.
- Three Riverway tenants should enter the garage via South Roadway.
- Basement level parking is unavailable until the new lights are installed. Please do not park in visitor parking or reserved spaces not assigned to you.
- Garage elevators are not in service.

**Building Entrances**

When entering from the garage, please follow the designated path on ground level. Do not attempt to enter the building from the basement. The One Riverway basement, Three Riverway basement, and Three Riverway ground level will experience varying degrees of construction over the next few months. Please comply with all safety directives.

**Cleaning**

Housekeeping is cleaning the common areas and tenant spaces in both buildings.  The team has already cleaned refrigerators in each tenant space. Please contact us if any area needs additional attention.

**Deli**

The Deli is currently closed.  Complimentary breakfast will be provided for tenants at both buildings on Monday, October 2.

The Deli operators will also be onsite during lunchtime with grab and go lunches for purchase.

**Elevators**

- One Riverway has at least one operating elevator in each bank including the service car. Most should return to service over the next week.
- Three Riverway will have at least one operating elevator in each bank including the service car by the end of day Saturday, September 30.
- Garage Elevators are not operating at this time.



**Fire & Life Safety**

One Riverway fire and life safety equipment is fully operational.

Three Riverway will have a new fire alarm system installed on the ground level. The Fire Marshal has directed that a manned fire-watch be instituted 24/7 on every level until the new system is operating. A Fire Marshal will be onsite daily in the lobby from 6:00 a.m. until 6:00 p.m. As such, building hours will be restricted to 7:00 a.m. until 5:00 p.m.

**Power & Cooling**

Both buildings are running on generator power. The generator's periodic maintenance schedule will be provided soon so that you may plan around outages. Please understand that while we are using the most reliable generators available, mechanical equipment is subject to possible performance limitations.

The electrical contractor is in the process of verifying power delivery to all tenant spaces as many electrical panels turned off during or after the storm.

Building engineers are checking each floor to ensure that all spaces are adequately cooling and making adjustments where needed.

**Tenant Moves**

The loading docks may not be available the week of October 2.  We are currently working through the details as to how we will organize tenant move-ins and will update you when we have a solution. If your items can be driven into the garage and hand-carried up the service car, please call to schedule time with the service elevator.

**Mail Services**

Please continue to pick up you mail from the Rich Hill Post Office located at 2950 Unity Drive until replacements can be installed.

Starting Monday, October 2, package deliveries (FedEx, UPS etc.) are permitted, but drop-off boxes are currently unavailable.



**Environmental and Engineering**

Professional engineering firms have been monitoring and testing conditions since the storm including air, water and structural. We expect delivery of the reports early next week though their preliminary indications are that there are no concerns.


Thank you kindly for your patience.  We look forward to seeing you all!


**Michael L. Kent, CCIM, CPM®**

Director of Property Management



**Unilev Management Corp.**
2700 Post Oak Boulevard, Suite 200
Houston, TX 77056
(713) 621-9010
(713) 621-9035 fax

Michael.Kent@unilev.com



**Update – One Riverway Building**
**October 3, 2017**

The elevators are temporarily out of service at One Riverway.  To correct this issue, we are transferring the elevators to an alternate generator.  This work should be completed by Wednesday, October 4.  We expect the elevators to be operating Thursday, October 5.

Tenants may use Stairwell B to access their space.  During normal business hours Monday –Friday, an attendant is positioned in the stairwell on every 5 floors to provide entry to the floor.  There is free access to exit into the stairwell.

Please keep in mind that when the elevators return to service, they will operate from 7:00 a.m. until 6:00 p.m.  Tenants may use Stairwell B to exit the building after 6:00 p.m.

We will update you when additional information is available.  We apologize for the inconvenience.

Thank you for your continued patience.

**Michael L. Kent, CCIM, CPM®**

Director of Property Management



**Unilev Management Corp.**
2700 Post Oak Boulevard, Suite 200
Houston, TX 77056
(713) 621-9010
(713) 621-9035 fax

Michael.Kent@unilev.com

Electronically Filed
10/4/2017 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| **VCC, LLC,**<br>    **Plaintiff,** | §<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§ | **HIDALGO COUNTY, TEXAS** |
| **PHARR-SAN JUAN-ALAMO**<br>**INDEPENDENT SCHOOL DISTRICT,**<br>    **Defendant.** | §<br>§<br>§ | **93RD JUDICIAL DISTRICT** |

### ORDER DENYING VCC, LLC'S MOTION, SUPPLEMENTAL MOTION TO COMPEL DISCOVERY, , AND FIRST AMENDED SUPPLEMENTAL DISCOVERY REGARDING WARRANTY DOCUMENTS

The Court held hearings on VCC, LLC's Motion to Compel and Supplemental Motion to Compel on August 21, 2017, September 25, 2017, and October 5, 2017. VCC's request that Court compel Defendant, Pharr-San Juan Alamo Independent School District, to remove its objects and properly respond to Request for Production Nos. 3 and 4 regarding the enforcement of any of the warranties purchased by Pharr-San Juan Alamo Independent School District for the project is **DENIED**.

Signed this **10th** day of October 2017 at Edinburg, Hidalgo County, Texas.

_____
Honorable Judge Rudy Delgado, Judge Presiding

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com

---

**Order Denying Warranty Documents**          **Page 1**

Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawvers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawvers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com

Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkelly@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemary@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:

Daniel G. Rios dan@danrioslaw.com

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| **VCC, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **PHARR-SAN JUAN-ALAMO** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | **93RD JUDICIAL DISTRICT** |

### ORDER DENYING VCC, LLC'S MOTION, SUPPLEMENTAL MOTION TO COMPEL DISCOVERY, AND FIRST AMENDED SUPPLEMENTAL DISCOVERY REGARDING HAIL DOCUMENTS

The Court held hearings on VCC, LLC's Motion to Compel and Supplemental Motion to Compel on August 21, 2017, September 25, 2017, and October 5, 2017. VCC's request that Court compel Defendant, Pharr-San Juan Alamo Independent School District, to remove its objects and properly respond to Request for Production Nos. 12 and 13 regarding hail damage documents is **DENIED**.

Signed this **10th** day of October 2017 at Edinburg, Hidalgo County, Texas.

_____
Honorable Judge Rudy Delgado, Judge Presiding

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmeyer@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturley@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules

Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawyers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawvers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com

---

**Order Granting Hail Documents**                                         **Page 2**

Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| **VCC, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **PHARR-SAN JUAN-ALAMO** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | **93RD JUDICIAL DISTRICT** |

### ORDER DENYING VCC, LLC'S MOTION, SUPPLEMENTAL MOTION TO COMPEL DISCOVERY, AND FIRST AMENDED SUPPLEMENTAL DISCOVERY REGARDING THE DESIGN TEAM

The Court held hearings on VCC, LLC's Motion to Compel and Supplemental Motion to Compel on August 21, 2017, September 25, 2017, and October 5, 2017. VCC's request that Court compel Defendant, Pharr-San Juan Alamo Independent School District, to remove its objects and properly respond to Request for Production Nos. 14, 15, 16, 17, and 22 for documents and communications related to the design team or design of the project is **DENIED**.

Signed this __**10th**__ day of October 2017 at Edinburg, Hidalgo County, Texas.

_____

Honorable Judge Rudy Delgado, Judge Presiding

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com

---

**Order Denying Design Documents**                                                                 **Page 1**

Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawyers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawyers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawyers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com

Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

## CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| **VCC, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **PHARR-SAN JUAN-ALAMO** | § | |
| **INDEPENDENT SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | **93RD JUDICIAL DISTRICT** |

### ORDER DENYING VCC, LLC'S MOTION, SUPPLEMENTAL MOTION TO COMPEL DISCOVERY, AND FIRST AMENDED SUPPLEMENTAL DISCOVERY REGARDING ARMKO INDUSTRIES, INC. DOCUMENTS

The Court held hearings on VCC, LLC's Motion to Compel and Supplemental Motion to Compel on August 21, 2017, September 25, 2017, and October 5, 2017. VCC's request that Court compel Defendant, Pharr-San Juan Alamo Independent School District, to remove its objects and properly respond to Request for Production Nos. 6,7,8,9, and 10 regarding Armko Industries, Inc. documents is **DENIED**.

Signed this **10th** day of October 2017 at Edinburg, Hidalgo County, Texas.

_____
Honorable Judge Rudy Delgado, Judge Presiding

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules

---

**Order Denying Armko Documents** **Page 1**

Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawvers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawvers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn

---

Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com

Electronically Filed
10/4/2017 4:25 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE 93rd JUDICIAL |
|    Plaintiff | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
|    Defendant | § | HIDALGO COUNTY, TEXAS |

**ORDER**
**Sustaining Objections of**
Pharr-San Juan-Alamo Independent School District
to Requests for Production Issued by VCC, LLC on May 26, 2017

On August 21, 2017, the Court heard argument on VCC, LLC's Motion to Compel Discovery filed July 28, 2017 seeking to overrule the objections PSJA ISD had lodged against Requests for Production Issued by VCC, LLC on May 26, 2017.

The Court heard argument about Requests for Production Nos. 12 and 13 and the objections of PSJA ISD to those Requests Nos. 12 and 13 are sustained. The Court also heard argument about Requests for Production Nos. 3, 6, 7, 8, 9, 10 and 11, and the objections of PSJA ISD to those Requests Nos. 3, 6, 7, 8, 9, 10 and 11 are sustained except as follows.

VCC, LLC demands that PSJA ISD must produce all requested documents for inspection and copying at the office of Slates Harwell LLP, 1700 Pacific Avenue, Suite 3800, Dallas, Texas 75201. PSJA ISD objects to production in Dallas or at any other place than the office of counsel for responding party during normal business

hours with reasonable notice from the requesting party. That location objection is sustained in part and denied in part, and

IT IS THEREFORE ORDERED that upon the request of any party, PSJA ISD will make available for inspection and copying at the Law Office of Rene Ramirez, 2918 South Jackson Road, Suite 200, McAllen, Texas 78503, the original paper copy of any document that has been produced by PSJA ISD in discovery electronically (recognizing that some electronically produced documents were originally created electronically, for instance documents created in Microsoft Excel, and there are no "original paper" versions of such documents).

Signed this 10th day of October 2017.

_____
JUDGE PRESIDING

cc:
**Pharr-San Juan-Alamo I.S.D.:**
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Henri Nicolas (henri@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)

Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Teresa A. Chavez (Teresa.Chavez@roystonlaw.com)
Aide Cervantes (Aide.Cervantes@roystonlaw.com)

Jessica Z. Barger (barger@wrightclose.com)
Bradley W. Snead (snead@wrightclose.com)

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Brett Levinson (blevinson@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)

Adrian Senyszyn (asenyszyn@brinandbrin.com)
Letty Cantu (cd@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)
Michele Medina (mmedina@ffllp.com)

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)

**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

Dean J. Siotos (dsiotos@rlattorneys.com)
Ariel Maloney (amaloney@rlattorneys.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
J. Ross Broussard (rbroussard@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)

Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)
Naomi Gonzales (ngonzales@dawray.com)

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)
Alyssa Chaplin (achaplin@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)
Shayla Brooks (sbrooks@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Carlos Solis (carlos@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)

Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**CBI, L.L.C.:**
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

**Texas Fireguard, LLC:**

Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Scott Schendel (sschendel@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)
Alexander Merced (amerced@bpgrlaw.com)
Stacey Brock (sbrock@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)

C. Thomas Valentine (tvalentine@dawray.com)
Ellen M. Karp (ekarp@dawray.com)

**Saul Requenez d/b/a Palmview Steel Erectors:**
John Engvall, Jr. (jengvall@engvalltxlaw.com)
Meghan Cantu Strickland (mstrickland@engvalltxlaw.com)
Becky Johnson (bjohnson@engvalltxlaw.com)
Mindy Mufti (mmufti@engvalltxlaw.com)

**NATO GARCIA d/b/a NATO GARCIA COMPANY**
Andrew J. McCluggage (amccluggage@thompsoncoe.com)
Pierce T. Cox (pcox@thompsoncoe.com)
Sandra Hernandez (SHernandez@thompsoncoe.com)

**Cenergistic, LLC:**
David R. Woodward (dwoodward@cobbmartinez.com)
Matthew E. Last (mlast@cobbmartinez.com)
Angie Stevenson (astevenson@cobbmartinez.com)

**Joe W. Fly, Co.:**
J. Scott Howard (showard@texasdefense.com)
Phyllis Harmon (phyllis@texasdefense.com)

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| Defendant. | § | 93RD JUDICIAL DISTRICT |

---

### ORDER ON VCC, LLC'S MOTION TO COMPEL, SUPPLEMENTAL MOTION TO COMPEL, AND FIRST AMENDED SUPPLEMENTAL MOTION TO COMPEL

---

The Court has considered VCC, LLC's ("VCC") Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel against Pharr-San Juan-Alamo Independent School District ("PSJA") (the "Motions to Compel"). After reviewing the Motions to Compel, the Responses, and the arguments of counsel, the Court ORDERS on PSJA's objections to VCC's Requests for Production as follows:

**REQUEST FOR PRODUCTION NO. 3.** All documents and communications regarding the enforcement of any of the warranties purchased by you for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

**___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is**

---

**defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

**___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**
**___SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

**___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

**___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED.    **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

**REQUEST FOR PRODUCTION NO. 6.** All documents and communications reflecting Armko's acceptance of the construction of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School**

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

<sup>X</sup>**__SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    **__OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

<sup>X</sup>**__SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

    **__OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<sup>X</sup>**__SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

    **__OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<sup>X</sup>**__SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

\_\_\_**OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**<sup>X</sup>\_SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

\_\_\_**OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**<sup>X</sup>\_SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

\_\_\_**OVERRULED.** **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**<sup>X</sup>\_SUSTAINED**

**REQUEST FOR PRODUCTION NO. 7.** All documents and communications regarding any inspections of the Project performed by Armko.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.    However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X** **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___OVERRULED.    However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X** **SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X** **SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X** **SUSTAINED**

---

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

    ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

  **X** **SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

    ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

  **X** **SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

    ___**OVERRULED.**  **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

  **X** **SUSTAINED**

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications reflecting Armko's approval of punch list work on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any**

internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.     However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X**___SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___OVERRULED.     However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X**___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___OVERRULED.     In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___OVERRULED.     In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

    ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

   **X** **SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

    ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

   **X** **SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

    ___**OVERRULED.**  **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

   **X** **SUSTAINED**

**REQUEST FOR PRODUCTION NO. 9.** All documents and communications regarding Armko's warranty for the Project.

RESPONSE:

   Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.    However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X**___SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___OVERRULED.    However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X**___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___OVERRULED.     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___OVERRULED.     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED.     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

**REQUEST FOR PRODUCTION NO. 10.** All documents and communications regarding final closeout with Armko on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any**

internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** __SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** __SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** __SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

---

**X   SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X  SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X  SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X  SUSTAINED**

**REQUEST FOR PRODUCTION NO. 12.** All documents and communications regarding hail damage to the roof of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any**

---

internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

   ___**OVERRULED.**  **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**ˣ SUSTAINED**

  Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

   ___**OVERRULED.**  **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**ˣ SUSTAINED**

  Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

   ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ**
___**SUSTAINED**

  Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

   ___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

---

**X  SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

       ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

    <sup>X</sup>___**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

       ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

       ___**OVERRULED.**    **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject.  Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

    <sup>X</sup>___**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 13.** All documents and communications regarding any claims made by you for hail damage to the roof of the Project.
RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any**

internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

        ___OVERRULED.     **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**__SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

        ___OVERRULED.     **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

        ___OVERRULED.     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

        ___OVERRULED.     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** ___SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

> ___**OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** ___SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

> ___**OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** ___SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

> ___**OVERRULED.** **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** ___SUSTAINED

**REQUEST FOR PRODUCTION NO. 14.** All documents and communications regarding claims asserted by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without**

**limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

          ___OVERRULED.      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      <sup>X</sup>  SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

          ___OVERRULED.      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      X
   ___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

          ___OVERRULED.      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

      X
   ___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

          ___OVERRULED.      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
**___SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

> **___OVERRULED.** **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

**REQUEST FOR PRODUCTION NO. 15.** All documents and communications reflecting demand letters or notices of claims by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or

contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

      \_\_\_**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      **X**\_\_**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

      \_\_\_**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      **X**\_\_**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

      \_\_\_**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

      **X**\_\_**SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_\_**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_\_**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 16.** Any settlement agreements between you and any member of the Design Team regarding the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

---

    **___OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

    **x__SUSTAINED**

**REQUEST FOR PRODUCTION NO. 17.** All documents, communications, and reports regarding inspections performed by any member of the Design Team on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

    **___OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

    **ˣ___SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    **___OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

<u>X SUSTAINED</u>

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

  **___OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<u>X SUSTAINED</u>

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

  **___OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<u>X SUSTAINED</u>

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

  **___OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<u>X SUSTAINED</u>

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

  **___OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<u>X SUSTAINED</u>

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

  **___OVERRULED.**  **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this**

**objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ   SUSTAINED**

**REQUEST FOR PRODUCTION NO. 21.** All documents and communications regarding the selection of the roof for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

**___OVERRULED.**   **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**ˣ   SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

**___OVERRULED.**   **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X   SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

> **___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X  SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

> **___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

> **___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

> **___OVERRULED.    In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

> **___OVERRULED.    In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or**

"**resulting from**" **the subject.  Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ SUSTAINED**

**REQUEST FOR PRODUCTION NO. 22.** All documents and communications regarding any complaints or issues you have with any part of the design of the Project.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ SUSTAINED**

Respondent objects to this request because it does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, it requires Respondent to specify the items.

___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

---

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**X**  **SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**  **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

> **___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**  **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

> **___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is**

defined as set forth in Texas Rule of Civil Procedure 192.3(b).

**X** SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED. **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

**REQUEST FOR PRODUCTION NO. 32.** All documents and communications regarding grading issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED. **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs,

microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

        ___**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

        **X**___**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

        ___**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**___**SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

        ___**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**___**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

        ___**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**
        ___**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

---

**ORDER ON VCC, LLC'S MOTION TO COMPEL DISCOVERY, SUPPLEMENTAL MOTION**      **Page 29**
**TO COMPEL DISCOVERY, AND FIRST AMENDED MOTION TO COMPEL DISCOVERY**

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<sup>X</sup>__SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED.    **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<sup>X</sup>__SUSTAINED

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

<sup>X</sup>__SUSTAINED

**REQUEST FOR PRODUCTION NO. 33.** All documents and communications regarding standing water issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is**

---

**defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

**___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X** **SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

**___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

**___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

____OVERRULED.   **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

____OVERRULED.   **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

____OVERRULED.   **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__SUSTAINED

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

____OVERRULED.   **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__SUSTAINED

**REQUEST FOR PRODUCTION NO. 34.** All documents and communications reflecting irrigation schedules at the Project from the date of Substantial Completion until present.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any**

electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

    ___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

    **X** ___SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    ___OVERRULED.    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

    **X** ___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

    ___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

    **X** ___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

X
___**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

X___**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___**OVERRULED.**  **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

X
___**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___**OVERRULED.**  **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject.  Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

X
___**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 35.** All documents and communications reflecting schedules for HVAC maintenance at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings,

remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

   \_\_\_**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**ˣ** **SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

   \_\_\_**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**ˣ** \_\_\_**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

   \_\_\_**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**ˣ** **SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___**OVERRULED.**     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 36.** All documents and communications regarding the testing and balancing of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through

and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

    \_\_\_**OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**<sup>X</sup>** \_\_\_**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    \_\_\_**OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**<sup>X</sup>** \_\_\_**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

    \_\_\_**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**<sup>X</sup>** \_\_\_**SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

      ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

      ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

  **X** **SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

      ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

      ___**OVERRULED.**    **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

**REQUEST FOR PRODUCTION NO. 37.** All documents and communications regarding any recommendations or procedures from Synergistic or any other third party vendor regarding the settings of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

      ___**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      <sup>X</sup>___**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

      ___**OVERRULED.**      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

      <sup>X</sup>___**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

      ___**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

      ___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

      ___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

      ___OVERRULED.    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

      ___OVERRULED.    **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** SUSTAINED

**REQUEST FOR PRODUCTION NO. 38.** All documents and communications regarding any changes to the HVAC manufacturers' recommended settings for the HVAC system at the Project.

---

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___**OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**__**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___**OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**___**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

___OVERRULED. **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___OVERRULED. **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___OVERRULED. **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___OVERRULED. **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED. **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___SUSTAINED

**REQUEST FOR PRODUCTION NO. 39.** All documents and communications regarding any HVAC complaints received from any school within your district, including Memorial High School, following the installation of any units manufactured by Munters.

RESPONSE:

Respondent objects to this request because the request is outside the scope of discovery defined by Texas Rule of Civil Procedure 192.3(a) and the information sought will be inadmissible at trial and is not reasonably calculated to lead to the discovery of admissible evidence.

   \_\_\_**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

   **ˣ\_SUSTAINED**

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

   \_\_\_**OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

   **ˣ\_SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or

electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___**OVERRULED.**       **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**___**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, the Request requires Respondent to conduct an investigation to determine what products have been manufactured by Munters and then develop a method to determine whether any such products had ever been installed in any of the School District's schools at any time in the past since the creation of the School District.

___OVERRULED.　　In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___**SUSTAINED**

Respondent objects to this request because this request does not identify the material to be produced but instead requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED.　　In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 41.** All documents related to any investigation of the HVAC system performed by any consult at any school in your district during the last 2 years.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

___OVERRULED.　　In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands any document connected with any work on any part of any air unit in any of the schools in the district without any connection at all to the Southwest Early College High School chilled water system using three 550 ton water-cooled central chillers pumping cooled water through air handler units that are a combination of Constant Air Volume and Variable Air Volume Systems. If any person takes the cover off a simple window air conditioning unit at the Early Head Start Campus to figure out why it is not working, the School District is required to locate any mention of that work on any computer used by any person and produce it. This is a classic "fishing expedition."

___OVERRULED.　　In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___**SUSTAINED**

---

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**_**SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__**SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
___**SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**__**SUSTAINED**

---

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, the request requires Respondent to specify the items by determining which items are "connected with" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "resulting from" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "responding to" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "reflecting" or that are "explaining" or that are "mentioning" or that are "concerning" or that are "supporting" or that are "showing" or that are "regarding" or that are "describing" any investigation of any part of the HVAC system at any one of the School District's 44 schools.

## ___OVERRULED   <sup>X</sup>___SUSTAINED

**REQUEST FOR PRODUCTION NO. 42.** All documents and communications regarding soil preparation during the construction of the track and tennis courts at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

> ___OVERRULED.   **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

> <sup>X</sup>___SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer

data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

        ___OVERRULED.      **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

        **X**___SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

        ___OVERRULED.      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**___SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

        ___OVERRULED.      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**___SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

        ___OVERRULED.      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

        **X**___SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**\_\_**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**\_\_**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 43.** All documents and communications regarding the light poles, including any failures of the light poles at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

\_\_\_**OVERRULED.**     **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**\_\_**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of

meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

       \_\_\_**OVERRULED.**       **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

       **X**\_\_\_SUSTAINED

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

       \_\_\_**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

       **X**\_\_\_SUSTAINED

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

       \_\_\_**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

       **X**\_\_\_SUSTAINED

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

       \_\_\_**OVERRULED.**       **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

       **X**\_\_\_SUSTAINED

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

___OVERRULED.     In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.

**X**___SUSTAINED

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

___OVERRULED.     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___SUSTAINED

**REQUEST FOR PRODUCTION NO. 44.** All documents and communications regarding the CMU wall at the stage not being adequately adhered to the steel columns.
RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

___OVERRULED.     **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**___SUSTAINED

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and

other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    ___**OVERRULED.**    **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X**  **SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

    ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

    ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

    ___**OVERRULED.**    **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** **SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_\_**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject. Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_\_\_**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 45.** All documents and communications regarding the roof not complying with code.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

\_\_\_**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X** \_\_**SUSTAINED**

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

\_\_\_**OVERRULED.**     **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is**

---

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X   SUSTAINED**

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

> **___OVERRULED.** **However, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond on the basis that the term "document" is defined as set forth in Texas Rule of Civil Procedure 192.3(b).**

**X   SUSTAINED**

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

> **___OVERRULED.** **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X   SUSTAINED**

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

\_\_\_**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**\_**SUSTAINED**

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

\_\_\_**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**
\_\_\_**SUSTAINED**

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

\_\_\_**OVERRULED.**      **In overruling this objection, the Court accepts VCC, LLC's stipulation in removing the phrases "connected with" or "resulting from" the subject.  Therefore, in overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**\_\_**SUSTAINED**

**REQUEST FOR PRODUCTION NO. 46.** All communications with your testifying expert witnesses regarding the Project.

RESPONSE:

Respondent objects to this request because the request is unlimited and overbroad. The request requires the production of income tax returns and love letters. The request is unlimited as to subject matter and is unlimited as to time and is unlimited as to whom or with whom the communication is conducted and is unlimited as to the method of communication and requires the collection of all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on any subject without limitation.

\_\_\_**OVERRULED.**      **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**\_\_**SUSTAINED**

---

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

___**OVERRULED.**     **In overruling this objection, the Court orders Defendant, Pharr-San Juan-Alamo Independent School District to respond forthwith.**

**X**___**SUSTAINED**

SIGNED this the **25th**___ day of _____**October**_____, 2017.

JUDGE PRESIDING

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmeyer@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturley@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedy@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:

Electronically Filed
10/6/2017 5:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

H. Dwayne Newton dnewton@newton-lawyers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawyers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawyers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com

Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com

Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com

Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE 93rd JUDICIAL |
|     Plaintiff | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
|     Defendant | § | HIDALGO COUNTY, TEXAS |

**103**

**ORDER**
**Sustaining Objections of**
Pharr-San Juan-Alamo Independent School District
to Requests for Production Issued by VCC, LLC on May 26, 2017
**REQUESTS NUMBERS 14, 15, 17, 21, 22, 32 -  46**

The Court has considered VCC, LLC's Motion to Compel Discovery, VCC, LLC's Supplemental Motion to Compel Discovery and VCC, LLC's First Amended Supplemental Motion to Compel Discovery, all aimed at objections lodged by PSJA ISD against Requests for Production served on May 26, 2017 by VCC, LLC.

The Court has previously sustained the objections to Requests for Production Nos. 3, 6, 7, 8, 9, 10, 11, 12 and 13.

The Court sustains the objections to Requests for Production 14, 15, 17, 21, 22, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46.

With regard to Requests for Production 16, 18, 19, 20, 23, 24, 25, 26, 27, 28, 29, 30, and 31, PSJA ISD has lodged an objection to the Dallas location for production demanded by the Requests.

The Court sustains that location objection but ORDERS that upon the request of any party, PSJA ISD will make available for inspection and copying at the Law Office of Rene Ramirez, 2918 South Jackson Road, Suite 200, McAllen, Texas 78503, the original paper copy of any document that has been produced by PSJA ISD in discovery electronically (recognizing that some electronically produced documents were originally created electronically, for instance documents created in Microsoft Excel, and there are no "original paper" versions of such documents).

PSJA ISD has withdrawn its objection to Request No. 31 that "Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure." The objection being withdrawn, the Court makes no ruling on that objection.

Signed this 25th day of October 2017.

_____
JUDGE PRESIDING

cc:
**Pharr-San Juan-Alamo I.S.D.:**
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Henri Nicolas (henri@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Teresa A. Chavez (Teresa.Chavez@roystonlaw.com)
Aide Cervantes (Aide.Cervantes@roystonlaw.com)

Jessica Z. Barger (barger@wrightclose.com)
Bradley W. Snead (snead@wrightclose.com)

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Brett Levinson (blevinson@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)

Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Letty Cantu (cd@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)
Michele Medina (mmedina@ffllp.com)

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)


**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

Dean J. Siotos (dsiotos@rlattorneys.com)
Ariel Maloney (amaloney@rlattorneys.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)

J. Ross Broussard (rbroussard@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)
Naomi Gonzales (ngonzales@dawray.com)

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)
Alyssa Chaplin (achaplin@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)
Shayla Brooks (sbrooks@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Carlos Solis (carlos@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**CBI, L.L.C.:**
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)

Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

**Texas Fireguard, LLC:**
Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Scott Schendel (sschendel@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)
Alexander Merced (amerced@bpgrlaw.com)
Stacey Brock (sbrock@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)

C. Thomas Valentine (tvalentine@dawray.com)
Ellen M. Karp (ekarp@dawray.com)

**Saul Requenez d/b/a Palmview Steel Erectors:**
John Engvall, Jr. (jengvall@engvalltxlaw.com)
Meghan Cantu Strickland (mstrickland@engvalltxlaw.com)
Becky Johnson (bjohnson@engvalltxlaw.com)
Mindy Mufti (mmufti@engvalltxlaw.com)

**NATO GARCIA d/b/a NATO GARCIA COMPANY**
Andrew J. McCluggage (amccluggage@thompsoncoe.com)
Pierce T. Cox (pcox@thompsoncoe.com)
Sandra Hernandez (SHernandez@thompsoncoe.com)

**Cenergistic, LLC:**
David R. Woodward (dwoodward@cobbmartinez.com)
Matthew E. Last (mlast@cobbmartinez.com)
Angie Stevenson (astevenson@cobbmartinez.com)

**Joe W. Fly, Co.:**
J. Scott Howard (showard@texasdefense.com)
Phyllis Harmon (phyllis@texasdefense.com)

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC<br>   *Plaintiff and Counter-Defendant* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 93RD JUDICIAL DISTRICT |
| PHARR – SAN JUAN – ALAMO ISD<br>   *Defendant and Counter-Plaintiff* | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## ORDER REGARDING PRODUCTION OF ELECTRONIC DISCOVERY

On the 25th day of September 2017 hearing was held on this matter. At that time, the court began to consider the issues raised in Plaintiff and Counter – Defendant, VCC, LLC's Motion to Reconsider court's oral ruling VCC denying VCC, LLC's Motion to Compel discovery. Specially, Plaintiff's Counter Defendant VCC and Defendant Counter Claimant PSJA ISD presented argument regarding paragraph 2.2 of said motion and the electronic discovery discussed at the prior hearing of August 21, 20017. At the hearing of August 21, PSJA ISD's attorney was provided with the search term "Armko" and subsequently in a letter dated September 22, 2017 from Gene Blanton to Anthony Constant additional search terms were provided to PSJA ISD. After considering paragraph 2.2 of the motion the arguments of counsel, and the prior argument at the August 21, 2017 hearing, it is the opinion of the court that PSJA ISD should conduct searches pursuant to the search terms provided by VCC's attorneys and provide the responsonsive documents to VCC's attorney's in either paper or electronic form no later then 5:00 pm on October 2, 2017. It is therefore,

**ORDERED** that PSJA ISD conduct electronic searches of the term provided by VCC's counsel at the hearing of August 21, 2017 and in the letter of September 22, 2017 and provide the requested (non-privileged) documents to counsel for VCC on or before 5:00 p.m. on October 2, 2017 in either paper or electronic form.

**October**

Signed this **10th** day of ~~September~~ 2017 at Edinburg, Hidalgo County, Texas.

_Honorable Judge Rudy Delgado, Judge Presiding_

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com
Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules keith.uhles@roystonlaw.com
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawvers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawvers.com
e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawvers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com

61917:10318605.1                    2

Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com
Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| Defendant. | § | 93RD JUDICIAL DISTRICT |

## ORDER GRANTING VCC, LLC'S MOTION TO COMPEL E-MAILS PURSUANT TO COURT RULING ON SEPTEMBER 25, 2017

The Court has considered VCC, LLC's ("VCC") Motion to Compel E-Mails Pursuant to Court Ruling on September 25, 2017. After reviewing the said Motion, the Responses, and the arguments of counsel, the Court is of the opinion that VCC's Motion to Compel E-Mails Pursuant to Court Ruling on September 25, 2017 should be GRANTED. It is therefore,

**ORDERED, ADJUDGED, and DECREED** that Defendant, Pharr-San Juan Alamo Independent School District is ordered to produce by October 16, 2017 any and all e-mails found by implementing the 160 search terms that Plaintiff, VCC, LLC, provided to Defendant, Pharr-San Juan Alamo Independent School District on September 22, 2017.

SIGNED this the **18th** day of **October**, 2017.

_____
Honorable Judge Rudy Delgado, Judge Presiding

Cc: All counsel of record

Pharr-San Juan-Alamo I.S.D.:
Anthony Constant office@constantlawfirm.com
Pruett Moore III pmooreiii@sbcglobal.net
Rene Ramirez rramirezlaw@me.com

61917:10320162                                                                 Page 1
ORDER GRANTING VCC, LLC'S MOTION TO COMPEL PRODUCTION OF E-MAILS PURSUANT TO COURT RULING ON
SEPTEMBER 25, 2017

Rose Vela Rose.vela@me.com

VCC, LLC:
Patrick E. "Gene" Blanton gblanton@slatesharwell.com
Steve Bolline sbolline@slatesharwell.com
Mendy Meyer mmever@slatesharwell.com
Melissa Alejos malejos@slatesharwell.com
Gregory Turley gturlev@get-attorney.com
Gil P. Peralez gpp@peralezfranzlaw.com
Chris Franz ccf@peralezfranzlaw.com
Peralez Franz LLP Service service@peralezfranzlaw.com
Keith N. Ules
Esteban Delgadillo Esteban.delgadillo@roystonlaw.com

Ed Flume Building Specialties, Ltd:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Michael McCann mmccann@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

RGV Alliance Construction, L.L.C.:
David Garza dgarza@garzaandgarza.com

Hellas Construction, Inc.:
Gregg Brown grb-svc@germer-austin.com
Nancy Griffin Scates nscates@germer-austin.com
Juliana Countess jcountess@germer-austin.com
Ben Martin bmartin@germer-austin.com

JD Krane Floor Designs:
Adrian Senyszyn asenyszyn@brinandbrin.com
Doug Kennedy DKennedv@brinandbrin.com
Monica Maryland mmaryland@brinandbrin.com
Frank Sabo, Jr. fsabo@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

P.H.I. Service Agency, Inc.:
David Funderburk DFunderburk@ffllp.com
Diane Davis ddavis@ffllp.com
Cheryl Ward acward@ffllp.com
Carla Wiltshire cwiltshire@ffllp.com

Rio Roofing, Inc.:
H. Dwayne Newton dnewton@newton-lawyers.com
Michael B. Feibus mfeibus@newton-lawyers.com
Michele H. Pederson mhpederson@newton-lawyers.com

e-service@newton-lawyers.com
Mara Salazar msalazar@newton-lawyers.com

Strong Structural Steel, Ltd.:
Craig A. Nevelow cnevelow@w-g.com
Jennifer Hopper jhopper@w-g.com
Aguirre Framing & Construction, LLC:
Michael J. Quintana mquintana@gnqlawyers.com
Griselda Escamilla gescamilla@gnqlawyers.com

Southern Mechanical Air Conditioning:
Paul Byron Starr pstarr@germer-austin.corn
Sara Lutz Saral@germer.com
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

Metro Electric Inc.:
Barry Ray bray@adamsGraham.com
Eva Nieto enieto@adamsgraham.com
Visionscapes, Inc.:
Jerry L. Ewing jerry.ewing@wbclawfirm.com
Michelle A. Koledi Michelle.Koledi@wbclawfirm.com
Whitney Pittman Whitney.Pittman@wbclawfirm.com

R.A.S. Masonry, LLC:
Clinton J. Echols cechols@rmjelaw.com
Virginia Pederson vpederson@rmjelaw.com
Lisa Kelly lkellv@rmjelaw.corn
Wesson H. Tribble wtribble@tribblelawfirm.com
Pascal Arteaga parteaga@,tribblelawfirm.com
Kirsten Mills kmills@tribblelawfirm.com

NM Contracting LLC:
Robert L. Guerra rguerra@thorntonfirm.com
Martin A. Canales mcanales@thorntonfirm.com
Juan E. Moreno, Jr. jmoreno@thorntonfirm.com
Karen Guerra KGuerra@thorntonfirm.com

San-Co Steel Ltd d/b/a Southern Steel Fabricators Ltd:
Paul A. Smith, Jr. paul@solisandsmithlaw.com
Maggie Keller Maggie@solisandsmithlaw.com

ORDER GRANTING VCC, LLC'S MOTION TO COMPEL PRODUCTION OF E-MAILS PURSUANT TO COURT RULING ON
SEPTEMBER 25, 2017

Daniel Hernandez efiling@hdzfirm.com

Teni-Trak, Inc.:
Frank Sabo, Jr. fsabo@guerraleeds.com
Ysmael D. Fonseca YFonseca@guerraleeds.com
Cindy Ortega COrtega@GuerraLeeds.com

G&S Glass, LLC:
C. Thomas Valentine tvalentine@dawray.com
Thomas Demary tdemarv@dawray.com
Leslie Hanna lhanna@dawray.com
Saira Siddiqui SSIDDIQUI@dawray.com
Jacqueline Y. Smelley JSMELLEY@dawray.com
Schavonne Banzouzi SBANZOUZI@dawray.com
Dominique Bellard DBELLARD@dawray.com

CBI, L.L.C.:
Jesus Contreras Jconlaw23@gmail.com

TEGA Construction, LLC:
Daniel G. Rios dan@danrioslaw.com

Electronically Filed
10/16/2017 10:34 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff/Counter-Defendant*, | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| PHARR-SAN JUAN-ALAMO ISD, | § | |
| *Defendant/Counter-Plaintiff*. | § | HIDALGO COUNTY, TEXAS |

**MOTION TO ENFORCE
ORDER REGARDING PRODUCTION OF ELECTRONIC DISCOVERY
AND ALTERNATIVE MOTION FOR CONTINUANCE**

VCC, LLC files this Motion to request the Court to Enforce its prior Order Regarding the Production of Electronic Discovery, which directed PSJA to—

> conduct electronic searches of the term provided by VCC's counsel at the hearing of August 21, 2017 and in the letter of September 22, 2017 and **provide the requested (non-privileged) documents to counsel for VCC on or before 5:00 p.m. on October 2, 2017** in either paper or electronic form.

(Exhibit 1) PSJA says it has performed the searches. However, it refused to provide 99.99% the documents (in either electronic or paper form), and now gives the excuse that it is having trouble producing the emails. PSJA identified 49 million emails via the search terms (Exhibit 2); it has produced only 100 emails to date, most of which is junk email. (*Id.* at 51) This coming Monday will make it two weeks since the deadline passed.

VCC desperately needs this Court to intervene. It is already faced with an impossible trial setting and its counsel is working to the point of exhaustion with daily depositions and weekly hearings. It is doing all of this without essential discovery. And once PSJA produces the emails, many depositions will likely need to be re-taken. There is, of course, an easy solution to all of this—continue the trial setting to February 5, 2018.

# I.
## RELEVANT BACKGROUND

This Court is well aware of the factual background. PSJA filed its construction-defect claim about a year ago. It first disclosed its $48 million damage model about nine months ago, on January 27, 2016, despite hiring experts and investigating its claims back in 2015. The allegations are massive in scope. There are more than 40 parties. Depositions began on May 19, 2016, and have occurred since then at a break-neck pace. As of October 5, the parties had taken 44 depositions. They still need more than 40 more depositions. Trial is set for November 27, 2017.

All of this is happening while PSJA has refused to produce basic electronic discovery. In May 2017, at the first hearing on a request for continuance (which was denied) counsel for PSJA requested the Court take judicial notice of his letter to parties entering the case and PSJA's accommodation of providing all documents to the parties via an electronic link. The link contains only those documents handpicked by PSJA and does not contain information needed by VCC or the subcontractors to defend against PSJA's claims.

VCC first requested PSJA to produce relevant emails May 26, 2017. (Exhibit 3 at Ex. 203) PSJA did nothing to search for those documents. VCC asked PSJA again to produce emails on August 9, this time for separate categories of documents. (*Id.* at Ex. 205) PSJA did nothing to search for those documents. As to the original requests served on May 26, 2017, VCC attempted to resolve the lack of production by PSJA during the summer months and in the correspondence filed in support of VCC's previous motion to compel.

2

PSJA refused, saying no searches for archived or electronic information had been performed. VCC then filed a motion to compel the emails, which was originally heard on August 21, 2017, and which this Court granted on September 25, 2017 and directed PSJA to produce the relevant emails by October 2 at 5:00 p.m. (Exhibit 1) PSJA still did nothing. VCC asked PSJA yet again to produce the emails on October 4. (Exhibit 3 at Ex. 204) And agin, PSJA did nothing. In short, PSJA completely disregarded the Court's Order and has made a mockery of the Texas Rules of Civil Procedure.

On October 12, VCC took the deposition of Hector Daniel Rodriquez, who is the director of Management of Information Systems for PSJA School District. (Exhibit 2) He is the person responsible for doing the word searches and producing the emails for litigation for the School District. (*Id.* at 2, 21) His office is familiar with doing this type of work. (*Id.* at 4) He was first contacted on August 18, three months after VCC served its requests for production. (*Id.*) He was never provided with VCC's requests for production. (*Id.* at 21, 23, 30) He began to do the word searches on September 30. (*Id.* at 5; *see also* Exhibit 3 at Ex. 207) He was given 160 search terms. (Exhibit 2 at 7) The searches resulted in 49 million hits (which is five million more hits than what is contained on the archive server). (*Id.* at 8) To date, the only emails that have been extracted are 101 emails involving the word "hail." (*Id.* at 12) About 90% of those emails are "junk e-mail," and the production contains many duplications. (*Id.* at 51) He says that his team has had trouble extracting other emails, and has hired an engineer to figure out what is going on. (*Id.* at 11–12, 79) When asked if he had an estimate for when they would resolve the problem and finally produce the emails, he said: "Unfortunately, no. I wish I did have a date, because I want to get through this as

3

well. I'm supposed to hear back from him going into tomorrow." (*Id.* at 12) Nothing has happened since.

## II.
## THE NEED FOR THE ELECTRONIC DISCOVERY

The discovery at issue—emails—is fundamental in every modern era commercial lawsuit. In many cases, emails are the most critical form of discovery. They tell you what people were doing months or years in the past. Here are just a few examples of what the emails from the School District will show—

- If and to what extent the School District is seeking duplicative relief regarding the roof damage;

- The School District's knowledge back to 2011 regarding the alleged defects and what warranty, if any, the School District purchased or believed it purchased;

- The scope of repairs made or requested by the School District in the past;

- The specific complaints, if any, the School District made before it hired any experts;

- Any warranty requests made by the School District to VCC or any other party;

- Any issues raised by the design team to the School District of which VCC was not informed.

Nevertheless, because of the trial schedule and the School District's failure to produce the emails, VCC is taking daily depositions and preparing for trial without basic documents relating to these and other issues.

4

### III.
### LEGAL AUTHORITY

Texas Rule of Civil Procedure 308 provides, in part: "The court shall cause its judgments and decrees to be carried into execution." That is precisely what VCC asks the Court to do here. PSJA has refused to comply with this Court's Order. Trial is six weeks away and VCC still does not have basic and necessary discovery. An impossible trial setting and discovery schedule is being made worse. VCC asks the Court to intervene and to enforce its Order to save VCC from even further hardship and prejudice. Again, since this Court ordered PSJA to produce emails on October 2, 2017, VCC has received approximately 100 emails (mostly nonresponsive or unreadable) of the alleged 49 Million hits found in response to the search terms run through PSJA's archive server that only houses 44 million records.

### IV.
### RELIEF REQUESTED

Accordingly, VCC asks the Court to enforce its September 25 Order Regarding Production of Electronic Discovery by ordering PSJA to produce *all* responsive, non-duplicative emails (as narrowed by the requests for production) in a readable format by Friday, October 20, 2017 at 5:00 p.m.. VCC further requests the Court to order that, in the event PSJA fails to timely produce such documents, (1) PSJA must pay costs of all depositions taken since October 2, (2) PSJA cannot make any argument that could be contradicted by emails that have not been produced by PSJA, and (3) PSJA's counsel must provide a detailed accounting (i.e., dates, amount of time, and persons involved) of all

5

efforts to timely search for, review, and produce electronic records that are responsive to the written discovery requests.

In the alternative, VCC requests the Court to continue the trial setting to the back-up trial date of February 5, 2018 to allow PSJA time to complete the document production and to allow VCC to depose and re-depose any necessary witnesses based on the email production.

Respectfully submitted,

WRIGHT & CLOSE, LLP

/s/ Bradley W. Snead
Jessica Z. Barger
State Bar No. 24032706
Bradley W. Snead
State Bar No. 24049835
One Riverway, Suite 2200
Houston, Texas 77056
Tel. 713.572.4321
Fax 713.572.4320
barger@wrightclose.com
snead@wrightclose.com

PERALEZ FRANZ, LLP
Gil P. Peralez
State Bar No. 00791426
Chris Franz
State Bar No. 00792514
1416 W. Dove Ave.
McAllen, Texas 78504
Telephone: 956.682.3660
Facsimile: 956.682.3848
service@peralezfranzlaw.com

SLATES HARWELL, LLP
John Slates
State Bar No. 00794646
Patrick E. "Gene" Blanton

6

State Bar No. 24058209
Stephen C. Bolline II
State Bar No. 24069396
1700 Pacific Avenue, Suite 3800
Dallas, Texas 75201-4761
Tel: (469) 317-1000
Fax: (469) 317-1100
jslates@slatesharwell.com
gblanton@slatesharwell.com
sbolline@slatesharwell.com

ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
Keith N. Uhles
State Bar No. 20371100
Esteban Delgadillo
State Bar No. 24087406
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377
(956) 542-4370 (Facsimile)
keith.uhles@roystonlaw.com
Esteban.delgadillo@roystonlaw.com

*Attorneys for VCC, LLC*

7

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document was forwarded via electronic mail to all counsel of record on this 13th day of October 2017.

*/s/ Bradley W. Snead*
Bradley W. Snead

Electronically Filed
10/23/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**101**
**THIRD AMENDED**
**<u>Discovery Control Order and Trial Setting for the Southwest Early College High School</u>**
IT IS ORDERED:

The parties against whom a claim has been made regarding the construction of the Southwest Early College High School and the parties making such claim, shall abide by the following schedule and deadlines and the claims shall be tried on the "TRIAL" date stated or, if the case is not tried on that date, the claims shall be tried on the "Back up trial date."

**Southwest Early College High School**

| | |
|---|---|
| TRIAL | November 27, 2017 |
| Back up trial date | February 5, 2018 |
| | |
| Pleadings Final and Filed by | November 13, 2017 |
| | |
| Daubert Challenges Filed by | November 13, 2017 |
| | |
| Dispositive Motions Filed by | November 13, 2017 |
| | |
| Exhibit and witness list exchanged, Limine motions filed, designation by Page and line deposition testimony by | November 13, 2017 |
| | |
| Discovery Completed by | November 17, 2017 |
| | |
| Pre-Trial Hearing | November 20, 2017 at 11:00 a.m. |

Signed this **24th** _____ day of October 2017.

_____
JUDGE PRESIDING

1

cc:

**Pharr-San Juan-Alamo I.S.D.:**
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Lee Shidlofsky (lee@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Yendi V. Villarreal (Yendi.Villarreal@roystonlaw.com)

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)

**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Steve Umeh (sumeh@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

3

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

4

**CBI, L.L.C.:**
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

**Texas Fireguard, LLC:**
Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

5

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)



October 03, 2017

*Via Email*:
keith.uhles@roystonlaw.com
Mr. Keith N. Uhles

Mr. Patrick E. "Gene" Blanton
gblanton@slatesharwell.com

Mr. Stephen Bolline
sbolline@slatesharwell.com

RE: **Results of running your search terms – REPORT #2**

> CAUSE NO. C-1269-16-B
> *VCC, LLC v. PHARR-SAN JUAN-ALAMO*
> *INDEPENDENT SCHOOL DISTRICT*
> In the 93rd Judicial District Court, Hidalgo County

Dear Keith, Gene and Stephen,

On September 22, 2017, you asked PSJA ISD to search the District's email archive from January 1, 2010 until the present for 160 words.

Here are the results. Each Block includes a search for each of the ten words you asked that we search for, the number you assigned to each word is the number in parenthesis for each Block. Block 1 Terms (1-10) are the terms you numbered 1 through 10. We ran them together to reduce the number of searches from 160 to 16. We filtered the search so that it did not find emails that were communications between the District and its lawyers. We are unable to filter out information about minors or about personnel issues or any individual's personal health or other personal issues.

Please confirm that you agree that you will immediately destroy such emails and not share them when you find them.

If you have any other suggestion about how we should handle the privacy issues for minors, students, teachers and other District employees, please tell me and let's agree on some way to protect them.

| Search Terms | Email Hits |
|---|---|
| Block 1 Terms (1-10) | 44,883 |
| Block 2 Terms (11-20) | 933,613 |
| Block 3 Terms (21-30) | 17,561,952 |
| Block 4 Terms (31-40) | 6,046,009 |
| Block 5 Terms (41-50) | 3,846,086 |
| Block 6 Terms (51-60) | 2,702,151 |
| Block 7 Terms (61-70) | 797,440 |
| Block 8 Terms (71-80) | 1,814,710 |
| Block 9 Terms (81-90) | 1,579,151 |
| Block 10 Terms (91-100) | 126,685 |
| Block 11 Terms (101-110) | 2,421,880 |
| Block 12 Terms (111-120) | 3,711,114 |
| Block 13 Terms (121-130) | 2,164,330 |
| Block 14 Terms (131-140) | 196,898 |
| Block 15 Terms (141-150) | 3,617,518 |
| Block 16 Terms (151-160) | 1,482,718 |
| **GRAND TOTAL HITS** | **49,047,138** |

Mr. Hector Rodriguez, PSJA ISD's Director of Management Information Systems, who is personally conducting the searches, provided this information to me last night around midnight (11:28 PM to be precise). Mr. Rodriguez is obviously working on this with intensity. Mr. Rodriguez gave me this update:

"I'll be working with our vendor tomorrow on getting a better grasp on the total run time we can expect for the email extractions into PDF format since the hits are rather large we could see some extended amount of time to extract each block of terms. I'll provide an update tomorrow."

Once we have some idea how long extraction will take, we will let you know. When extraction is successful, we will deliver the results to you by Dropbox link.

Very truly yours,

Anthony F. Constant

REPORTER'S RECORD
VOLUME 001 OF 001 VOLUME
TRIAL COURT CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | * | IN THE DISTRICT COURT OF |
| PLAINTIFF AND | * | |
| COUNTER-DEFENDANT, | * | |
| | * | |
| VS. | * | 93RD JUDICIAL DISTRICT |
| | * | |
| PHARR-SAN JUAN-ALAMO | * | |
| INDEPENDENT SCHOOL DISTRICT, | * | |
| DEFENDANT AND | * | |
| COUNTER-PLAINTIFF. | * | HIDALGO COUNTY, TEXAS |

_____

HEARING ON PRETRIAL PROCEEDINGS

_____

On the 18th day of October, A.D., 2017, the foregoing proceedings came on to be heard outside the presence of a jury, in the above-entitled and enumerated cause; and the following proceedings were had before the Honorable Rodolfo Delgado, Judge Presiding, held in Edinburg, Hidalgo County, Texas, USA;

Proceedings reported by computerized integrated courtroom realtime, stenotype machine; Reporter's Record produced by computer-assisted transcription.

JACQUELINE INKS, Texas CSR #5162
Official Court Reporter - 93rd District Court
Hidalgo County Courthouse
100 North Closner, Second Floor
Edinburg, Texas  78539 USA
956.318.2255

modifying that to next Tuesday is due to the mediation.

MR. UHLES: And then next Tuesday, Your Honor, will be the matters on the notice of hearing for today that have not previously been addressed.

THE COURT: Exactly.

MR. BLANTON: Finally, Your Honor, just to get final clarification, on our motion to enforce the e-mails, while we understand that they are working on this process -- in fact, during this hearing, I've come to learn Mr. Constant produced another 165 e-mails, only one of which has content that we were actually able to read. If you are not going to order them to produce all of their e-mails by the end of this week, we are requesting a continuance of the trial date at this time.

THE COURT: I could see that coming. And, Mr. Constant, so should you. The only reason why I held back on ordering that it be done by this Friday at 5:00 -- which is what I really wanted to do -- is due to the nature of Mr. Constant's arguments with respect to the difficulty. I can only imagine the difficulty of that. But since there appears to be a good-faith effort to try to get that information to you, I've made my ruling. And every indication is that I will continue to get motions for continuance and you'll put forth your reasons why; and they'll be even more compelling, I suspect, as the days go

closer to the day of trial.

MR. BLANTON: Certainly, Your Honor. And while I appreciate that in your previous orders, I'm just trying to get clarity so that I can report to my clients that if you've previously ordered them to produce by October 2, you've told them again last week when we were here to get on it and produce them, we are here now a third time. There is no teeth to the order; and if you won't order them to produce by the end of this week, we are requesting a continuance. If we're not getting that relief, that's fine. We just need clarity that you are denying that relief.

THE COURT: Today's denied.

MR. BLANTON: Thank you.

THE COURT: Anything else?

MR. GAMEZ: Your Honor, if I may address the Court.

THE COURT: Yes, Mr. Gamez?

MR. GAMEZ: Mr. Blanton has just asked for a mandatory order for people to appear at this mediation. I have previously advised him by e-mail that I cannot attend on October 25th. The reason I cannot attend is I have another hearing in Cameron County. It's -- I have to be present for that hearing myself. And so, I want to be excused from that mediation. My insurance rep will be

THE STATE OF TEXAS

COUNTY OF HIDALGO:

### CERTIFICATE OF COURT REPORTER

I, JACQUELINE INKS, Official Court Reporter in and for the 93rd Judicial District Court of Hidalgo County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-entitled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $__718.00__ and will be paid by WRIGHT & CLOSE, LLP.

WITNESS MY OFFICIAL HAND on this the 19th day of October, 2017.

/s/ JACQUELINE INKS
_____
JACQUELINE INKS, CSR
Official Court Reporter
93rd District Court
100 N. Closner
Edinburg, Texas 78539
(956) 318-2255
Cert. No. 5162; Expires: 12/31/18

CAUSE NO. C-1269-16-B

| VCC, LLC | § | IN THE 93rd JUDICIAL |
| Plaintiff | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

**ORDER Regarding Inspection and Copying of Original Emails Produced by PSJA ISD in Response to VCC, LLC's September 22, 2017 Request for Production**

PSJA ISD has agreed to produce the emails resulting from the search for the 160 terms requested to be produced in VCC, LLC's September 22, 2017 Request for Production.

IT IS ORDERED that:

1. PSJA ISD will make the emails available beginning Monday, October 30, 2017 at 7 a.m. and will continue to make them available until 9 p.m. that evening.

2. PSJA ISD will make the emails available everyday thereafter during the same period each day up to and including November 21, 2107.

3. Any party wishing to inspect the emails shall notify office@constantlawfirm.com at least 48 hours before the start time each day that:

   3.1. the party intends to inspect the email on a specific date;

   3.2. the time the party will arrive to inspect the email on that date;

   3.3. the time the party will end its inspection of the email on that date;

   3.4. the identify of each representative of the party who will conduct the inspection on that date.

4. Each hour of the day during the inspection time, inspection will begin on the hour and inspection will end 50 minutes after the hour so that all parties will enjoy a ten-

1

minute break from the process every hour. The inspectors shall leave the inspection area during the ten-minute break so that the PSJA assistants can have a ten-minute break each hour.

5. The inspector will not search the database.

6. The inspector will not explore the database or any part of PSJA's network.

7. The inspector will inspect only the window presented to the inspector by PSJA.

8. The inspector will place a check mark beside any email the inspector wishes to have sent to the inspector's specified email address.

9. The inspector may read any of the emails presented as a result of the search for the 160 terms and their attachments and the inspector may select any email to be forwarded to the inspector's specified email address; but **the inspector MUST NOT TAKE ANY OTHER ACTION with the interface or the database.**

10. After the inspector has chosen emails to be forwarded to the inspector's specified email address, PSJA ISD will forward those emails to that address. PSJA ISD will do this on a daily basis unless otherwise agreed by the parties.

11. The inspector will not tag any email about students, personal issues, or health of individuals. If any such information nevertheless is received by the inspector or their law firm, the inspector will immediately destroy such email. If such email also contains information relevant to this cause, the inspector will be allowed to tag the email for export but upon receipt, the inspector shall immediately redact all information about students, personal issues or health of individuals and shall immediately send a copy of the original email and the redacted email to office@constantlawfirm.com. The term "personal issues" includes all information about an individual's income, salary or expense reimbursement and any

2

performance evaluation.

12. The inspectors and their law firm will not share the data with any person outside their law firm.

13. Mr. Blanton and Mr. Constant may, by written agreement signed by both of them, add additional details to the protocol created by this order.

Signed this 27th day of October 2017.

_____
JUDGE PRESIDING

cc:
**Pharr-San Juan-Alamo I.S.D.:**
Juan J. Hinojosa (jjhinojosa@bizrgv.rr.com)
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Henri Nicolas (henri@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Teresa A. Chavez (Teresa.Chavez@roystonlaw.com)
Aide Cervantes (Aide.Cervantes@roystonlaw.com)

Jessica Z. Barger (barger@wrightclose.com)
Bradley W. Snead (snead@wrightclose.com)

3

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Brett Levinson (blevinson@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Letty Cantu (cd@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

4

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)
Michele Medina (mmedina@ffllp.com)

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)

**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

Dean J. Siotos (dsiotos@rlattorneys.com)
Ariel Maloney (amaloney@rlattorneys.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
J. Ross Broussard (rbroussard@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)
Naomi Gonzales (ngonzales@dawray.com)

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)
Alyssa Chaplin (achaplin@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)
Shayla Brooks (sbrooks@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Carlos Solis (carlos@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**CBI, L.L.C.:**
David Flores (maryq@floresandtorresllp.com)
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)
Scott Seidl (sseidl@rubinsonlaw.com)

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

7

**Texas Fireguard, LLC:**
Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Scott Schendel (sschendel@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)
Alexander Merced (amerced@bpgrlaw.com)
Stacey Brock (sbrock@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)

C. Thomas Valentine (tvalentine@dawray.com)
Ellen M. Karp (ekarp@dawray.com)

**Saul Requenez d/b/a Palmview Steel Erectors:**
John Engvall, Jr. (jengvall@engvalltxlaw.com)
Meghan Cantu Strickland (mstrickland@engvalltxlaw.com)
Becky Johnson (bjohnson@engvalltxlaw.com)
Mindy Mufti (mmufti@engvalltxlaw.com)

**NATO GARCIA d/b/a NATO GARCIA COMPANY**
Andrew J. McCluggage (amccluggage@thompsoncoe.com)
Pierce T. Cox (pcox@thompsoncoe.com)
Sandra Hernandez (SHernandez@thompsoncoe.com)

**Cenergistic, LLC:**
David R. Woodward (dwoodward@cobbmartinez.com)
Matthew E. Last (mlast@cobbmartinez.com)
Angie Stevenson (astevenson@cobbmartinez.com)

**Joe W. Fly, Co.:**
J. Scott Howard (showard@texasdefense.com)
Phyllis Harmon (phyllis@texasdefense.com)

Cause No. C-1269-16-B; VCC v. PSJA
Summary of Depositions

| Depo Date | Witness | On the Record | Off the Record | Total Minutes |
|---|---|---|---|---|
| 5/18/2017 | Hector Zuniga | 1:41 PM | 6:04 PM | 263 |
| 5/19/2017 | Rene Molina | 9:11 AM | 11:28 AM | 137 |
| 5/19/2017 | Alfred Castillo, Jr. | 12:09 AM | 1:35 PM | 86 |
| 6/6/2017 | Homer Villareal | 9:15 AM | 12:32 PM | 197 |
| 6/6/2017 | Fernando Lopez | 1:40 PM | 5:03 PM | 203 |
| 6/7/2017 | Juan Cantu | 12:37 PM | 1:28 PM | 51 |
| 6/7/2017 | Rubio Muniz | 9:07 AM | 11:00 AM | 113 |
| 6/14/2017 | Orlando Garcia | 2:23 PM | 4:29 PM | 126 |
| 6/14/2017 | Moises Garcia | 1:05 PM | 1:57 PM | 52 |
| 6/14/2017 | Gabriel Cabrera | 4:52 PM | 6:20 PM | 88 |
| 6/15/2017 | Coach Ruben Moreno | 8:55 AM | 10:51 AM | 116 |
| 6/15/2017 | Eric De Leon | 2:39 PM | 3:16 PM | 37 |
| 6/15/2017 | Coach Jesus Reyes | 11:01 AM | 2:16 PM | 195 |
| 6/20/2017 | Felix Acala | 2:52 PM | 5:13 PM | 141 |
| 6/20/2017 | Jesus Guajardo | 5:18 PM | 5:59 PM | 41 |
| 6/20/2017 | Marta Ramirez | 1:08 PM | 2:22 PM | 74 |
| 6/21/2017 | Rick Garica | 10:05 AM | 11:25 AM | 80 |
| 6/21/2017 | Frankie Hernandez | 8:41 AM | 9:38 AM | 57 |
| 6/21/2017 | Jaime Barbosa | 12:36 PM | 3:06 PM | 150 |
| 6/27/2017 | Hector Leal | 1:08 PM | 2:03 PM | 55 |
| 6/27/2017 | Virginia Saenz | 2:43 PM | 3:49 PM | 66 |
| 6/27/2017 | Rich Lucero | 4:10 PM | 6:23 PM | 133 |
| 6/28/2017 | Juan Gonzalez | 10:26 AM | 11:10 AM | 44 |
| 6/28/2017 | Alejandro Elias | 12:02 PM | 1:35 PM | 93 |
| 6/28/2017 | Ricardo Ramos | 8:39 AM | 9:30 AM | 51 |
| 7/13/2017 | Ed Stacy | 10:20 AM | 6:44 PM | 504 |
| 7/18/2017 | Bob Wallace | 10:09 AM | 5:45 PM | 456 |
| 7/20/2017 | Randy Lewis | 10:10 AM | 5:36 PM | 446 |
| 7/26/2017 | Randy Lackner | 10:19 AM | 7:57 PM | 578 |
| 8/1/2017 | Mike Krismer | 10:14 AM | 6:51 PM | 517 |
| 8/2/2017 | Bill Holder | 9:11 AM | 7:51 PM | 640 |
| 8/7/2017 | Ben Craig | 1:08 PM | 2:02 PM | 54 |
| 8/8/2017 | Greg Long | 10:18 AM | 4:41 PM | 383 |
| 8/9/2017 | Ken Easterwood | 10:30 AM | 4:45 PM | 375 |
| 8/15/2017 | Kenny O'Bannon | 10:11 AM | 8:48 PM | 637 |
| 8/18/2017 | Eric Althouse | 9:17 AM | 4:23 PM | 426 |
| 8/23/2017 | Bradley Davis | 10:44 AM | 2:04 PM | 200 |
| 9/7/2017 | John Schedler | 9:19 AM | 11:31 AM | 132 |
| 9/26/2017 | Victor Perez | 9:03 AM | 10:21 AM | 78 |
| 9/26/2017 | Reymundo Gonzalez | 10:26 AM | 11:10 AM | 44 |
| 9/27/2017 | Ben Garza | 9:18 AM | 12:20 PM | 182 |
| 9/27/2017 | Ronnie Cantu | 1:42 PM | 4:13 PM | 151 |
| 9/29/2017 | Charles Smith | 10:18 AM | 2:02 PM | 224 |
| 10/2/2017 | Matt Miles | 10:06 AM | 12:54 PM | 168 |
| 10/4/2017 | Rey Sanchez | 9:13 AM | 11:33 AM | 140 |
| 10/12/2017 | James Rodriguez | 9:06 AM | 12:03 PM | 177 |
| 10/12/2017 | Hector Rodriguez | 1:40 PM | 3:53 PM | 133 |
| 10/17/2017 | Eugene Palacios | 1:35 PM | 3:24 PM | 109 |
| 10/19/2017 | John Schedler Vol. 2 | 10:12 AM | 2:51 PM | 279 |
| 10/19/2017 | Frank Reeves | 3:13 PM | 5:27 PM | 134 |
| 10/23/2017 | Janet Robles | 1:35 PM | 5:07 PM | 212 |
| 10/26/2017 | Ralph Pitzer | Not In from Reporter | | |
| 10/27/2017 | Anthony Constant | Not In from Reporter | | |
| 11/1/2017 | Dale Grantham | Scheduled | | |
| | | | TOTAL | 10028 |

**Patrick "Gene" Blanton** *Partner*

469 317 1055 p   469 317 1155 f
gblanton@slatesharwell.com



1700 Pacific  Suite 3800  Dallas  Texas 75201
469 317 1000  slatesharwell.com

October 25, 2017

<u>*Via E-mail*</u>
Anthony F. Constant
Constant Law Firm
800 N. Shoreline Boulevard, Suite 2700
Corpus Christi, TX 78401

Re:     Cause No. C-1269-16-B; *VCC, LLC v. PSJA*

Dear Anthony:

I'm responding to your emails from yesterday with this thread so that everyone can chime in without the difficulties associated with the Group Address. Your emails yesterday are below.

- 10:24 – 5:32 pm
  - Please inspect the protocol I sent to you last Friday and let me know if you will agree to abide by it. If not, please make a proposal yourself so we have an understanding of how to proceed. I included what I perceived we need to agree on as a bare minimum. Please let me know what you find satisfactory. We are arranging for space, equipment, connectivity and personnel. If there is anything in particular you think you will need, please let me know. We can work together and adjust as needed to fit our various challenges.
- 10/24 – 4:42 pm
  - We need to know how many places to set for you so we have a monitor, keyboard and mouse for each person you assign. Please provide the totals including all representatives for all subcontractors so we have equipment for everyone.
- 10/24 – 4:39 pm
  - We are staffing up. Please tell us the day you will start and time. Please tell us the hour you will stop each day. Please tell us when we will break for lunch.

I am having two people appear on Monday to begin some type of review and inspection of the 49 million documents to see what can be used. I cannot predict what times they will start and finish, other than they will be there by noon on Monday. Other counsel have indicated they would also like to be allowed the opportunity to review the 49 million documents being produced by the

_____

district in this litigation. The attorneys for the following parties have indicated their desire to participate – JD Krane, Teni-trak, Nato Garcia, Strong Structural Steel. I believe others will as well and I invite them to provide you with their intentions. I'm not sure how many work stations you have, but it sounds like you will need more than 2 or 3 work stations. We would also like to know what system is being used and what type of access to the system will be provided. I'll send you a separate list of questions regarding the data and access issues.

Again, 49 million documents between now and the deadlines on the scheduling order is approximately 4 million documents to be reviewed per day. That is simply undoable and a material prejudice to all non PSJA ISD parties. We are participating in good faith and reserving our rights to seek any further relief from the order of the Court yesterday.

Please advise as to where they should go and who they should ask for on Monday.

Thanks,

Patrick "Gene" Blanton

| From: | Anthony Constant (CLF) |
|---|---|
| To: | VCC v PSJAISD GROUP |
| Subject: | Please fill out the attached sign up sheets showing the date, reader"s name, start time and stop time |
| Date: | Thursday, October 26, 2017 5:12:47 PM |
| Attachments: | image001.png |
| | DATE 10.30 and 10.31.docx |
| | DATE 11.01 to 11.08.docx |
| | DATE 11.09 to 11.16.docx |
| | DATE 11.17 to 11.24.docx |
| | DATE 11.25 to 12.02.docx |

Please use all of the attached sign-up sheets and fill in the reader's name for EACH DAY the reader will read and please provide the stop and start time for that day. Please notice that each page begins a new date. If you are going to be reading multiple days but not consecutive, please say so and fill in the name, start, stop time for EACH date. Please do this now before the weekend begins so that we can be ready for you on Monday. Please return the entire set to me. that way I can collate all the responses by date and know how many places to set for that date. THANK YOU.

Frank said Tiffany would be every weekday > that is good enough. We then know what day she will be there and he provided the start and stop time for each day.

THANK YOU for your cooperation in laying out the schedule so that PSJA can plan to meet your needs.

PJSA has to load the results of the search so that when you arrive, the results are available for you to begin without waiting for the machine to go find the results again and reload them.

The machine will not hold the search results indefinitely as you would expect if you placed emails from a search on Outlook into a folder. Instead, after some time (I do not know a quantity), the result disappears and the same search must be repeated to gather the lost lambs. If we know 4 people will begin working Tuesday at 9 a.m., then we can load Block 1 on one machine, block two on another and so on and so forth. Then each person could sit and read a particular chunk of emails and the person next to them would read a separate chunk of emails (and presumably all of you would share your results so that it would not be necessary for each individual to inspect each individual email). Some Blocks will load overnight. Some blocks may take longer – we cannot predict because all we have is a quantity and we do not know whether the content includes images. A block with 3 million results including video will take a long time to load – how long we cannot predict.



**Anthony F. Constant**
One Shoreline Plaza
800 N. Shoreline Boulevard Suite 2700
Corpus Christi, Texas 78401

| OFFICE | 361 698 8000 |
|---|---|
| CELL | 361 510 8333 |
| FAX | 361 887 8010 |

CONFIDENTIALITY NOTICE: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally priveleged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at 800 280 3449 or reply by email, and destroy all copies of the original message.

| DATE | Name | Start Time | Stop Time |
|---|---|---|---|
| 10.30 | Blanton 1 | 1 pm | 9 pm |
| | Blanton 2 | 1 pm | 9 pm |
| | Ysmael Fonseca | 1pm | ?? |
| | Tiffany Rowell | 1 pm | 5 pm |
| | Meghan Strickland | unstated | unstated |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 10.31 | Name | Start Time | Stop Time |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| DATE | NAME | START TIME | STOP TIME |
|---|---|---|---|
| 11.01 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.02 | Name | Start Time | Stop Time |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.03 | Name | Start Time | Stop Time |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.04 | Name | Start Time | Stop Time |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.05 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.06 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.07 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.08 | Name | Start  Time | Stop  Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| DATE | NAME | START TIME | STOP TIME |
|---|---|---|---|
| 11.09 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.10 | Name | Start Time | Stop Time |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.11 | Name | Start Time | Stop Time |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.12 | Name | Start Time | Stop Time |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.13 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.14 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.15 | Name | Start  Time | Stop  Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.16 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| DATE | NAME | START TIME | STOP TIME |
|---|---|---|---|
| 11.17 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.18 | Name | Start Time | Stop Time |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.19 | Name | Start Time | Stop Time |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.20 | Name | Start Time | Stop Time |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.21 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.22 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.23 | Name | Start  Time | Stop  Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.24 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| DATE | NAME | START TIME | STOP TIME |
|------|------|-----------|-----------|
| 11.25 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.26 | Name | Start Time | Stop Time |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.27 | Name | Start Time | Stop Time |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.28 | Name | Start Time | Stop Time |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.29 | Name | Start  Time | Stop  Time |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 11.30 | Name | Start Time | Stop Time |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| 12.01 | Name | Start  Time | Stop  Time |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| 12.02 | Name | Start  Time | Stop  Time |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

P R O C E E D I N G S

October 24, 2017.

HECTOR RODRIGUEZ,

having been first duly sworn, testified as follows:

CROSS-EXAMINATION

BY MR. BLANTON:

Q. Mr. Rodriguez, you mentioned earlier your title for the District. What is it again?

A. MIS director.

Q. And you have done searches for the District as part of litigation claims before, haven't you?

A. Yeah, yes.

Q. And in the -- in your previous experience dealing with searches, how is that done?

A. Normally we'll just got PIR requests. I'll see more of those more than anything else.

Q. What type of requests?

A. Public information requests.

Q. Okay. And what do you do with those?

A. Same thing that we'll do with them. We've got search perimeters on there and we'll kind of jot them -- put them into the system, spit the results out and then provide them to our public relations department office.

Q. And earlier you testified you've never tried

to extract or produce 49 million emails; is that correct?

A.   That's correct.

Q.   Is that also because there aren't 49 million emails?

A.   That's correct, there's not 49 million, there are actually 44 million emails in the system.  That 49 million number includes duplicates because those terms could be -- could show up in multiple emails throughout any of the search blocks.  So if an email in search block 1 could show up in search block 16, 15, 14, 13 and so forth.

Q.   Sure.  And you've never tried to produce 44 million emails, have you?

A.   No, I have not.

Q.   And earlier we discussed with the Court the review of the request for production that you and I discussed at your deposition.  Do you recall that?

A.   Yes, sir.

Q.   All right.  Let me show you some of those specific requests.  If you would look at what's marked as page 7 on the bottom, the second sheet.  Do you recall looking at these during your deposition?

A.   Yes, sir, you showed them to me.

Q.   And, again, you've never seen these prior to

the time that I showed you in the middle of October;
is that correct?

A. That is correct.

Q. And so do you see No. 17 before you?

A. No. 17?

Q. Yeah.

A. Yeah -- yes.

Q. Can you read that for me.

A. "The term 'Raba' shall mean Raba Kistner."

Q. Page 7.

A. Oh, 17 or 7?

Q. Let's go through these down here.

A. Okay.

Q. Stick with these.

A. All right.

Q. 23.

A. You want me to read them tab down?

Q. Let's start with No. 35.

A. No. 35, "All documents and communications reflecting schedules for HVAC maintenance at the project."

No. 36, "All documents and communications regarding the testing and balancing of HVAC system at the project."

Q. Let's stop -- let's just stop at those two.

A. Okay.

Q. Can you conduct a search with those types of documents?

A. If they were done in email.

Q. Could you use -- could you use your knowledge in your position at the District to search through the District's emails to come up with documents that would respond to those specific requests?

A. Yes, as long as they were -- as long as the transport was email.

Q. And would it require the District to pay any money to some third-party vendor?

A. Not that I'm aware of, no.

Q. Do you think it would take days and weeks for you to conduct -- to complete that search?

A. Just those two, no.

Q. Would it take days and weeks for the use of any other District personnel to complete that search?

A. Should not, no.

Q. Would it be overly burdensome for you to complete that search?

A. No.

Q. Do you understand what types of documents that are being requested as part of those two specifics requests?

A. What kind of documents? Again, the -- the appliance that I'm in charge of is just the email archiver so if there was communication via email and those documents are there with these terms then I would be able to search for them.

Q. Sure. Any emails that would relate to those type of requests --

A. Right.

Q. -- you would be able to find?

A. If it's on the archiver, yes.

Q. If it's there.

A. If it's there.

Q. And would it be a lot quicker and easier than going through the six-week process where you've able to identify one year's worth of emails that are being processed right now?

A. Yes.

Q. Wouldn't it just be a lot quicker for you to run that search and do that so that people interested in the HVAC system at the school could also review those documents?

A. Sure, absolutely.

Q. And could you go through the 49 million hits that you now have to find those documents?

A. With the system in its -- as it is now, yes,

I can. It seems like we're getting better performance out of it. The only -- my only comment to 35 is it says "schedules for HVAC," I mean, so I would need some specifics as to terms or to/from, you know, cause here again it's -- that's a broad stroke. I mean, if you're looking for HVAC I could put HVAC in the terms and let it see what it gets, what it picks up.

Q. And if you were looking for some guidance on those terms, might you look to the search terms that were provided to you as part of the September 22nd letter?

A. We could, yes.

Q. And then if you go to No. 37, which one is that? Can you read that request out loud?

A. I don't have a 37.

Q. I believe it's "All documents and communcations regarding --"

A. 36?

Q. "-- any recommendations or procedures from Synergistic or any third-party vendor recording the settings of the HVAC system at the project." You see that one?

A. Uh-huh.

Q. Would you be able to do the same type of searches for those documents?

A. Yes.

Q. Again, not really burdensome?

A. It's just a matter of putting search perimeters in.

Q. You realize that we're in a construction defect case, right?

A. Yes.

Q. And you realize that they're allegations by the District that VCC and the subcontractors didn't build the schools according to the plan and specification, right?

A. According to what I've heard, yes.

Q. So do you think that you could search for the items in No. 17? 17 is "All documents, communications and reports regarding inspections performed by any member of a design team."

A. I would need to know who members of the design team were.

Q. Certainly. And if I define the design team for you -- let me see if I can find it. I believe you might have it in front of you. If I define the design team for you as Noe Garza, ROFA, Hinojosa, the Alex Group, Raba, and Armko, would that give you enough information?

A. That's giving me emails so, yes.

Q. Those are names of parties contracted by the District as the design team.

A. So --

Q. You would be able to do that?

A. I would just need to know domain information. There it doesn't tell me, it just tells me who -- who they are and who they work for but I would need some further specifics.

Q. Those are the names of companies.

A. Correct.

Q. What about let's take something even more simple.

A. Uh-huh.

Q. "All documents and communications regarding the selection of the roof for the project."

A. So what are you asking me to search for?

Q. Could you find any documents from the District regarding the selection of the roof materials used at the project?

A. Again, that's a -- you know, I mean, the way you're rephrasing the question or the statement is it's -- it's general for the -- for the -- in terms of the email archiver so -- can you read the statement again and I'll kind of --

Q. Could you do a search -- the request is "All

9

documents and communications regarding selection of the roof for the project."

A. So, I mean, I'm only seeing the key word of "roof" maybe.

Q. If I put in the search selection, roof and then project would be the Southwest High School, could you do that search?

A. It can do that.

Q. And would that be overly burdensome for you to do?

A. To put it in the search, no.

Q. Would it likely yield 49 million hits?

A. I don't think so. I don't know how many hits that would come up with.

Q. Any reason to think it would yield 5 million more hits than are currently on the server?

A. No.

Q. Earlier you talked about the current proposal. Actually, let's go back to your Exhibit 1 that Mr. Constant went over in detail with you. If I turn to page 1, the Monday, August 21st, 2017 entries --

A. Uh-huh.

Q. -- I see in Section 2, Subsection b and c, "Results pulled up approximately 65 emails." This was

in response to the Armko search; is that correct?

A. Yes, sir.

Q. Have those 65 emails ever been produced in this case?

A. That was -- no, they've never been exported from the system.

Q. Why is that?

A. Back then, this was the first initial -- I think this is maybe a couple of days after my first initial contact with Mr. Constant and I think there if you go down to bullet d, I went to go talk to Mr. Campos and ask him, you know, just explain to him what was going on. He said he wanted to see those. We just didn't export them at that point.

Q. I understand people wanted to review them but were you ever told by Mr. Campos or Mr. Constant not to produce 65 emails?

A. No.

Q. Is there any reason you can think of why those couldn't be extracted and produced today?

A. No.

Q. Can you tell us how much has been paid by the District to any vendor as part of this process?

A. Paid to a vendor? No, not --

Q. No money has been paid?

A.   No.

Q.   You-all didn't hire somebody to come and help solve these problems?

A.   We have a tech support contract with our -- with our appliance manufacturer.

Q.   Certainly --

A.   That's done on a yearly basis but that's...

Q.   A lot of conversations with Saeed?

A.   Correct.

Q.   But you're not paying Saeed any additional money as part of these efforts?

A.   No, no, this is just -- all the requests that he's done is just normal tech support.

Q.   And the District hasn't looked into hiring anybody else to help with this effort?

A.   Not that I'm aware of.

Q.   Has the District done any inspection -- and I believe you and I also discussed this at your deposition of the documents that were being produced, specifically the first match of is it 100 or 101 as part of the initial production?

A.   Can you repeat the question?

Q.   The initial batch that was produced, the 101 emails --

A.   Okay, yes.

Q. -- do you recall looking at those?

A. I remember those, yes.

Q. And do you recall seeing "not readable"?

A. Yes, that's correct.

Q. And has that problem been addressed?

A. It's something -- yes, it was a question that we proposed that we presented to our engineers due to the state of the -- that the appliance was in back when we started running into all sorts of issues, I did explain to them. They mentioned that our -- our appliance was in really bad shape. We could have been seeing data base errors, which they were. They were seeing user -- interface errors, which we were experiencing and, of course, the jobs, there was errors in those jobs as well. So they didn't specific -- they weren't providing specifics as to -- I mean, there was obviously quite a bit of stuff that I'm not familiar with but they were telling me that they were being addressed on the back end, but their inital comments were that our appliance was in bad shape and it needed to be looked at as a whole.

Q. Certainly, but in the terms of being the District's representative who oversaw the inspection, collection and production of these documents, you made no effort to make sure the documents being produced

were legal, did you?

A. Not in this first batch, no, we -- the assumption is it produced a result and we provided those results.

Q. And then now having seen them, are you confident that any documents that would be produced will be readable and searchable?

A. Should be, yes.

Q. Okay. And so your proposal is that somebody from a non-PSJA party would come and sit at a computer; is that correct?

A. Yes.

Q. You said earlier there were no public computers and that there was one for them to come search through these records; is that correct?

A. Correct.

Q. How many computers can be set up?

A. I have a computer lab across my shop area, you're more than welcome to use those. My only problem with that is as we have -- if we have 20 people looking at it, the box all at the same time and all running searches it could put some latency on there and we could start seeing some performance issues.

Q. So you don't know how it would actually

perform, if, for instance, every attorney in this case decided to devote the next seven hours a day, Monday through Friday between now and trial?

A. No, sir, I couldn't. As it is right now I'm only running a handful of jobs at a time just to get through those.

Q. And you also understand that of the 49 million documents suggested to be reviewed by the District, that would require almost 2 million per day between now and the trial, right?

A. I guess, if that's the math, yeah.

Q. And you don't know if the lab can handle that type of --

A. It's not the lab, it's the -- it's the server.

Q. It's the server?

A. Uh-huh.

Q. And so what is it that would prevent a party from just coming in and copying whatever it is that you have available?

A. Well, access to the system, and then, of course, running the jobs all over again.

Q. So they would have to the start all over again?

A. Not -- I've already set up all the

perimeters.  Everything is set ready to go.

Q.  If I wanted to come in, and really, I'm not even interested in the 49 million, I'd rather just keep the initial 44 million because I don't want to have to review an extra 5 million that don't actually exist.  If I wanted to just go and copy the 44 million, could I bring my super smart computer tech guy down there with me in the morning and walk out that afternoon with an entire copy of the 44 million?

A.  No.

Q.  And if the other subcontractors who have attorneys in this case and are interested in documents that -- the HVAC system or structural engineering or waterproofing, leaks, or any of the other issues, could they walk down and -- in the morning, make a copy and leave your office that afternoon?

A.  No, not in one day.

Q.  Okay.  How many days?

A.  I don't know how long it would take.

Q.  Is there anybody who could tell us how long that would take?

A.  I don't have an answer for you.

Q.  And so instead of giving me a -- an "I don't know" on that approach, could you give me your best guess on how long it would take to actually run the

searches related to the request that you and I were discussing earlier?

A. I can tell you -- I can tell you that it took me from, what was it, Wednesday of last week til this morning to complete one year.

Q. Well, really, it didn't just take from you Wednesday of last week --

A. Well --

Q. -- it took you from the beginning of Exhibit 1 here.

A. Absolutely, but, I mean, attempts were being made consistently, that's when we ran into issues --

Q. Certainly.

A. -- with the appliance so --

Q. And as Mr. Constant made clear his questions with you that one year is not indicative of all the other years --

A. That's correct.

Q. -- and it may be longer for the other years?

A. I mean, that's a best guess. So you're asking me for best guess, I'm giving you a proximate ballpark of the number of emails that could possibly be generated.

Q. Has the District ever hired a third-party consultant or a vendor to help in the search and

collection of any electronic documents previously given?

A. No, not that I'm aware.

Q. Is there somebody that we could contact that would tell us how it is we could copy the 44 million emails on the server?

A. The only person that comes to mind is our manufacturer.

Q. And that would be Saeed's?

A. Saeed is one individual there at that company.

Q. Saeed is the account representative that you interface with?

A. He's the one we've been working with, correct.

Q. You worked with -- at your deposition you testified he's the only one that you've been working with; is that correct?

A. At the moment.

Q. And so you haven't raised the issue of someone above Saeed in cause he's unavailable?

A. No, he has. He's escalated throughout his company to involve other engineers.

Q. Where is Saeed located?

A. I don't know.

Q. Is he down here?

A. No, it's not a local company.

Q. Is he an out-of-state company?

A. I don't know, the assumption is yes, I just don't know where their headquarters is based out of or where they work out remotely.

Q. Do you know where the information is actually stored?

A. What information?

Q. The information that we're requesting so the archived emails, everything that we've been discussing.

A. It sits on two appliances, as I started earlier. It sits on my archiver and it sits on another appliance called the -- our isilon device.

Q. And those two devices are located at?

A. At PSJ.

Q. And the information is actually stored on there, they're not accessing the Cloud or some other type of nebulous system that none of us understand?

A. No.

Q. Has Saeed been down to review those devices?

A. No.

Q. Did you ever provide copies of the documents that you were producing or extracting to Rene Ramirez

for production in his office?

A. No.

Q. Are you aware that this Court ordered PSJ ISD to make these documents available at the Offices of Rene Ramirez?

A. I'm sorry, can you repeat?

Q. Are you aware that this Court ordered PSJA ISD to make documents available at the Offices of Rene Ramirez?

A. No, I'm not.

MR. BLANTON: I pass it to other counsel, including Mr. Nevelow.

MR. NEVELOW: I think you covered my questions so I don't have any questions.

MR. PERALEZ: Your Honor, just a quick couple of questions for Vratsinas. Gil Peralez.

THE COURT: Go ahead.

MR. PERALEZ: Real brief cause I know we're running out of time.

CROSS-EXAMINATION

BY MR. PERALEZ:

Q. Mr. Rodriguez, you and I haven't met before besides this morning --

A. Correct.

Q. -- is that correct? Just so I understand, we

talked about the request for production and your ability to read them and applying your common sense you thought that you could create searches to try and seek some of that information; correct?

A. That's possible, yes.

Q. However, some of the words that you felt that they needed greater definition, one place you would look would be the definition section of that actual word, under the request; correct?

A. Correct.

Q. And the other one would be like in every other case if you're ever involved in litigation, you would ask the counsel for the District, "Hey, guys, what does this mean in the context of the litigation you're involved in so that I can put together a better search?" Is that something you would do if you were trying to get some of this information?

A. Yes, that's correct.

Q. And the reason we're asking you is because we're trying to give the Court guidance on what's the best way to approach this particular project. You understand that, right?

A. Sure.

Q. And when you're looking at the archiving system, isn't it fair to say that what the archiving

system is designed to do, which is archive emails, for our purposes you trying to extract information during this process it essentially failed; correct?

A. Correct.

Q. Because we weren't able to obtain emails that had been archived so the whole reason we have it is -- is it's fallen short of what we wanted it to do, correct?

A. That's correct, there's --

Q. And, in fact, that is something you have probably enlightened the District about that "This is something we need to do. Regardless of whether we have this litigation or not we need to find out how to fix that system."

A. Absolutely; correct.

Q. And you've gone through great lengths through this process to try to solve some of those with Saeed and the company; correct?

A. Yes, sir.

Q. Okay. And if in fact we involve Saeed in this process, him in tandem with you would make this process a little bit easier, wouldn't it, to do these particular searches?

A. Well, I think Saeed would agree that -- and he was the one that recommended breaking them down by

year because the subsets of what the initial claim of the 160 terms is just too broad and so his two cents was break them down in smaller subsets, which we've done.

Q. Another thing we could do is talk with your counsel about refining some of those words. For example, if there's a word "school," knock that sucker out and keep searching, right?

A. Yes.

Q. And going back to if we walk through the actual request for production, you put a simple analysis to it, it's a thinking process. You, when you're creating the search terms, you try to find the terms that would best access the information we're looking for, right?

A. Yes and no. I don't want to assume anything.

Q. Right.

A. And so -- but you stated earlier clarification would be -- would be --

Q. Manuals related to X. You could figure out what's the best way to put that search together to give you the optimum search?

A. The more specific information you have when you're submitting and looking for information off the email archiver is the best.

Q. So if Court were to order you to go back and run through these requests for production with the assistance of your counsel, with the assistance of definitions, you can at least get a cut of what that type of search is going to look at and if the Court told you as a service to the Court told you "give me a report in three days of how that process is doing," you could do that without a whole bunch of -- of burden to you and costs; correct?

A. It's possible, yes.

Q. Okay. And then you could tell us at the end of that period of time, "guess what, it's working perfectly, we're pulling up information and we can engage in dialogue to get the end goal done," right?

A. That is correct.

Q. Okay.

MR. PERALEZ: Thank you very much, Mr. Rodriguez?

THE WITNESS: You're welcome.

(End of excerpt from testimony.)

24

THE STATE OF TEXAS )

COUNTY OF HIDALGO )

I, Mary Lopez Buitron, Certified Shorthand Reporter, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted into evidence.

WITNESS MY OFFICIAL HAND this the 26th day of October, A.D., 2017.


/s/ Mary Lopez Buitron
MARY LOPEZ BUITRON, CSR, RPR, Texas CSR #2731
Expiration Date: 12/31/2017
Certified Shorthand Reporter
300 Pacific
Portland, Texas 78374
361-633-1338

Cause No. C-1269-16-B; VCC v. PSJA
Summary of Depositions

| Depo Date | Witness | On the Record | Off the Record | Total Minutes |
|---|---|---|---|---|
| 5/18/2017 | Hector Zuniga | 1:41 PM | 6:04 PM | 263 |
| 5/19/2017 | Rene Molina | 9:11 AM | 11:28 AM | 137 |
| 5/19/2017 | Alfred Castillo, Jr. | 12:09 AM | 1:35 PM | 86 |
| 6/6/2017 | Homer Villareal | 9:15 AM | 12:32 PM | 197 |
| 6/6/2017 | Fernando Lopez | 1:40 PM | 5:03 PM | 203 |
| 6/7/2017 | Juan Cantu | 12:37 PM | 1:28 PM | 51 |
| 6/7/2017 | Rubio Muniz | 9:07 AM | 11:00 AM | 113 |
| 6/14/2017 | Orlando Garcia | 2:23 PM | 4:29 PM | 126 |
| 6/14/2017 | Moises Garcia | 1:05 PM | 1:57 PM | 52 |
| 6/14/2017 | Gabriel Cabrera | 4:52 PM | 6:20 PM | 88 |
| 6/15/2017 | Coach Ruben Moreno | 8:55 AM | 10:51 AM | 116 |
| 6/15/2017 | Eric De Leon | 2:39 PM | 3:16 PM | 37 |
| 6/15/2017 | Coach Jesus Reyes | 11:01 AM | 2:16 PM | 195 |
| 6/20/2017 | Felix Acala | 2:52 PM | 5:13 PM | 141 |
| 6/20/2017 | Jesus Guajardo | 5:18 PM | 5:59 PM | 41 |
| 6/20/2017 | Marta Ramirez | 1:08 PM | 2:22 PM | 74 |
| 6/21/2017 | Rick Garica | 10:05 AM | 11:25 AM | 80 |
| 6/21/2017 | Frankie Hernandez | 8:41 AM | 9:38 AM | 57 |
| 6/21/2017 | Jaime Barbosa | 12:36 PM | 3:06 PM | 150 |
| 6/27/2017 | Hector Leal | 1:08 PM | 2:03 PM | 55 |
| 6/27/2017 | Virginia Saenz | 2:43 PM | 3:49 PM | 66 |
| 6/27/2017 | Rich Lucero | 4:10 PM | 6:23 PM | 133 |
| 6/28/2017 | Juan Gonzalez | 10:26 AM | 11:10 AM | 44 |
| 6/28/2017 | Alejandro Elias | 12:02 PM | 1:35 PM | 93 |
| 6/28/2017 | Ricardo Ramos | 8:39 AM | 9:30 AM | 51 |
| 7/13/2017 | Ed Stacy | 10:20 AM | 6:44 PM | 504 |
| 7/18/2017 | Bob Wallace | 10:09 AM | 5:45 PM | 456 |
| 7/20/2017 | Randy Lewis | 10:10 AM | 5:36 PM | 446 |
| 7/26/2017 | Randy Lackner | 10:19 AM | 7:57 PM | 578 |
| 8/1/2017 | Mike Krismer | 10:14 AM | 6:51 PM | 517 |
| 8/2/2017 | Bill Holder | 9:11 AM | 7:51 PM | 640 |
| 8/7/2017 | Ben Craig | 1:08 PM | 2:02 PM | 54 |
| 8/8/2017 | Greg Long | 10:18 AM | 4:41 PM | 383 |
| 8/9/2017 | Ken Easterwood | 10:30 AM | 4:45 PM | 375 |
| 8/15/2017 | Kenny O'Bannon | 10:11 AM | 8:48 PM | 637 |
| 8/18/2017 | Eric Althouse | 9:17 AM | 4:23 PM | 426 |
| 8/23/2017 | Bradley Davis | 10:44 AM | 2:04 PM | 200 |
| 9/7/2017 | John Schedler | 9:19 AM | 11:31 AM | 132 |
| 9/26/2017 | Victor Perez | 9:03 AM | 10:21 AM | 78 |
| 9/26/2017 | Reymundo Gonzalez | 10:26 AM | 11:10 AM | 44 |
| 9/27/2017 | Ben Garza | 9:18 AM | 12:20 PM | 182 |
| 9/27/2017 | Ronnie Cantu | 1:42 PM | 4:13 PM | 151 |
| 9/29/2017 | Charles Smith | 10:18 AM | 2:02 PM | 224 |
| 10/2/2017 | Matt Miles | 10:06 AM | 12:54 PM | 168 |
| 10/4/2017 | Rey Sanchez | 9:13 AM | 11:33 AM | 140 |
| 10/12/2017 | James Rodriguez | 9:06 AM | 12:03 PM | 177 |
| 10/12/2017 | Hector Rodriguez | 1:40 PM | 3:53 PM | 133 |
| 10/17/2017 | Eugene Palacios | 1:35 PM | 3:24 PM | 109 |
| 10/19/2017 | John Schedler Vol. 2 | 10:12 AM | 2:51 PM | 279 |
| 10/19/2017 | Frank Reeves | 3:13 PM | 5:27 PM | 134 |
| 10/23/2017 | Janet Robles | 1:35 PM | 5:07 PM | 212 |
| 10/26/2017 | Ralph Pitzer | Not In from Reporter | | |
| 10/27/2017 | Anthony Constant | Not In from Reporter | | |
| 11/1/2017 | Dale Grantham | Scheduled | | |
| | | | TOTAL | 10028 |

EXHIBIT C



October 03, 2017

*Via Email*:
keith.uhles@roystonlaw.com
Mr. Keith N. Uhles

Mr. Patrick E. "Gene" Blanton
gblanton@slatesharwell.com

Mr. Stephen Bolline
sbolline@slatesharwell.com

RE: **Results of running your search terms – REPORT #2**

> CAUSE NO. C-1269-16-B
> *VCC, LLC v. PHARR-SAN JUAN-ALAMO*
> *INDEPENDENT SCHOOL DISTRICT*
> In the 93rd Judicial District Court, Hidalgo County

Dear Keith, Gene and Stephen,

On September 22, 2017, you asked PSJA ISD to search the District's email archive from January 1, 2010 until the present for 160 words.

Here are the results. Each Block includes a search for each of the ten words you asked that we search for, the number you assigned to each word is the number in parenthesis for each Block. Block 1 Terms (1-10) are the terms you numbered 1 through 10. We ran them together to reduce the number of searches from 160 to 16. We filtered the search so that it did not find emails that were communications between the District and its lawyers. We are unable to filter out information about minors or about personnel issues or any individual's personal health or other personal issues.

Please confirm that you agree that you will immediately destroy such emails and not share them when you find them.

<span style="color:red">EXHIBIT D</span>

If you have any other suggestion about how we should handle the privacy issues for minors, students, teachers and other District employees, please tell me and let's agree on some way to protect them.

| Search Terms | Email Hits |
|---|---|
| Block 1 Terms (1-10) | 44,883 |
| Block 2 Terms (11-20) | 933,613 |
| Block 3 Terms (21-30) | 17,561,952 |
| Block 4 Terms (31-40) | 6,046,009 |
| Block 5 Terms (41-50) | 3,846,086 |
| Block 6 Terms (51-60) | 2,702,151 |
| Block 7 Terms (61-70) | 797,440 |
| Block 8 Terms (71-80) | 1,814,710 |
| Block 9 Terms (81-90) | 1,579,151 |
| Block 10 Terms (91-100) | 126,685 |
| Block 11 Terms (101-110) | 2,421,880 |
| Block 12 Terms (111-120) | 3,711,114 |
| Block 13 Terms (121-130) | 2,164,330 |
| Block 14 Terms (131-140) | 196,898 |
| Block 15 Terms (141-150) | 3,617,518 |
| Block 16 Terms (151-160) | 1,482,718 |
| **GRAND TOTAL HITS** | **49,047,138** |

Mr. Hector Rodriguez, PSJA ISD's Director of Management Information Systems, who is personally conducting the searches, provided this information to me last night around midnight (11:28 PM to be precise). Mr. Rodriguez is obviously working on this with intensity. Mr. Rodriguez gave me this update:

"I'll be working with our vendor tomorrow on getting a better grasp on the total run time we can expect for the email extractions into PDF format since the hits are rather large we could see some extended amount of time to extract each block of terms. I'll provide an update tomorrow."

Once we have some idea how long extraction will take, we will let you know. When extraction is successful, we will deliver the results to you by Dropbox link.

Very truly yours,

Anthony F. Constant

**Patrick "Gene" Blanton** *Partner*

469 317 1055 P   469 317 1155 F
gblanton@slatesharwell.com



1700 Pacific  Suite 3800  Dallas  Texas 75201
469 317 1000  slatesharwell.com

October 25, 2017

<u>*Via E-mail*</u>
Anthony F. Constant
Constant Law Firm
800 N. Shoreline Boulevard, Suite 2700
Corpus Christi, TX 78401

Re:      Cause No. C-1269-16-B; *VCC, LLC v. PSJA*

Dear Anthony:

I'm responding to your emails from yesterday with this thread so that everyone can chime in without the difficulties associated with the Group Address. Your emails yesterday are below.

- 10:24 – 5:32 pm
  - Please inspect the protocol I sent to you last Friday and let me know if you will agree to abide by it.  If not, please make a proposal yourself so we have an understanding of how to proceed. I included what I perceived we need to agree on as a bare minimum. Please let me know what you find satisfactory. We are arranging for space, equipment, connectivity and personnel. If there is anything in particular you think you will need, please let me know. We can work together and adjust as needed to fit our various challenges.
- 10/24 – 4:42 pm
  - We need to know how many places to set for you so we have a monitor, keyboard and mouse for each person you assign. Please provide the totals including all representatives for all subcontractors so we have equipment for everyone.
- 10/24 – 4:39 pm
  - We are staffing up.  Please tell us the day you will start and time. Please tell us the hour you will stop each day. Please tell us when we will break for lunch.

I am having two people appear on Monday to begin some type of review and inspection of the 49 million documents to see what can be used. I cannot predict what times they will start and finish, other than they will be there by noon on Monday. Other counsel have indicated they would also like to be allowed the opportunity to review the 49 million documents being produced by the

<p style="text-align: center; color: red;">EXHIBIT E</p>

district in this litigation. The attorneys for the following parties have indicated their desire to participate – JD Krane, Teni-trak, Nato Garcia, Strong Structural Steel. I believe others will as well and I invite them to provide you with their intentions. I'm not sure how many work stations you have, but it sounds like you will need more than 2 or 3 work stations. We would also like to know what system is being used and what type of access to the system will be provided. I'll send you a separate list of questions regarding the data and access issues.

Again, 49 million documents between now and the deadlines on the scheduling order is approximately 4 million documents to be reviewed per day. That is simply undoable and a material prejudice to all non PSJA ISD parties. We are participating in good faith and reserving our rights to seek any further relief from the order of the Court yesterday.

Please advise as to where they should go and who they should ask for on Monday.

Thanks,

Patrick "Gene" Blanton

**From:** Anthony Constant (CLF)
**To:** VCC v PSJAISD GROUP
**Subject:** Please fill out the attached sign up sheets showing the date, reader"s name, start time and stop time
**Date:** Thursday, October 26, 2017 5:12:47 PM
**Attachments:** image001.png
DATE 10.30 and 10.31.docx
DATE 11.01 to 11.08.docx
DATE 11.09 to 11.16.docx
DATE 11.17 to 11.24.docx
DATE 11.25 to 12.02.docx

Please use all of the attached sign-up sheets and fill in the reader's name for EACH DAY the reader will read and please provide the stop and start time for that day. Please notice that each page begins a new date. If you are going to be reading multiple days but not consecutive, please say so and fill in the name, start, stop time for EACH date. Please do this now before the weekend begins so that we can be ready for you on Monday. Please return the entire set to me. that way I can collate all the responses by date and know how many places to set for that date. THANK YOU.

Frank said Tiffany would be every weekday > that is good enough. We then know what day she will be there and he provided the start and stop time for each day.

THANK YOU for your cooperation in laying out the schedule so that PSJA can plan to meet your needs.

PJSA has to load the results of the search so that when you arrive, the results are available for you to begin without waiting for the machine to go find the results again and reload them.

The machine will not hold the search results indefinitely as you would expect if you placed emails from a search on Outlook into a folder. Instead, after some time (I do not know a quantity), the result disappears and the same search must be repeated to gather the lost lambs.  If we know 4 people will begin working Tuesday at 9 a.m., then we can load Block 1 on one machine, block two on another and so on and so forth. Then each person could sit and read a particular chunk of emails and the person next to them would read a separate chunk of emails (and presumably all of you would share your results so that it would not be necessary for each individual to inspect each individual email). Some Blocks will load overnight. Some blocks may take longer – we cannot predict because all we have is a quantity and we do not know whether the content includes images. A block with 3 million results including video will take a long time to load – how long we cannot predict.



**Anthony F. Constant**
One Shoreline Plaza
800 N. Shoreline Boulevard Suite 2700
Corpus Christi, Texas 78401

OFFICE        361 698 8000
CELL           361 510 8333
FAX             361 887 8010

CONFIDENTIALITY NOTICE: This e-mail message is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally priveleged. Unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender at 800 280 3449 or reply by email, and destroy all copies of the original message.

EXHIBIT F

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURTS |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | 93RD JUDICIAL DISTRICT |

## AFFIDAVIT OF BARRY BRAY

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned notary public, on this date personally appeared Barry Bray who, being duly sworn, deposed and said:

1. "My name is Barry Bray. I am over the age of eighteen, and have never been convicted of a felony or crime of moral turpitude, and am fully competent to make this affidavit. I founded Delphi Legal Technologies in September of 2010. Prior to founding Delphi Legal Technologies, I operated Universal Document Solutions (USDTX) from September 2000 through September 2009, which was one of the first electronically stored information ("ESI") providers in the country. Previous to USDTX, I was a managing partner at IKON Document Services from September of 1991 through September of 1998 in Oklahoma City and Tulsa. I have almost 30 years of experience providing support for retrieval and production of electronically stored data in litigation, and serve as an information technology and e-discovery consultant to VCC, LLC ("VCC"). I personally appeared at the Pharr-San Juan-Alamo Independent School District ("PSJA") email inspection on October 30, 2017 and October 31, 2017 at the PSJA administration

building in Pharr, Texas. In that capacity, I have personal knowledge of all facts set forth herein, and those facts are true and correct."

2. "I was given access to the review system (software application, network and laptop computer) that PSJA provided to all of the parties in the lawsuit to perform a review of potentially responsive emails and assessed its structure and contents. I observed a number of issues with the review system that PSJA created for the email review that make it ineffective and inefficient and effectively impossible to review the emails in a timely manner.

3. "The first issue, and one of the biggest with PSJA's review system, was in gathering relevant documents. PSJA applied the search terms that VCC provided as a reference to VCC's requests for production for collection across all of PSJA email accounts instead of just limiting it to relevant custodians. By doing this PSJA created a review nightmare of approximately 49 million records which are mostly non-responsive emails. Again rather than limiting its search of email addresses to only relevant record custodians involved with the construction of the PSJA Southwest Early College High School, PSJA instead searched email archives of approximately 6,000 email addresses within its network, including all teachers and students in the district, between the dates of January 1, 2010 to approximately October 28, 2017, with the result being the production of 49 million allegedly responsive records. There is no reason to believe any students or teachers at other schools have any knowledge regarding the construction of the high school or any of the alleged design and construction issues. Hector Rodriguez ("Rodriguez"), PSJA's email archive director, admitted on October 30, 2017 that PSJA's search format was inefficient and ineffective, and rendered the email production virtually useless to any reviewing party. Rodriguez further admitted that PSJA's technology systems had the capability to search and sort emails by custodian, or in

virtually any other manner requested in the normal course of litigation in this modern age of technology." ·

4. "Further, PSJA provided its emails for review on an email archive software that is not intended for use in a large-scale document review – that is not what it is designed to do. An email archive software is designed to store emails and export them to other software to run targeted searches and review. PSJA's email archive software did have basic functions with which to search the emails by keyword, email address, custodian, or otherwise, which all would help speed up the review process and reduce non-responsive emails. However, PSJA would not allow us as reviews to use the basic functions of the software to aid in our review. This made the system more inefficient and ineffective. Instead, the only method of review was to sort emails by date (either newest-to-oldest or oldest-to-newest) and literally review each email individually. While PSJA's email archive software theoretically has the capability to sort records by subject matter or sender, PSJA did not build these data tables prior to the email inspection beginning, rendering this capability useless. If a reviewer did desire to sort the emails by subject or sender, it would take days, or even weeks potentially, for the software to build such a data table and sort the emails, given the extremely large amount of data produced by PSJA. PSJA is forcing the parties to this lawsuit to literally sift through millions of emails individually for responsive documents because it searched every email custodian in the district instead of limiting its search to those custodians who have knowledge of the facts and allegations in the lawsuit and then provided the emails in an email archive software not designed for reviewing documents."

5. "To add to the inefficiency and ineffectiveness of the system, on October 30, 2017, VCC's representatives were asked to conduct the email inspection on a bus in the parking lot of the PSJA administration building while connecting remotely to the email archive server via a

wireless connection. This reduced the speed of connectivity to the internal network and increased the amount of time the review system took to present the data to the reviewer one at a time. PSJA's review system seems to be designed in a way that would increase the review time and frustrate the reviewer by creating huge tables of non-relevant information, not allowing use of basic functions of the software, and reduced connectivity. This was the slowest feasible way to connect to the archive system and severely restricted connectivity and load times of individual emails."

6.      "The numerous design flaws in the review system created by PSJA make the review of all 49 million records by a 2018 trial date untenable. First, the sheer number of records alone renders review of all records before the end of 2018 impossible, even assuming optimal connectivity. However, given the number of records produced and the remote wireless connection on October 30, load times and connectivity were severely impacted. On October 30, emails took an average of approximately fifteen seconds per email to load for review, and in some cases took upwards of three minutes for a single email to load for review. At that rate, it would take a team of seventy people reviewing records for eight hours a day for 365 straight days to complete a review of 49 million records in one calendar year."

7.      "On October 31, we were moved inside the administration building to continue the email review. Although the bandwidth and connectivity improved and overall individual email load times increased, load time issues persisted. The volume of data PSJA produced rendered the email archive system essentially unable to properly build and load data tables to review emails. This meant that any individual reviewer was only able to review a finite amount of emails that could be loaded at a particular time, and was not able to sift through the non-responsive emails in a quick fashion. Instead, a reviewer was again forced to sift through thousands of emails individually, a majority of which were completely non-responsive, and upon reaching the end of

the loaded data, was forced to wait extended periods of time, in some cases between ten and twenty minutes, for the next section of emails to load, resulting in severe amounts of down time where no email review was possible."

8.     "There are a number of ways in which PSJA could have searched and produced its emails to facilitate review in a reasonable and productive manner. First, PSJA could have run searches for responsive documents to VCC's requests for production across only record custodians who have knowledge regarding the construction of the Southwest Early College High School or the alleged construction and design issues, which PSJA admitted it has the capability to perform. PSJA can then export responsive emails in native format by record custodian, a specific time period, or virtually any other way imaginable that it can break the responsive data down to smaller segments in a format that the parties to the lawsuit can load into a software specifically designed for document review in litigation. PSJA's email archive system has the ability to export even the 49 million emails it made available to the parties if broken up into segments. These actions will both significantly decrease the number of documents the parties are forced to review and allow the parties to conduct a meaningful review of the documents. Rodriguez even admitted PSJA has both the capability to gather and produce emails in this manner and acknowledged that it would render this email review process much more useful for the review parties.  Searching and producing emails in this manner should greatly reduce the emails to review.  It is effectively impossible for the parties to review all 49 million emails in the manner that PSJA has made them available to the parties by a trial setting in 2018."

FURTHER AFFIANT SAYETH NAUGHT.



Barry Bray

SUBSCRIBED AND SWORN TO BEFORE ME this __9__th day of November, 2017, to certify which witness my hand and official seal of office.

_Mendy Meyer_
Notary Public in and for the State of Texas

MENDY JO MEYER
Notary Public, State of Texas
Comm. Expires 12-30-2018
Notary ID 425177-6

# Tab 8

**Transcript of November 13, 2017 Hearing**

REPORTER'S RECORD
VOLUME 001 OF 001 VOLUME
TRIAL COURT CAUSE NO. C-1269-16-B

VCC, LLC,                          *    IN THE DISTRICT COURT OF
    PLAINTIFF AND                  *
    COUNTER-DEFENDANT,             *
                                   *
VS.                                *    93RD JUDICIAL DISTRICT
                                   *
PHARR-SAN JUAN-ALAMO               *
INDEPENDENT SCHOOL DISTRICT,       *
    DEFENDANT AND                  *
    COUNTER-PLAINTIFF.             *    HIDALGO COUNTY, TEXAS
_____


HEARING ON PRETRIAL PROCEEDINGS


_____

On the 13th day of November, A.D., 2017, the foregoing proceedings came on to be heard outside the presence of a jury, in the above-entitled and enumerated cause; and the following proceedings were had before the Honorable Rodolfo Delgado, Judge Presiding, held in Edinburg, Hidalgo County, Texas, USA;

Proceedings reported by computerized integrated courtroom realtime, stenotype machine; Reporter's Record produced by computer-assisted transcription.

JACQUELINE INKS, Texas CSR #5162
Official Court Reporter - 93rd District Court
Hidalgo County Courthouse
100 North Closner, Second Floor
Edinburg, Texas  78539 USA
956.318.2255

A-P-P-E-A-R-A-N-C-E-S

MR. GIL P. PERALEZ
SBOT NO. 00791426
Peralez Franz, LLP
1416 Dove Ave.
McAllen, Texas 78504
Telephone:  956.682.3660
Facsimile:  956.682.3848
E-Mail:  gpp@peralezfranzlaw.com

MR. PATRICK E. "GENE" BLANTON
SBOT NO. 24058209
Slates Harwell, LLP
1700 Pacific Avenue, Ste. 3800
Dallas, Texas  75201-4761
Telephone:  469.317.1000
Facsimile:  469.317.1100
E-Mail:  gblanton@slatesharwell.com

MR. BRADLEY W. SNEAD
SBOT NO. 24049835
Wright & Close, LLP
One Riverway, Suite 2200
Houston, Texas  77056
Telephone:  713.572.4321
Facsimile:  713.572.4320
E-Mail:  snead@wrightclose.com

MR. ESTEBAN DELGADILLO
SBOT NO. 24087406
MR. KEITH N. UHLES
SBOT NO. 20371100
Royston Rayzor
55 Cove Circle
Brownsville, Texas  78521
Telephone:  956.542.4377
Facsimile:  956.542.4370
E-mail: esteban.delgadillo@roystonlaw.com
        keith.uhles@roystonlaw.com

    ATTORNEYS FOR PLAINTIFFS
    AND COUNTER-DEFENDANTS, VCC, LLC,
    AND VRATSINAS CONSTRUCTION CO.

APPEARANCES CONTINUED:

MR. ANTHONY F. CONSTANT
SBOT NO. 04711000
Constant Law Firm
800 N. Shoreline Blvd., Ste. 2700 South
Corpus Christi, Texas   78401
Telephone:  361.698.8000
Facsimile:  361.887.8010
E-mail:  Office@constantlawfirm.com

        ATTORNEYS FOR DEFENDANT
        AND COUNTER-PLAINTIFF, PSJA, ISD


MR. ROBERT BARRETT RAY
SBOT NO. 16606355
Adams & Graham, LLP
134 E. Van Buren, Ste. 301
Harlingen, Texas   78550
Telephone:  956.428.7495
Facsimile:  956.428.2954

        ATTORNEY FOR DEFENDANT,
        METRO ELECTRIC, INC.


MR. FRANK SABO
SBOT NO. 17500300
Guerra, Leeds, Sabo & Hernandez, PLLC
10213 N. 10th St.
McAllen, Texas   78504
Telephone:  956.383.4300
Facsimile:  956.383.4304
E-Mail:  Fsabo@guerraleeds.com

        ATTORNEY FOR DEFENDANT, TENI-TRAK, INC.
        AND JD KRANE FLOOR DESIGNS


MR. ADRIAN P. SENYSZYN
SBOT NO. 24060585
Brin & Brin, P.C.
6223 IH 10 West
San Antonio, Texas   78201
Telephone:  210.341.9711
Facsimile:  210.341.1854
E-Mail:  asenyszyn@brinandbrin.com

        ATTORNEY FOR DEFENDANT, JD KRANE

APPEARANCES CONTINUED:

MS. NANCY GRIFFIN SCATES
SBOT NO. 24032249
Germer, Beaman & Brown, PLLC
301 Congress Ave., Ste. 1200
Austin, Texas  78701
Telephone:  512.482.5175

    ATTORNEY FOR DEFENDANT, HELLAS
    CONSTRUCTION, INC., AND SOUTHERN
    MECHANICAL AIR CONDITIONING


MR. MARTIN A. CANALES
SBOT NO. 24043591
Thornton, Biechlin, Reynolds & Guerra, LC
418 E. Dove Ave.
McAllen, Texas  78504
Telephone:  956.429.3064

    ATTORNEY FOR DEFENDANT, ALLIANCE
    SPECIALIZED SYSTEMS


MR. DAVID W. FUNDERBURK
SBOT NO. 07547550
Funderburk Funderburk Courtois LLP
2777 Allen Parkway, Ste. 1000
Houston, Texas  77019
Telephone:  713.526.1801
E-Mail:  dfunderburk@ffllp.com

    ATTORNEY FOR DEFENDANT, P.H.I. SERVICE
    AGENCY, INC.


MR. ALEXANDER MATTHEW MERCED
SBOT NO. 24090679
Brock Person Guerra Reyna
17339 Redland road
San Antonio, Texas  78247
Telephone:  210.979.0100

    ATTORNEY FOR DEFENDANT, L&G CONCRETE
    CONSTRUCTION, INC.

APPEARANCES CONTINUED:

MS. MEGHAN CANTU STRICKLAND
SBOT NO. 24082772
Engvall & York, LLP
1811 Bering Dr., Ste. 210
Houston, Texas   77057
Telephone:   713.787.6700

    ATTORNEY FOR DEFENDANT, SAUL REQUENEZ


MR. DAVID C. GARZA
SBOT NO. 07731400
GARZA & GARZA, LLP
680 E. ST. CHARLES ST., STE. 300
Brownsville, Texas 78522
Telephone:   956.541.4914
Facsimile:   956.542.7401

    ATTORNEY FOR DEFENDANT, RGV ALLIANCE


MR. JOSE LUIS "JOE" GAMEZ
SBOT NO. 07607100
Donnell, Abernethy & Kieschnick
2830 W. Trenton Rd.
Edinburg, Texas   78539
Telephone:   956.618.4477

    ATTORNEY FOR DEFENDANT, JEROME
    MASONRY, LLC


MR. CRAIG ANDREW NEVELOW
SBOT NO. 14933580
Wright & Greenhill, P.C.
900 Congress Ave., Ste. 500
Austin, Texas   78701
Telephone:   512.476.4700

    ATTORNEY FOR STRONG STRUCTURAL STEEL

VOLUME 1

CHRONOLOGICAL INDEX

| NOVEMBER 13, 2017 | PAGE | VOL |
|---|---|---|
| Appearances | 2 | 1 |
| Case called | 7 | 1 |
| Announcements | 7 | 1 |
| PSJA ISD's Motion to Clarify | 7 | 1 |
| Court's ruling on PSJA ISD's Motion to Clarify | 36 | 1 |
| Court's ruling on Fourth Amended Discovery Control Order | 37 | 1 |
| Adjourn | 46 | 1 |
| Certificate of Court Reporter | 47 | 1 |

INDEX OF EXHIBITS

VCC'S EXHIBITS:

| NO. | DESCRIPTION | OFFERED | RECEIVED | VOL |
|---|---|---|---|---|
| 1 | November 7, 2017, letter to Mr. Constant from Mr. Blanton | 33 | 33 | 1 |

NOVEMBER 13, 2017

P-R-O-C-E-E-D-I-N-G-S

THE COURT: Court calls Case No. C-1269-16-B, VCC, LLC versus PSJA and others.

MR. PERALEZ: Good morning, Your Honor. Gil Peralez for Vratsinas Construction Company.

MR. BLANTON: Gene Blanton for Vratsinas Construction Company and VCC, LLC, Your Honor.

MR. UHLES: Your Honor, Keith Uhles for VCC, LLC.

MR. SNEAD: Brad Snead for VCC.

MR. CONSTANT: Your Honor, Anthony Constant for PSJA ISD.

MR. PERALEZ: There's 22 other defendant lawyers in the room, Your Honor.

THE COURT: Yes. If you-all want to announce yourselves, that's fine. If not, we can proceed.

MS. SCATES: Let's go ahead and proceed.

MR. PERALEZ: Your Honor, we're going to try to set the record on the most efficient, quick hearing here today. I think there's only two matters Mr. Constant has to argue.

MR. CONSTANT: Your Honor, we have -- PSJA ISD has filed a Motion to Clarify. There are two issues that have confused us and we'd like the Court to enter an order

which says that the Court has not required anyone to go read e-mails and that the Court has not required anyone to physically sift through any e-mails and the Court did not order VCC to give the school district search terms to use in the e-mail database.  And we ask the Court to enter this because there's some confusion about it demonstrated by the Relators' statements to the Supreme Court to the contrary.  That is, they tell the Supreme Court that this District Court ordered VCC to give the school district search terms.  And they also say to the Supreme Court that this Court required the parties to read e-mails and required them to physically sift through any e-mails.  We'd ask the Court to enter this order in order to clarify what the real facts are.  And I have a paper copy of it, Your Honor.  May I present that, Your Honor?  It's on file.

THE COURT:  Yes.

MR. CONSTANT:  Thank you.

MR. PERALEZ:  I left my copy, Your Honor, if anybody has an extra one I can use.

MR. CONSTANT:  Of the order?

MR. PERALEZ:  Yes.

THE COURT:  The proposed order reads:  On November 13th, 2017, the parties appeared in open court and counsel for PSJA Independent School District asks the Court to enter this order to clarify the Court's instruction

from the bench on October 24, 2017, regarding discovery. The Court enters this order for the purpose of providing that clarity. Pharr-San Juan-Alamo Independent School District also asks the Court to enter this order to clarify that the Court did not order VCC to give the School District search terms to use in the e-mail database.

The Court enters this order for the purpose of providing that clarity. It is ordered that no party is required to read any E-mails. It is ordered that no party is required to physically sift through any e-mails. The Court did not order VCC to give the school district search terms to use in the e-mail database. Signed this blank day of November, 2017. Judge Presiding.

I don't have a problem with that order. Does VCC, LLC, or anybody else have a problem?

MR. PERALEZ: Your Honor, we have monumental disputes with that order because you have to take things in the context of the orders that we actually had, and I think we're playing a little semantic game because tomorrow they're going to have to file a response to the Supreme Court. PSJA ISD is going to have to do that, and they're realizing how horrific what they have asked you to do, Your Honor, in this case is going to appear to the Supreme Court. So, when they say you did not order, it's actually the complete opposite of that. But before I get into further

arguments, Your Honor, let us just lodge a quick objection before you -- we'll probably do it a few times today, but one related to the Supreme Court's order. If you'll allow Mr. Blanton.

MR. BLANTON: Certainly, Your Honor, and I'm just quoting from the Supreme Court Order that was issued on October 31st, 2017. It specifically says, The Trial Court Order issued October 24th, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the Trial Court Order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel in Cause No. C-1269-16-B, styled VCC, LLC, the Pharr-San Juan-Alamo Independent School District, in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court.

I bring this up because the first line, the order issued October 24th, 2017, I believe is the exact order that Mr. Constant is seeking to clarify. That has been stayed. The motions, Supplemental Motions to Compel, Discovery Control Order, Docket Control Order, any of that and all of that that we argued on the 24th and on the 25th before this Court as I read the Supreme Court of Texas is currently stayed. So, we're objecting to any clarification, we're objecting to any other amendments to

those orders or arguments.

MR. PERALEZ: And, Your Honor, just so the Court feels better about honoring our interpretation of the Supreme Court's order, the record is absolutely replete with what exactly happened. All those transcripts are in front of the Supreme Court. If you'll recall, this was the hearing where Chris Franz attended on my behalf. Mr. Uhles was also in attendance, and there were some discussions about discovery, what responses they were supposed to give, what responses they weren't going to give. And in that record, you will see how the discussion of the 106 search terms came out and any order that you entered was based on the totality of what was going on in those hearings. So, I think it's going to be in front of the Supreme Court. They'll be able to read it. But for right now, it is, in fact, stayed and that would be our objection, Your Honor.

MR. UHLES: Your Honor, if the Court will recall at that hearing, I went through and read to the Court the key portions of the transcript where the Court covered all the issues that Mr. Constant has in the order. And what Mr. Constant's trying to do here is simply to rewrite history. Honestly, he's asking the Court to look foolish by entering an order clarifying that says the opposite of what the Court previously said.

The Court was faced with a possibility of

several different ways for us to look at the e-mails, and the Court chose this one. There's a certain history to how all this came about that's already set forth in the record, and you can't go back and change it now.

MR. PERALEZ: But, I guess, Your Honor, the first baseline question is if you are in agreement with us, that at this point, this argument is stayed by the Texas Supreme Court. If you are not in agreement and you're going forward, then we can proceed with the rest of the argument for Your Honor, but I think it's already out there in front of the Supreme Court regardless of your order.

THE COURT: Well, you-all are skipping a lot, however. I did not wake up one day and bring up the issue of 49 million e-mails. VCC, LLC, is the one that brought up the issue of 49 million e-mails and how onerous it would be and much discussion about the fact that PSJA had not made it easier for VCC, LLC, to study those e-mails.

Also, it wasn't the Court that thought about search terms. These are all matters that were brought to my attention by VCC, LLC. And what this proposed order that Mr. Constant is asking the Court to enter and to clarify, which I believe just by saying what I just did, that I'm clarifying it, that I didn't wake up one morning and decide that I wanted to order these things. These are things that VCC, LLC, was asking the Court to order. And, therefore,

consistent with my duties, I thought, I tried to give VCC, LLC, some relief with respect to e-mails. Now, that I specifically said you-all go down there and read e-mails, I don't recall having specifically said that; that I thought about search terms, I certainly did not. These were all matters that were brought to the Court by a motion of VCC, LLC. And I don't know that the Supreme Court needs any more clarification other than my saying this is not something that I dreamt of. This is something that VCC, LLC, wanted. And, therefore, I did order those things that are in English and that are in black and white on October 24th. Now, that it may need clarification, well, you-all would be better experts on how it is that the Supreme Court would need that clarified any further from me or not.

MR. PERALEZ: Your Honor, it's not --

THE COURT: Mr. Constant says that they do need that clarification. What's the harm? What am I hearing?

MR. PERALEZ: The harm that you're hearing is right now we're trying to respect the stay from the Supreme Court that says don't address the orders that were entered in. And we specifically said -- and it's not fair to you, Your Honor. You have an incredible memory, but when we go through the transcript, it's all laid out as to how this came forward. And this is just purely VCC, LLC, asking for

them. There were objections lodged that we were trying to compel. There's a whole backdrop to the way these particular orders came out. But, very specifically, when we asked you, we said, Your Honor, just to be clear, given the context of your recent rulings, are we being ordered to go and inspect the 49 million records that are being offered by PSJA ISD at this time, and we go on and on. And that is part of the order that was entered on that day.

THE COURT: And "inspect" is different from "reading."

MR. PERALEZ: Yeah, well, and, Your Honor, just furthermore, you've also given a protocol. I was over at the bus when we were looking at the different e-mails and about an hour or two after I told Anthony that a protocol wasn't entered, a protocol was entered. We now have a protocol explaining how we're supposed to go about it.

So, all I'm saying is our position is the Supreme Court has stayed any orders affecting this order that they're complaining of. That would be clarifying. That would be -- it is the way it is. It's a very complicated matter. We need the context of the whole transcript that's in front of the Supreme Court. So, I don't think any further clarification is necessary.

Obviously, if we don't want to protect our clients' interests and we don't want to seek documents other

than what PSJA has decided they're going to give us, then, yes, we don't have to go review those 49 million e-mails, but we're trying to do it, Your Honor, and we're spending many hours a day trying to go through those e-mails.

So, again, our position is it's stayed.  We're going to have this in front of the Supreme Court probably starting tomorrow.  So, we'd ask that no further orders be entered until we get the little dust settling on that.

MR. CONSTANT:  Your Honor, may I respond to that?

THE COURT:  Yes.

MR. CONSTANT:  Your honor, the entry of this order is critical.  It has not -- it has noting to do with the October 25th written order in which this Court simply sustained objections to Requests for Production sent out in May -- May 26th of 2017.  It took until October that we had a final hearing.  You heard some of them.  You heard them that day.  This statement has nothing to do with it. The clarification here is what is being stated to the Supreme Court is that this Court ordered counsel for VCC and many other parties physically sift through 59 (sic) million e-mails at the school district's office.

MR. PERALEZ:  That's how we're doing it.

MR. CONSTANT:  The Court did not order that. What happened, Your Honor, was that they sent on 9/22 a

request that we search for 160 terms in the e-mails. We did that. We responded on 10/21 and said, We have those results, we'll produce them, you can look at them. The Court did not order them to go look at them. The Court didn't order them to go read them. The Court didn't order them to sift through them. That's the clarification I want because what they are saying unto the Supreme Court, it wasn't that they can't decide what to do. The Court's made them do this.

And they did the same thing, Your Honor -- the other thing that needs clarification is how did we get started with this. They've said to the Supreme Court that the trial court ordered VCC to give the school district search terms to use in the database, and that's page 15 of their amended emergency motion. The Court didn't make any such order at all. And the necessity of this clarity is so that this mistake that is being stated to the Supreme Court is removed from their calculation because this representation is the Court made those two orders. The Court never ordered either one of those things, and I'd ask the Court to state that plainly by entering this order.

MR. PERALEZ: Your Honor, anytime you're entering an order, we both ask you to order as a way of summarizing any discussions, debates, or whatever, that the parties are having, and we ask the Court to clarify those

orders so you don't come up with these -- although you do a lot of times originally -- in this context, you're putting forth an order which is a way of saying, This is how the Court is going to resolve that dispute, like you did this morning on a number of the family law matters.

But just so we're clear, at page 183 of the Court's transcript on the day of that hearing -- I already started reading part of it -- it says we're ordered to go and inspect the 49 million records that are being offered by PSJA ISD at this time if that's how we would like to retrieve the documents as they can't be copied. Remember, they're not letting us search them, copy them, or anything. And then the Court said yes. Furthermore -- and I added that word "yes" -- and PSJA School District is ordered to maintain the offices where the appliances are held for 14 hours daily, including weekends.

And then we left, Your Honor, and I think you told Mr. Constant to submit an order to that effect. I don't know that that was entered, but we subsequently went and then we had a protocol entered. So, there's no mistake he just doesn't like the way that looks, but our position is it's clear in the record, exactly what you said, what you thought, what they argued, what's been filed. And the Supreme Court was very specific about the orders entered on that date and related to this were stayed for right now.

So, Your Honor, we would just object to moving forward on that. We think it's already laid out.

MR. CONSTANT: That's why this thing needs to be clarified, Your Honor, because what happened was that our Request for Production was sent 9/22. On 10/21, the school district answered in the way you're required to under the rules and said, We're producing them. You can come look at them and you can come copy them. The statement that Mr. Blanton made to the Court about, So, you're ordering that we have to go do this if we want to look at them, what the Court was saying there was there's production. If you want to see them, you may go see them there.

The representation of the Supreme Court is what the -- what this trial court did was it ordered them to go read 49 million e-mails, and that's not what the Court did. But that's what they're telling the Supreme Court, and that's why I want to have it clarified. Otherwise, they're going to the Supreme Court and saying that this trial court ordered the participants, everybody here, to go read 49 million e-mails that most of them had nothing to do with this case. And the reason we have so many is because VCC said, We want to see every e-mail that responds to any of these 160 words in your entire e-mail database for seven years from January 1. We did that, and now they're using that to say, Oh, my God, look at the results? You did what

we said and we've got to read them all because the Judge has ordered us.

MR. PERALEZ: No, no, no, no, you're at the tail end of the debate --

MR. CONSTANT: That's the --

MR. PERALEZ: Sorry about that, Mr. Constant. I'm sorry.

MR. CONSTANT: That's the clarity that we're asking for, that they are looking at them or doing whatever they want with them because they want to. Nobody in this Court is making them go do that.

Thank you, Your Honor. And if we don't get that, that's what the Supreme Court is going to say, Oh, the Court's ordered them to do it.

MR. PERALEZ: Your Honor, these are the arguments that he can put into his brief to the Supreme Court, but I would say that the whole -- the whole exaggerated argument about the 49 million started with them not responding to a single Request for Production, specifically stated to them. I think you said there were 49 of them. And they objected to the definition of "documents," even when, Your Honor, we provided a definition that we would only answer -- all they had to do was answer under what the rules define as "document," we still didn't get responses. So, we were left with -- oh, and when we

showed up at the Motion to Compel hearing, Mr. Constant admitted on behalf of PSJA ISD that he hadn't done a lick to try to look for any single e-mail, even though he was under a duty to do that. So, the 49 million came in after the fact and I think that might be funny to have, but I think it's in the record.

MR. CONSTANT: No, it was your statement --

MR. PERALEZ: So, there was Requests for Production outstanding, and they said, I don't like your definition of "documents." His statement back to me was, Gil, just say "documents." And given how much we get caught up in semantics, even right now when we're talking about what your order is, we said, just live with the definition that's in the rules. And I will submit to you we just sent them a Request for Production. We used the limited definition that even he discussed we could get away with in his mind, and we still didn't get responses to that. So, these are all stayed, Your Honor. We'd like to finish taking that argument up to the Supreme Court and ask that an order not be entered in violation of that stay.

THE COURT: If everything's stayed, why are you-all here?

MR. PERALEZ: Because he filed a motion and you set it, Your Honor. We have to show up. He might get an order entered against us.

THE COURT: I was talking to the rest of you-all that have other matters. It would seem to me that the argument that the Supreme Court stayed everything -- in fact, I have acted upon that by having my queue be effectively cluttered by proposed orders on VCC, LLC, versus PSJA because of the Supreme Court's order wherein I'm left to ponder is that, indeed, stayed? So, it would seem to me that if VCC, LLC's position that I can't even clarify an order because the matter is stayed, then everything else would be stayed.

Now, my staff and I are left in a quandary, certainly, when all of you are asking for hearings and I find that it is preferable to give you-all a hearing so that you can tell me that it's stayed or that it's not stayed, which is why I posed that question to everybody else that's here. If VCC, LLC's position that I ought not simply clarify something that Mr. Constant wants me to clarify -- which I believe that I have clarified by stating that I didn't dream up 49 million e-mails that I wanted to see or that I wanted to order anybody to see. VCC, LLC, brought that to my attention. Search terms were brought to my attention. And if this order clarifying is simply a way of telling the Supreme Court that I did not one day say, And this is the order of the Court, well, it was not. It was brought to my attention. I made my ruling. But frankly,

I'm more concerned about the issue of, well, if this is stayed, well, then why isn't everything else stayed? And again, I'm looking at my queue right now. It is chock full of VCC, LLC, versus Pharr-San Juan-Alamo Independent School District.

MR. PERALEZ: Let me take a short shot at just saying the order that was actually entered, Your Honor, on October 31st, 2017, is very specific. It says, The trial order issued October 24th, 2017, October 25th of 2017, those orders are stayed while they review what was ordered on that particular date. So, I think we're still looking at it and we are -- we just met last week. I'm trying to figure out a schedule to work on this case. We will be proceeding with the Court on a number of things, just specific orders that were entered that are in front of the Supreme Court right now and that's in black and white. I've underlined it for the Court. I'm sure you have it in your queue. It's those specific orders and we're just saying this is that, and that is stayed.

THE COURT: Ah, but the problem with those specific orders is while one side may tell me that it's so specific that everybody should understand that everything else can go forward, I would probably hear arguments from the other side saying, Ah, not so specific and maybe it really means that everything is stayed.

MR. UHLES:  Well, Your Honor --

THE COURT:  Rather the nature of this case.

MR. UHLES:  Well, Your Honor, I think then the Court's clarified there.  The two arguments are -- the two valid arguments are either everything is stayed or just the orders that are mentioned in the Supreme Court Order is stayed.  But the idea that the Court can go forward with matters that are directly related to the Supreme Court Order, I don't even understand that argument.

THE COURT:  Well, let's assume that everybody's in agreement then that I can go forward and therefore you can go forward with other matters that are not stayed.  So, let's go back to the issue of whether the stay that VCC, LLC, addresses with respect to does that apply to the clarification of an order?

MR. PERALEZ:  Yes, that's changing an order, Your Honor, and I think the transcript is absolutely clear as to exactly how it went down, how the evidence was brought forth.  You know, the 106 -- or 60 search term issue, that came up when Mr. Constant offered that as a solution when we were getting no other relief.  So, the idea that even VCC brought that up was actually done by Mr. Constant to us. So, why put you, us, anybody in a box?  The record is clear.

THE COURT:  So, back to semantics then about Mr. Constant saying "clarify" and you said "change."  We can

have a discussion as to the difference between clarification and a change.

Mr. Constant, is there a difference?

MR. CONSTANT: Yes, there's a huge difference and the biggest difference in this specific case is that what Mr. Peralez just addressed about changing was changing some order. But that order that he talks about is unidentified. That is, this has nothing to do with any order the Court entered. That's the problem. The Court didn't make this order. May I go -- and that's what we're trying to clarify because representations are being made to the Supreme Court that the Court entered an order. The order doesn't exist. We're not changing anything. We're just saying, No such order exists. You didn't order anybody.

Your Honor, may I address the other item about what's stayed and what's not?

MR. PERALEZ: Before you get to that, Your Honor, one of the easy things to do is your transcript is there. You've already spoken on what you think is going on in this case. Can't we just live off your transcript? Why do we need to enter an order which, in our opinion, is going to materially affect what we're dealing with in this case?

MR. CONSTANT: Because we want to know what the Court did, in fact, do and not --

MR. PERALEZ: I was addressing Your Honor. With all due respect, Mr. Constant, I was --

THE COURT: Well, I, too, didn't wake up one morning and decide to bring up an issue for clarification. It is Mr. Constant that believes that the Supreme Court needs that clarification, and perhaps they do. I just simply don't want to run awry of any Supreme Court Order saying that a clarification is changing, which the words themselves are different, and I know that clarification is not changing; it's clarifying.

MR. CONSTANT: And, Your Honor, it also doesn't address the one -- the Supreme Court issued an order and it stayed two particular orders. One was the Docket Control Order that set this case for trial in November. And the Court stayed that order and its deadlines. That's the one thing it did.

The second thing it did is it stayed the October 25th order on Motion to Compel, Supplemental Motion to Compel, and First Amended Motion to Compel, all of which -- that's one motion they had. And the October 25th order, this Court sustained objections to written Requests for Production. That's an entirely different matter than what we're talking about here, what they've said to the Supreme Court.

May I address the other matter asking that the

Court enter a Docket Control Order for February 5th?

MR. PERALEZ: Before we change the subject, Your Honor --

MR. CONSTANT: I'm not changing the subject.

MR. PERALEZ: -- the only thing I would say is you opened Pandora's box because I think a number of rulings that you did which we reconsidered two or three times, aren't actually absolutely clear. We're living with what the record is; and if he's going to go through and try to clarify all these different rulings, I want to be clear on what the Court did on a bunch of others and it just -- it's in the record already, Your Honor. So, I'll shut up.

MR. CONSTANT: Your Honor, may I address the Court?

THE COURT: Yes.

MR. CONSTANT: Your Honor, the Petition for Writ filed by VCC asked that the Supreme Court direct the trial court to vacate its ruling denying Relators' Motion for Continuance; two, continue the trial setting to February 5th, 2017; three, issue a new Scheduling Order. So, the items one, two, and three that they're asking the Supreme Court to direct the trial court to do is exactly what the Fourth Amended DCO does; and that is, it continues the trial setting to February 5th as requested. That necessarily vacates -- I mean, that necessarily vacates the denial of

the Motions for Continuance. And, number three, it is issuing a new Scheduling Order.

So, what we're asking the Court to do is exactly what they're asking the Supreme Court to do. And what happens when a trial court does that is this -- and this is from the case that's cited by the San Antonio Court of Appeals on March 15th, 2017. And the case is a Petition for Writ of Mandamus dismissed as moot. It's called *In re Carlos Aguirre.* It's one page.

And the Court says -- and the reason I'm going with the Court of Appeals' opinion, Your Honor, is that when the Supreme Court does the same thing -- that is, it has a Petition for Writ -- the trial court, instead of making the Supreme Court go through the process, just says, Okay, I get it, and grants the relief that the Relator is asking for, the Supreme Court simply enters an order of dismissal. That's all it says. It doesn't say why, anything. Just dismisses.

But the opinion from the San Antonio Court of Appeals says because the trial court has provided Relator with the relief sought in his Petition for Writ of Mandamus, the issue raised by this mandamus proceeding has become moot. Accordingly, this original mandamus proceeding is dismissed as moot. So, Relators have gone to the Supreme Court. They've made the demand that it order this Court to

enter a new Docket Control Order with new deadlines, setting the trial February the 5th. And what we're asking the Court to do is, rather than delay any further, go ahead and do exactly what that is; that is, grant all the relief they're asking for there with regard to the continuance and the trial setting so that we can get on with the matter. And what that will do is make the matter moot in the Supreme Court because the issue's taken care of.

They asked in the Supreme Court also that the Court order that the trial court grant a motion that they have to join Armko. And that's the first thing, but they didn't brief it. So, it's highly likely that the Court will simply enter this order that they're asking the Supreme Court to do. It's highly likely that the matter will be over with in the Supreme Court and this Court can deal with the matters further.

On the Armko matter, VCC last Thursday took the deposition of Armko; and in that deposition, VCC established that the school district had no contract with Armko, established that Armko issued no warranty. Those were the two supposed facts that VCC used to come to the court as their petition basis, that those two were facts. They've proven they're not facts, which demonstrates that the Court's original decision was correct. So, I'd ask the Court rather than wait --

MR. PERALEZ: I'm going to object to that admission of what he said under oath, Your Honor. You'll have the transcript on that. I'm not going to agree that that's how the testimony played out. Mr. Constant wasn't there.

MR. CONSTANT: He said there was a contract --

THE COURT: Go ahead.

MR. CONSTANT: He said there was a warranty. If it's a school district contract --

MR. PERALEZ: What he said is he's Rene Campos' brother-in-law. Didn't tell us until two hours into the deposition. That's embarrassing.

THE COURT: Go ahead, Mr. Constant.

MR. CONSTANT: I'm sorry, Your Honor. So, we'd ask the Court to go ahead and grant the relief that VCC has asked for in the Supreme Court with regard to continuing the trial setting February 5th, issuing a new Scheduling Order, which is the Fourth Amended.

Thank you, Your Honor.

MR. PERALEZ: Your Honor, the only thing on those issues, if I may, the Sunday -- I think it was October 6th -- we filed an Amended Request for Relief. We went outside of no longer asking for the February trial setting. We asked that all deadlines be suspended while we had our chance to make our argument with the Texas Supreme Court.

And so, the order, page 23 of our Amended Emergency Motion for Temporary Relief Arising from Hurricane Harvey, the last line of our request for relief was a stay for, quote, any -- No. 4, any further ruling by the trial court regarding deadlines. That is specifically -- I'm not sure what Mr. Constant's talking about, but that is specifically what's in the pending filing with the Texas Supreme Court. And I'll read to you the first line issued on October 31st: Relators' Amended Emergency Motion for Temporary Relief filed October 30th, 2017, is granted. Okay. So, they granted all the relief that we were seeking in this particular motion, and it was specifically to stop any other deadlines being entered. So, right now, Your Honor, simply our position would be that any change of deadlines related to the scheduling in this case is stayed. And any statement to the contrary is, I don't think, accurate.

THE COURT: And when did you file that motion, Mr. Constant?

MR. CONSTANT: I believe Thursday, Your Honor, which would have been the 8th.

THE BAILIFF: The 9th.

MR. CONSTANT: The 9th. I'm sorry.

MR. PERALEZ: Remember, February was the date they fought against for four months, vehemently. And only when we had to through all the time and expense of getting

the Supreme Court's attention on this issue, it's now, Guess what, Judge? We want to go ahead and redo these deadlines. He's lost that opportunity.

MR. CONSTANT: I have a written copy of --

MR. PERALEZ: He's lost that opportunity. There's one more exhibit that we want to --

MR. BLANTON: Your Honor, just -- as we get through all this confusion on the two motions that are pending, we wanted to make clear our objection to the first one about the Motion to the Clarify. We want to be equally as clear on the Motion for Docket Control Order and that we were objecting to it as also being stated for the same reasons. Mr. Peralez already identified -- and while I appreciate counsel's point about taking this away from the appellate courts and letting us all get back to business, we have tried to address that. We have tried to come to some type of understanding with Mr. Constant's office about how to do that and proceed in light of the 49 million e-mails that are issued and trying to be reviewed in light of the depositions that remain and in light of the other orders that we need to have resolved.

What I did is I sent a letter to Mr. Constant on October -- on November 7th to Mr. Constant asking for some clarity on these issues so that hopefully we could avoid this very hearing and come to some other type of

resolution. And we did propose a supplemental production by the school district. We simply think that 49 million e-mails being produced in the manner and format that they currently are is undoable.

And there's other counsel in this room that have been out there and they will support that statement. Mr. Sabo's office has had somebody out there picking and choosing e-mails to try and open to elicit some type of response that would help support their claims or defenses in this case. Mr. Nevelow was out there recently. Mr. Pierce Cox's office is trying to coordinate people even in the midst of their recovering from Hurricane Harvey. I've had people out there. It's simply untenable. Their own personnel would agree with that position. But back to the Discovery Control Order and new trial setting. We have suggested that there may be some peace that we could agree to with Mr. Constant's office of June, 2018, provided there's a supplemental production and a format that is searchable and useful. But without those two conditions, we're objecting to anything before this Court until it gets resolved by the orders or input from the Supreme Court.

MR. PERALEZ: So, Your Honor, he has a letter we'd like to mark just for purposes of this hearing. November 7th, it was sent to Mr. Constant outlining a June alternative and some suggested common ground or peace on the

discovery matter. I'll let Jacque mark it whatever number we need to. That's pretty much it, Your Honor.

I'm going to offer Exhibit 1 for purposes of this hearing.

THE COURT: Any objection to that, Mr. Constant?

MR. CONSTANT: No, Your Honor. No objection.

THE COURT: Admitted.

(VCC Exhibit No. 1 admitted.)

THE COURT: Now, on November 9th, 2017, 106, Pharr-San Juan-Alamo School District's Motion to Clarify the Court's Instruction from the Bench on October 24th, 2017. This is your motion with respect to this order that you handed me a paper copy on whether or not the Court should clarify. And there's -- it's VCC, LLC's, position that this would somehow change, even though it's called clarifying, the order that the Supreme Court has already addressed and that is stayed. Did you file a motion with respect to your Docket Control -- your Proposed Docket Control Order?

MR. CONSTANT: I don't remember. I thought that I did. I thought that I asked for the Court to enter it. I filed a motion, but I am flat-footed here, Your Honor. I do not remember whether I -- I don't think I would have simply filed a proposed order. I'm pretty sure there is a motion. I didn't print the motion. I printed the

order.

THE COURT: Because VCC, LLC, is telling me, Hold on, Mr. Constant. You should have acquiesced in the February 5th trial setting, but you never did. And now that we've beat you at the Supreme Court, which has stayed that --

MR. PERALEZ: Nope.

THE COURT: -- you know, now we're looking at June of 2018.

MR. PERALEZ: It's the 49 million e-mails we're sifting through, Your Honor, which the Plaintiffs -- which PSJA has asked us -- that's the remedy that we have right now. That's what it is, not anybody's -- the last thing we want to spend dealing with the Supreme Court.

THE COURT: So, then there ought not be a problem with the Fourth Amended Discovery Control Order which gives VCC, LLC, exactly what you wanted to begin with, which was February 5th of 2018.

MR. PERALEZ: There's an absolute problem with it, Your Honor. Until --

THE COURT: Ah, that's what I thought I heard the first time.

MR. PERALEZ: -- until we work out the discovery. The landscape has changed only because we're still being told, Go sit there and watch e-mails get loaded

for an average of 6 seconds to 2 minutes; and if there's a document, it takes 20 minutes.  So, I'll -- if the Court wants more on how those e-mails are taking place, I've got pictures of screens --

THE COURT:  No, I don't.  I don't.

MR. PERALEZ:  Okay.  So, that's what makes the deadlines --

THE COURT:  You use different terminology.  You said the landscape has changed.  It amounts to the same thing.  You now have Mr. Constant acquiescing in the February 5th, which is what VCC, LLC, wanted the whole time; and it would seem to me that then there wouldn't be a problem with Mr. Constant's Fourth Amended Docket Control Order except you said the landscape had changed.

MR. PERALEZ:  Because of the discovery --

THE COURT:  And I know that.  I know why the landscape has changed.  The Supreme Court has certain issues stayed, including the issue that Mr. Constant wants me to clarify with the -- for the Supreme Court, which you say is not a clarification, which you say is a change.

Now, I'm going to rule on all of these issues, but unfortunately, you-all are taking me back to reading that Supreme Court Order all over again so that I cannot run afoul of the Supreme Court Order.  So, you-all should be hungry by now.  So, we'll see you back here at 3:00.

MR. CONSTANT: Your Honor, I filed yesterday a document called Memorandum in Support with a Motion to Clarify. I don't know whether it has yet gotten up into the queue. It's No. 108, I believe. And the reason I point it out to the Court is because it sets out what was happening on the day that the issue came up about whether or not there would be a list of search terms, and Mr. Franz said, We'll give you some search terms. And I gave that to the Court so that the Court could see, but the Court did not order them to do it. It was something that the two parties agreed to in court. And then the second one had to do with the issue which was read to you by Mr. Blanton. If it's there, I'd ask the Court to take a look at it and consider it.

THE COURT: Well, I'll read it as well as the Supreme Court Order. We'll see you-all at 3:00 and we'll work until 5:00.

MR. PERALEZ: And I just object to any rendition of what was said. The transcript stands for itself, Your Honor, whatever the transcript says.

THE COURT: Go eat.

MR. PERALEZ: Thank you, Your Honor.

(Lunch recess.)

THE COURT: Have a seat. We're back on the record in C-1269-16-B, VCC, LLC, versus PSJA, and others.

I read both the motions. The Supreme Court

Order is very succinct and to the point. I see nothing in it that tells me that a little clarification wouldn't help. So, your Motion and Order to Clarify is granted, Mr. Constant.

With respect to the issue about the Docket Control Order, that's not so easy. Relators' amended emergency motion for temporary relief filed October 30th, 2017, is granted. The Trial Court Order issued October 24th, 2017, Third Amended Discovery Control Order and Trial Setting for Southwest Early College High School, and the Trial Court Order issued October 25, Order on Motion to Compel, Supplemental Motion to Compel, and First Amended Supplemental Motion to Compel in C-1269-16-B, styled VCC, LLC, versus Pharr-San Juan-Alamo Independent School District in the 93rd District Court of Hidalgo County, Texas, are stayed pending further order of this Court.

So, based upon that, I'm not granting the requested Fourth Amended Discovery Control Order at this time. I'll await further orders of the Supreme Court based upon the real parties in interest requested to respond to Relators' Petition for Writ of Mandamus on or before November 15th, 2017, which is not tomorrow, but Wednesday.

MR. CONSTANT: Yes, sir.

THE COURT: Okay.

MR. CONSTANT: Your Honor, if the Court

thought that it was free to enter the order that grants the relief that the Relators are asking in the -- the Relators in the Supreme Court are asking the Supreme Court to order you to enter an order that sets the case for trial for February the 5th if -- and that's the relief they're asking. And they're asking the Supreme Court to order it. It would seem that if this Court does what they're asking the Supreme Court to order you to do and you did it now, then that issue would be taken care of. And they did not order you not to do it. They didn't order you not to grant the relief that was being asked. So, if the Court...

THE COURT: I was not disappointed, frankly, in the Supreme Court Order staying further proceedings and initially thought that what this order meant is that the February 5th backup date would control and that, indeed, that's what everyone, given the change in the landscape, would have preferred. But I'm understanding that VCC, LLC, is thinking more in the future than that. And in their motion, VCC, LLC, goes on to request for temporary relief. Relators ask the trial court to continue the October 30th trial setting to the backup date of February 5th, 2018, or beyond. And that language is back when VCC, LLC, was asking the 93rd District Court for a continuance, which at that time, even though I indicated that I was looking to granting a continuance to November 27th, that, nonetheless, I did

not until some days later when the Court sua sponte did grant the Motion for Continuance. So, I'm not at all certain in their motion, even though I read it again, whether VCC, LLC, is continuing to state to the Supreme Court that the backup trial date is not -- not something that is possible and that, therefore, they're asking for a date beyond that.

Do you recall whether they did, Mr. Constant?

MR. CONSTANT: In their Petition for Writ of Mandamus, they do not. In that, they ask -- I believe they asked that the case be set for February 5th. What I'd ask at least is the Court -- since they're asking the Supreme Court to move it to February 5th, that at least this Court indicates that it's not unwilling to do that but believes it can't do that.

THE COURT: Well, actually, that is what I want to do. I want to set this case for February 5th, but given the order and VCC, LLC, telling me the order says, Judge, that you can't mess with this until further orders of the Court; and so, not only did I take the motion over the lunch hour, but I took the order itself and I read it over several times and it seemed clear that they included the Trial Court Order and they included the Docket Control Order, the Third Amended Discovery Control Order, and they're saying that that's stayed pending further order of

this Court.

Now, I can make a record all day long saying that I would love to sign that Fourth Amended Discovery Control Order so that everybody can go on back about your business and know that the holiday period is on to do your work and whatever other responsibilities you have.

MR. CONSTANT: But, Your Honor, if you would do that, it would demonstrate to the Supreme Court you are willing to do it; and what they have stayed is very specific. They stayed the October 24th Third Amended, and they stayed the October 24th order on the Motion to Compel, the Discovery Control Order. And what they did not grant, which the emergency asked for, they did not grant that portion of the emergency motion which said stop the court from setting any deadlines. And the reason that it would make no sense is for the Supreme Court to say we're going to stop everything while we consider this written mandamus to move it to the 5th and tell the trial court we may order you to move it to the 5th and then somehow say somewhere that we can't see, that -- well, you can't just go ahead and give it to them, which is what regularly happens. And I gave the Court *In re Aguirre* -- which is up there on the right and I highlighted it -- in which the Court of Appeals says, Okay, well, the trial court did that, what they were asking for; therefore, it is moot. And there is

nothing in this order, Your Honor, that's specific. What it says is the October 24th order, not this Court but the 24th order be stayed, which is the third amended.

And the next thing they say is the October 25th order is stayed. That's the discovery order. It does not say anywhere that this Court cannot just grant the relief that these people are asking for here and surely the Supreme Court will be pleased to take this off their docket if the trial court will say, Okay, I'll acquiesce in that. The other parties said okay with February 5th. This is what they're asking for; I'm going to give it to them.

If it turns out, Your Honor, that you don't have the power somehow to set the thing for February 5th, the Supreme Court will tell us right away, Oh, no, you can't do that. You've got to wait until we have all this briefing before we in Austin decide whether it's going to be set for February 5th. You can't do it. That's not going to happen, Your Honor. They didn't tell you not to do anything. I'd ask the Court to at least set it for the 5th. If that turns out to be wrong, it doesn't hurt anybody.

MR. PERALEZ: Well, it hurts a lot of people and a lot of effort, and it's disingenuous. I'd like our appellate counsel who's taken the time to come and at least address that issue. I don't think it's that complicated.

MR. SNEAD: Your Honor, Brad Snead. I've

lurked a little bit in these proceedings. I'm glad to finally have the opportunity to speak with you.

I just want to make two points to clarify a couple of things. One, in our Amended Emergency Motion for Temporary Relief, which we provided you a copy with, on page three -- at the top of page three, we set out the specific relief we were requesting. Item No. 4 says any further ruling by the trial Court regarding deadlines. And the Supreme Court in its order, as you've read it over and over, the first line says our amended motion for temporary relief is granted, period.

And it went on to add some specificity, but it says our amended emergency motion is granted. That's the specific relief we requested; and so, it is a jurisdictional or authority issue the Court has said no more deadlines while it's considering the mandamus. And the purposes for that, just to be clear, is just so the trial court doesn't interfere with what's happening in the Supreme Court, because it could be February 5th or you could set it for December and then we're going to keep changing the arguments in the Supreme Court. So, we just asked for no more deadlines while the Supreme Court's considering it, and the Supreme Court granted that.

THE COURT: That what you're both saying would be common sense, it is. But I have read the language and

the part that you cite, Mr. Snead, is -- it's highlighted: Any further rulings by the trial court regarding deadlines. Even though I can go on the record and say that I absolutely believe that the case should be now on February 5th, however, absent my saying that, the Supreme Court would have no way of knowing whether I was going to say December 27th, which I'm not; or January 27th, which I'm not. I'm saying I agree that a common-sense approach to this situation would be to grant the Fourth Amended Discovery Control Order rendering the matter moot before the Supreme Court, as Mr. Constant argues, but for a very strict interpretation of the order and your motion -- and again, page three, any further rulings by the trial court regarding deadlines. And it is on that basis that I made my announcement.

Now, in a frank discussion, I've already told you-all at least twice that I agree that the case should be on February 5th, and I still agree that it should be on February 5th. I want to grant that relief that Mr. Constant is asking. I believe that that's what was sought for the entire time, albeit VCC, LLC, did want, perhaps, February 5th and beyond, but I certainly don't want to run afoul of a very strict interpretation that the Supreme Court may say, What is it that you didn't understand, Judge Delgado? And given that some of you-all

are more strict constructionists than, perhaps, I am, I took the time to read this over the lunch hour.

MR. PERALEZ: Thank you, Your Honor.

THE COURT: And I trust that Jacque will be working into the night tonight to provide the transcript of what I've said.

MR. PERALEZ: Your Honor, we did provide Mr. Constant a letter, and it is marked VCC 1. And at the last hearing I mentioned why February was undoable. I think we talked about June there. We're still open to discussing things with Mr. Constant that might make certain aspects of the appeal moot. I don't know that we're going to be able to un-moot the discovery battles, which would be the subject of a separate mandamus. But thank you, Your Honor. You've heard us long enough. I appreciate it.

MR. UHLES: Thank you for your time, Your Honor.

THE COURT: Well, what about everybody else?

MR. PERALEZ: They're all in agreement.

THE COURT: Mr. Sabo, your situation has been rather resolved.

MR. SABO: No.

THE COURT: Yes, it is.

MR. SABO: Oh, the Christmas --

THE COURT: Yeah.

MR. SABO:  I was thinking a little more globally.  That, I think, is safe to make reservations.

THE COURT:  Yes, I believe so, for all concerned.

MR. SABO:  At least as far as this Court is concerned.

THE COURT:  Are there any other issues? Mr. Constant?

MR. CONSTANT:  Your Honor, I just wanted to make this statement into the record here with regard to the Motion to Clarify because I didn't say it this morning in the earlier session, which I should have, which is the important reason for entering that order is because we have counsel in the case who think that they have been ordered by this Court to go and read the 49 million e-mails.  And they think that they have been ordered to sift through them, and that's why it was important that we -- that the Court at least clarify so that they know they don't have to do it. They can do it if they like, but they're not being ordered to do it.

Thank you.

THE COURT:  And, that, I did grant.

MR. PERALEZ:  I've not heard a single person make that complaint.

Your Honor, may we be excused?

THE COURT: Perhaps you should walk through the woods. The woods may whisper from time to time.

MR. PERALEZ: I don't even get that, Your Honor. All I know is we're free to go. Thank you, Your Honor.

THE COURT: You-all are excused.

(Proceedings concluded.)

THE STATE OF TEXAS

COUNTY OF HIDALGO:

### CERTIFICATE OF COURT REPORTER

I, JACQUELINE INKS, Official Court Reporter in and for the 93rd Judicial District Court of Hidalgo County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-entitled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $470.00___ and will be paid by CONSTANT LAW FIRM.

WITNESS MY OFFICIAL HAND on this the 11th day of November, 2017.

/s/ Jacqueline Inks
_____
JACQUELINE INKS, CSR
Official Court Reporter
93rd District Court
100 N. Closner
Edinburg, Texas 78539
(956) 318-2255
Cert. No. 5162; Expires: 12/31/18

Patrick "Gene" Blanton *Partner*

469 317 1055 ·   469 317 1155 ·
gblanton@slatesharwell.com

SLATES
HARWELL

November 7, 2017

*Via E-mail*
Anthony F. Constant
Constant Law Firm
800 N. Shoreline Boulevard, Suite 2700
Corpus Christi, TX 78401

Re:   Cause No. C-1269-16-B; *VCC, LLC v. PSJA*

Dear Anthony:

This letter serves as written confirmation of the proposals that we discussed with your co-counsel on Monday, November 6, 2017. We had previously proposed having a conference call with all counsel to address proposed agreements that could be reached on the Pharr-San Juan-Alamo Independent School District (PSJA) email production, the timing for additional depositions, and any agreement on a new trial date based on the recent relief provided by the Supreme Court on October 31, 2017. Our proposals on these topics are below. Once you have had a chance to review these and discuss them with your client representatives, please let us know what can be done to address some of these issues without further relief from the court.

**Production of more than 49 million emails**
Your office recently made available electronic emails that had been archived on PSJA's server since 2010. It is undisputed that your office did not use any of the Requests For Production that were served in this case as a reference for collecting documents that were to be produced. Instead, your office had Hector Rodriguez generate results based solely on the search terms that were previously provided (as a reference to the pending Requests For Production) and generated more than 49 million hits from a server that contained approximately 44 million emails (meaning an additional 5 million email hits were generated because of your approach).

My office had two individuals arrive at the administration office the week of October 30, 2017, to begin reviewing and sorting through the electronic production. To say the conditions and the obstacles they faced in reviewing the electronic documents were unreasonable would be overly simplistic. Your office instructed them to sit inside a bus to review emails on a laptop that was remotely connected to the archive server via a wireless connection. This is akin to using 1990s dial



up internet to begin reviewing more than 49 million emails. The wireless connection was inconsistent and at any given time a single email took from 30 seconds to more than 3 minutes to load. On the second day your office directed my team to begin reviewing documents from inside a teacher's lounge as opposed to the bus. Unfortunately, the wireless connectivity problems continued as did the delay in loading the emails that were made available.

Conversations between yourself and PSJA's electronic archive director (Hector Rodriguez) revealed that PSJA's production could have been done in a much more reasonable manner. Specifically, that searches could have been done to produce documents responsive to the Requests For Production, that the collection could have been done from only those employees with relevant knowledge of the issues, that a search functionality is available even for the more than 49 million emails that have been identified (although not all of which have been produced) and yet that functionality has been disabled so that reviewers are forced to simply open and close each email without the ability to manipulate the data. It's clear that Mr. Rodriguez has been instructed to produce the documents in the most difficult and obstructive manner possible.

Forging ahead in this manner is not reasonable, nor is it permissible under the rules. We are proposing the following action be taken to address the difficulties above:

- Your office produce documents responsive to all Requests For Production related to the Hail litigation in which PSJA sued for replacement of or damages to the roof at the Southwest High School. It is undisputed that PSJA has settled the case and took the position that the roof needed to be replaced because of damage caused by a hail storm or wind storm as compared to defects in construction

- Your office produce documents responsive to all Requests For Production related to the Design Team as defined in the Requests For Production. Again, you have previously indicated that PSJA is in current litigation with members of the Design Team, your experts have identified criticisms of the Design of the School and yet you refuse to provide the most basic set of documents responsive to these requests.

- Hector Rodriguez perform searches based on the Requests For Production that have previously been served on your office (just as he indicated he could during his deposition, during his testimony in front of the court, and again at the administration building) and a summary of those searches be provided to counsel prior to November 22, 2017.

- PSJA begin collecting the emails for relevant district personnel. You have asked that I identify individuals who should be included in this collection. As an outsider, I am without knowledge of all people or their respective roles, or who would have been involved and employed by the district during the relevant time periods. I do however believe that the following individuals would have knowledge of the relevant issues and that their emails should be collected from the more than 49 million: Hector Zuniga, Fernando Lopez, Hector Leal, Gerrardo "Gerry" Lopez, Rene Campos, Larry Doeppenschmidt, Janet Robles, Dr. King, Ben Garza, Reymundo Gonzalez, Rene Molina, James Rodriguez, Rey Sanchez,

Rene Ramirez, Rose Vela, Gilbert Vazquez, Anadelia Pena, Rubio Muniz, Tammy Morales, Gloria Espinosa. This list is by no means complete and only your team has access to those individuals within PSJA who have relevant knowledge of the claims at issue in this case.

- Please produce the emails in native format with their corresponding attachments and metadata. It is my understanding from your representations to the Court that the biggest problem with the more than 49 million emails is that they could not be exported and this is what resulted in a trip to the bus. Based on the equipment and software used and maintained by PSJA a smaller number of emails could easily be exported and made available for copying and that the above approaches would result in those smaller production.

The above approaches would also limit the amount of personal or protected information of students and teachers that we believe your office has made available for inspection and production. To be clear, we do not want the spam emails, the emails about student grades, the emails about student health or classroom performance issues, or any of the other millions of documents you have generated as part of this exercise that clearly do not relate to the claims or defenses in this lawsuit.

**Depositions Moving Forward**
We have scheduled the deposition of Armko's corporate representative for this Thursday in McAllen. I'm also trying to confirm a deposition for Vratsinas Construction Company on Thursday, December 30, 2017 in Dallas. We have previously informed your office that we still need to depose the following individuals: Rene Ramirez, Rose Vela, Larry Doeppenschmidt, Dr. King, Gerrardo "Gerry" Lopez, Gilbert Vazquez, a corporate representative from ROFA, a corporate representative from Raba Kistner, a corporate representative from Noe Garza, Kevin Fagan, a corporate representative from PSJA, and Rene Campos. Others may be of interest depending on the results of the email review, including some of the names listed above.

More importantly, most of these people need to be deposed after having had a reasonable opportunity to review the emails that PSJA has produced in this case. If your office agrees to the suggested approaches above on the email production, we would request a period of 60—75 days to review those results before proceeding with these depositions. Assuming a supplemental production before the end of November would mean a review period lasting until the beginning or middle of February (for what is currently millions and millions of documents). This would allow the parties at least an opportunity to reasonably inspect the massive production and to know what evidence has been in the possession of PSJA. In addition to the above depositions, it is also anticipated that a few subcontractor corporate representatives will need to be taken.

We estimate the above depositions will take approximately 45—60 days to complete once PSJA has supplemented its email production and the parties have had an adequate chance to review that information. In short, even if PSJA were to supplement its discovery production prior to Thanksgiving we believe discovery would need to continue up to or through May.

November 7, 2017
Page 4

## New Trial Date

We understand that your office is now seeking to have the Court enter a 4th Amended Docket Control Order that would move the trial date to February. We believe the Supreme Court orders issued on October 31, 2017, prohibit the trial court from entering such an order. The February trial date is not realistic based on the events since Hurricane Harvey. During our phone call with your co-counsel we proposed a June 2018 trial date. Based on the above we estimate the following schedule:

- Supplemental Production by PSJA of November 30, 2017 (please remember that Hector Rodriguez testified it took approximately 6 weeks to do the first few hundred thousand emails for production and loading onto the computers).
- Review Period of Supplemental Production 60—75 days (for what is anticipated to be several hundred thousand or worse, still millions of documents) lasting under the middle of February 2018.
- Remaining Depositions of key personnel to last 60 days – up to the beginning of May 2018.
- Misc. Discovery and Pretrial Motions – during May of 2018.
- Trial – June 2018.

We are trying to work through these issues with your office without having to seek relief from the Courts. If we can reach an agreement on these issues then we think it would make sense to discuss the withdrawal of our pending mandamus. We are hopeful that you can appreciate the difficulties in addressing PSJA's electronic production and that the production is only making the situation worse. In the interim I plan to have people from my office back at the "bus" this Wednesday and Thursday. Please make accommodations.

Please advise as to how we can address these issues in an agreeable manner.

Sincerely,

Patrick "Gene" Blanton

# Tab 9

**Fourth Amended Discovery Control Order and Trial Setting**

CAUSE NO. C-1269-16-B

| VCC, LLC | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**FOURTH AMENDED**
**Discovery Control Order and Trial Setting for the Southwest Early College High School**

IT IS ORDERED:

The parties against whom a claim has been made regarding the construction of the Southwest Early College High School and the parties making such claim, shall abide by the following schedule and deadlines and the claims shall be tried on the "TRIAL" date stated.

**Southwest Early College High School**

| | |
|---|---|
| TRIAL | February 5, 2018 |
| Pleadings Final and Filed by | January 5, 2018 |
| Daubert Challenges Filed by | January 5, 2018 |
| Dispositive Motions Filed by | January 12, 2018 |
| Exhibit and witness list exchanged, Limine motions filed, designation by Page and line deposition testimony by | January 29, 2018 |
| Discovery Completed by | January 26, 2018 |
| Pre-Trial Hearing | January 29, 2018 at 11:00 a.m. |

Signed this _____ day of November 2017.

_____
JUDGE PRESIDING

1

cc:

**Pharr-San Juan-Alamo I.S.D.:**
Juan J. Hinojosa (jjhinojosa@bizrgv.rr.com)
Anthony Constant (office@constantlawfirm.com)
Rene Ramirez (rramirezlaw@me.com)
Rose Vela (Rose.vela@me.com)
Pruett Moore III (pmooreiii@sbcglobal.net)

**VCC, LLC:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Henri Nicolas (henri@shidlofskylaw.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

Keith N. Uhles (keith.uhles@roystonlaw.com)
Esteban Delgadillo (esteban.delgadillo@roystonlaw.com)
Teresa A. Chavez (Teresa.Chavez@roystonlaw.com)
Aide Cervantes (Aide.Cervantes@roystonlaw.com)

Jessica Z. Barger (barger@wrightclose.com)
Bradley W. Snead (snead@wrightclose.com)

**Vratsinas Construction Company:**
Patrick E. "Gene" Blanton (gblanton@slatesharwell.com)
Steve Bolline (sbolline@slatesharwell.com)
Blake Wilson (bwilson@slatesharwell.com)
Mendy Meyer (mmeyer@slatesharwell.com)
Melissa Alejos (malejos@slatesharwell.com)

Gil P. Peralez (gpp@peralezfranzlaw.com)
Chris Franz (ccf@peralezfranzlaw.com)
Peralez Franz LLP Service (service@peralezfranzlaw.com)

**Ed Flume Building Specialties, Ltd.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Michael McCann (mmccann@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**RGV Alliance Construction, L.L.C.:**
David Garza (dgarza@garzaandgarza.com)
J. Olmos (jolmos@garzaandgarza.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Daniel P. McManus (dmcmanus@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**Hellas Construction, Inc.:**
Gregg Brown (grb-svc@germer-austin.com)
Nancy Griffin Scates (nscates@germer-austin.com)
Brett Levinson (blevinson@germer-austin.com)
Juliana Countess (jcountess@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)

**JD Krane Floor Designs:**
Doug Kennedy (DKennedy@brinandbrin.com)
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Letty Cantu (cd@brinandbrin.com)

Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**P.H.I. Service Agency, Inc.:**
David Funderburk (DFunderburk@ffllp.com)
Diane Davis (ddavis@ffllp.com)
Cheryl Ward (acward@ffllp.com)
Carla Wiltshire (cwiltshire@ffllp.com)
Michele Medina (mmedina@ffllp.com)

**Rio Roofing, Inc.:**
H. Dwayne Newton (dnewton@newton-lawyers.com)
Michael B. Feibus (mfeibus@newton-lawyers.com)
Michele H. Pederson (mhpederson@newton-lawyers.com)
(e-service@newton-lawyers.com)
Mara Salazar (msalazar@newton-lawyers.com)

**Strong Structural Steel, Ltd.:**
Craig A. Nevelow (cnevelow@w-g.com)
Jennifer Hopper (jhopper@w-g.com)

**Aguirre Framing & Construction, LLC:**
Michael J. Quintana (mquintana@gnqlawyers.com)
Griselda Escamilla (gescamilla@gnqlawyers.com)

Dean J. Siotos (dsiotos@rlattorneys.com)
Ariel Maloney (amaloney@rlattorneys.com)

**Southern Mechanical Air Conditioning:**
Paul Byron Starr (pstarr@germer-austin.com)
Sara Lutz (Saral@germer.com)

C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
J. Ross Broussard (rbroussard@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)
Naomi Gonzales (ngonzales@dawray.com)

**Metro Electric Inc.:**
Barry Ray (bray@adamsgraham.com)
Eva Nieto (enieto@adamsgraham.com)
Alyssa Chaplin (achaplin@adamsgraham.com)

**Visionscapes, Inc.:**
Jerry L. Ewing (jerry.ewing@wbclawfirm.com)
Michelle A. Koledi (Michelle.Koledi@wbclawfirm.com)
Whitney Pittman (Whitney.Pittman@wbclawfirm.com)
Briana Robinson (Briana.Robinson@wbclawfirm.com)
Shelby Dobson (Shelby.Dobson@wbclawfirm.com)
Janet Montgomery (janet.montgomery@wbclawfirm.com)

**R.A.S. Masonry, LLC:**
Clinton J. Echols (cechols@rmjelaw.com)
Virginia Pederson (vpederson@rmjelaw.com)
Lisa Kelly (lkelly@rmjelaw.com)
Shayla Brooks (sbrooks@rmjelaw.com)

Wesson H. Tribble (wtribble@tribblelawfirm.com)
Pascal Arteaga (parteaga@tribblelawfirm.com)
Kirsten Mills (Kmills@tribblelawfirm.com)
Gregg Kupor (gkupor@tribblelawfirm.com)

**NM Contracting LLC:**
Robert L. Guerra (rguerra@thorntonfirm.com)
Juan E. Moreno, Jr. (jmoreno@thorntonfirm.com)
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**SAN-CO STEEL LTD D/B/A SOUTHERN STEEL FABRICATORS LTD:**
Paul A. Smith, Jr. (paul@solisandsmithlaw.com)
Carlos Solis (carlos@solisandsmithlaw.com)
Maggie Keller (Maggie@solisandsmithlaw.com)
Yolanda Valdez (yolanda@solisandsmithlaw.com)

Daniel M.L. Hernandez (efiling@hdzfirm.com)

**Teni-Trak, Inc.:**
Frank Sabo, Jr. (fsabo@guerraleeds.com)
Ysmael D. Fonseca (YFonseca@guerraleeds.com)
Cindy Ortega (COrtega@GuerraLeeds.com)
Loly Sanchez (LSanchez@GuerraLeeds.com)

**G&S Glass, LLC:**
C. Thomas Valentine (tvalentine@dawray.com)
Thomas Demary (tdemary@dawray.com)
Leslie Hanna (lhanna@dawray.com)
Jacqueline Y. Smelley (JSMELLEY@dawray.com)
Schavonne Banzouzi (SBANZOUZI@dawray.com)
Dominique Bellard (DBELLARD@dawray.com)
Lucero Amezquita (LAMEZQUITA@dawray.com)
David Goodroe (dgoodroe@dawray.com)

**CBI, L.L.C.:**
David Flores (maryq@floresandtorresllp.com)
Jesus Contreras (Jconlaw23@gmail.com)

**TEGA Construction, LLC:**
Daniel G. Rios (dan@danrioslaw.com)

**Schneider Electric USA, INC.:**
J.K. Leonard (jkleonard@namanhowell.com)
James M. Parker, Jr. (jparker@namanhowell.com)
Mark A. Cooper (mcooper@namanhowell.com)
Crystal Montalbano (cmontalbano@namanhowell.com)
Gracie Cave (gcave@namanhowell.com)

**The Alex Group, LLC:**
Gregory N. Ziegler (gziegler@macdonalddevin.com)
Rebecca M. Alcantar (RAlcantar@macdonalddevin.com)
Kathy Troutman (ktroutman@macdonalddevin.com)

**Jerome Masonry, LLC.:**
Jose L. Gamez (jgamez@dakpc.com)
Rosa M. Mendez (rmendez@dakpc.com)

**KW Industries, Inc.:**
Seth I. Rubinson (srubinson@rubinsonlaw.com)
Scott Seidl (sseidl@rubinsonlaw.com)

5

**Juan A. Garcia dba Jay's Electric:**
Adrian Senyszyn (asenyszyn@brinandbrin.com)
Doug Kennedy (DKennedy@brinandbrin.com)
Monica Maryland (mmaryland@brinandbrin.com)

**Texas Fireguard, LLC:**
Grant E. Adami, III (tadami@adamilaw.com)
Paul D. Huckabay (phuckabay@adamilaw.com)
Scott Schendel (sschendel@adamilaw.com)
Betty Warren (Bwarren@adamilaw.com)
Ginger Landry (glandry@adamilaw.com)

**ACE AUDIO COMMUNICATIONS, INC.:**
Viola G. Garza (viola@cowengarza.com)
Peyton S. Kampas (peyton@cowengarza.com)
Bea Lopez (bea@cowengarza.com)

**ALLIANCE SPECIALIZED SYSTEMS, LLC:**
Martin A. Canales (mcanales@thorntonfirm.com)
Andrew Liesman (aliesman@thorntonfirm.com)

**3G Industries:**
Clay Hollis (hollislaw@att.net)
Krystal Guevara (krgcyb@yahoo.com)

**FR GREEN THUMB LANDSCAPING, LLC:**
Traci L. Evans (tracilynnevans@yahoo.com)

**L&G Concrete Construction, Inc.:**
Thomas A. Mailloux II (tmailloux@bpgrlaw.com)
Karin O. Durio (kdurio@bpgrlaw.com)
Brenda L. Lawrence (blawrence@bpgrlaw.com)
Gregory Perez (gperez@bpgrlaw.com)
Sabra Rice (srice@bpgrlaw.com)

**JLV Construction Co., Inc.:**
Josh K. Davis (Josh.Davis@lewisbrisbois.com)
Matthew R. Begley (Matthew.Begley@lewisbrisbois.com)
Emily F. Thompson (Emily.Thompson@lewisbrisbois.com)

C. Thomas Valentine (tvalentine@dawray.com)
Ellen M. Karp (ekarp@dawray.com)

**Saul Requenez d/b/a Palmview Steel Erectors:**
John Engvall, Jr. (jengvall@engvalltxlaw.com)
Meghan Cantu Strickland (mstrickland@engvalltxlaw.com)
Becky Johnson (bjohnson@engvalltxlaw.com)
Mindy Mufti (mmufti@engvalltxlaw.com)

6

**NATO GARCIA d/b/a NATO GARCIA COMPANY**
Andrew J. McCluggage (amccluggage@thompsoncoe.com)
Pierce T. Cox (pcox@thompsoncoe.com)
Sandra Hernandez (SHernandez@thompsoncoe.com)

**Cenergistic, LLC:**
David R. Woodward (dwoodward@cobbmartinez.com)
Matthew E. Last (mlast@cobbmartinez.com)
Angie Stevenson (astevenson@cobbmartinez.com)

**Joe W. Fly, Co.:**
J. Scott Howard (showard@texasdefense.com)
Phyllis Harmon (phyllis@texasdefense.com)

# Tab 10

**PSJA ISD's Response to Motion to Enforce Order Regarding Production of Electronic Discovery and Alternative Motion for Continuance filed October 13, 2017 at 7:17PM**

Electronically Filed
10/23/2017 12:00 AM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |

VCC, LLC § IN THE DISTRICT COURT
*Plaintiff and Counter-Defendant* §
§
§
v. § 93RD JUDICIAL DISTRICT
§
§
PHARR-SAN JUAN-ALAMO §
INDEPENDENT SCHOOL DISTRICT §
*Defendant and Counter-Plaintiff* § HIDALGO COUNTY, TEXAS

**104**
**PSJA ISD's Response to Motion to Enforce Order Regarding Production of Electronic Discovery and Alternative Motion for Continuance filed October 13, 2017 at 7:17 PM**

TO THE HONORABLE JUDGE OF SAID COURT:

1. On September 22, 2017, VCC served a request for production on PSJA ISD.

   The request is attached as Exhibit A.

2. On October 21, 2017, PSJA ISD served upon VCC, Pharr-San Juan-Alamo Independent

   School District's Responses to VCC, LLC's September 22, 2017 Request for Production:

   "RESPONSE:

   Production, inspection and copying of the responsive documents in electronic form will take place at 601 E. Kelly Avenue, Pharr, Texas 78577 at 9 AM Monday September 23, 2017 and continuing all day to 5 PM[1] and at the same place at the same time Monday, Tuesday, Wednesday, Thursday and Friday through and including November 27, 2017.[2]

   The responding party will produce the original electronic form for inspection and copying.

   The responding party objects to production at any other time and place."

The Response is attached as Exhibit B.

---

[1] (with a one hour lunch break from noon until 1 pm)
[2] Except November 23rd and November 24th.

3. The Response is in exact compliance with the Texas Rules of Civil Procedure:

"196.2 Response to Request for Production and Inspection:

(a) *Time for Response*. The responding party must serve a written response on the requesting party within 30 days after service of the request, . . .

(b) *Content of Response*. With respect to each item or category of items, the responding party must state objections and assert privileges as required by these rules, and state, as appropriate, that:

(1) . . .
(2) . . .

(3) production, inspection, or other requested action will take place at a specified time and place, . . ."

4. The Response complies with this Court's October 18, 2017 Order that PSJA ISD "is ordered to produce by October 16, 2017 any and all e-mails found by implementing the 160 search terms that Plaintiff VCC, LLC, provided to Defendant, Pharr-San Juan-Alamo Independent School District on September 22, 2017[.]" except that the Response is tardy by five days. PSJA is tardy because it has been attempting since September 25, 2017 to make copies of the emails to provide to all parties without much success. Therefore, on Friday, October 20, 2017, PSJA ISD decided to produce the native original emails for inspection and copying. PSJA ISD is opening up to all parties the internal network reserved prior to this date to a limited number of individuals employed directly by PSJA ISD.

VCC will be able to look directly at the native original emails and determine for itself which email is an email VCC is looking for. VCC can then put that chosen email into an electronic folder. At the end of each day, PSJA ISD will email the contents of that folder to the address VCC specifies.

**PRAYER**

PSJA respectfully requests that the Court recognize that production for inspection and copying of the original documents is full compliance with the Texas Rules of Civil Procedure; and that the Court will forgive PSJA ISD its tardiness under the circumstances that PSJA ISD, through no fault of its own, had been unable to make the appliance work and has now agreed to produce the originals.

Respectfully submitted,

/s/ Juan J. Hinojosa
Juan J. Hinojosa
Texas State Bar No.: 09701400
**THE HINOJOSA LAW FIRM, P.C.**
612 West Nolana Ave., Ste. 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Fax: (956) 686-8462
jjhinojosa@bizrgv.rr.com

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office

(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Anthony F. Constant
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

**Attorneys for**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record on this the 22nd day of October 2017.

/s/ Anthony F. Constant
ANTHONY F. CONSTANT
office@constantlawfirm.com



Patrick "Gene" Blanton *Partner*

469 317 1055 ₚ    469 317 1155 ꜰ
gblanton@slatesharwell.com

1700 Pacific  Suite 3800  Dallas  Texas 75201
469 317 1000  slatesharwell.com

September 22, 2017

**VIA ELECTRONIC MAIL**
Anthony Constant
Constant Law Firm
800 N. Shoreline Blvd, Suite 2700 South
Corpus Christi, Texas 78401

Re:    Cause No. C-1269-16-B; *VCC, LLC v. Pharr-San Juan-Alamo Independent School District*; In the 93rd Judicial District Court of Hidalgo County, Texas

Dear Anthony:

Below is a list of search terms to use in gathering electronic documents.  The date range of the searches should be from January 1, 2010 until the present.

1.    Blanco
2.    Southwest
3.    SWH
4.    SHS
5.    Early w/3 college
6.    Armko
7.    Armco
8.    Reagan
9.    Ragan
10.   Ragean
11.   Stromberg
12.   Jones
13.   Leak
14.   Roof
15.   Hail
16.   Claim
17.   Ponding
18.   Intrusion
19.   Cenergistic
20.   Synergistic

_____

21. Controls
22. Settings
23. HVAC
24. System
25. Certificate w/3 merit
26. COM
27. Sue
28. Litigation
29. Lawsuit
30. Landmark
31. Gravely
32. Pearson
33. Settlement
34. Liberty
35. Long
36. Guerra
37. Trevino
38. Notice
39. Warranty
40. Warranties
41. Punch
42. Punch w/3 list
43. Inspect
44. Inspection
45. Inspected
46. Report
47. Raba
48. RK
49. RKCI
50. Noe
51. Flores
52. NGE
53. ROFA
54. Rike
55. Ogden
56. Figueroa
57. Allex
58. Ochoa
59. Rodriguez
60. Bowman
61. Ollervides
62. Roque
63. Hinojosa
64. TAG

65. Alex w/3 Group
66. Gholmieh
67. Kazatsker
68. Great w/3 Northern
69. Chubb
70. Crawford
71. Warren
72. Gordon
73. Phipps
74. Ramirez
75. VCC
76. Vratsinas
77. Wilson
78. Martin
79. Rose
80. Elser
81. Retainage
82. Holder
83. SWK
84. Stacy
85. Reed
86. Easterwood
87. Legacy
88. Ramirez
89. FMP
90. Schedler
91. Baraka
92. Lewis
93. MLD
94. Krismer
95. O'Bannon
96. Kenny
97. Hayden
98. Althouse
99. Air w/3 Intellect
100. Larranga
101. Craig
102. Ramboll
103. Mora
104. Naismith
105. McFarquhar
106. Langerman
107. Long
108. IAQ

_____

109.   Clark
110.   Miles
111.   Reeves
112.   Servpro
113.   Lackner
114.   Datum
115.   White
116.   RPW
117.   Garza
118.   Baldwin
119.   Wallace
120.   Fee w/5 agreement
121.   Repair
122.   Renovate
123.   Remediate
124.   Remediation
125.   Drain
126.   Drainage
127.   Storm
128.   Football
129.   Tennis
130.   Track
131.   Flashing
132.   Humidity
133.   CMU
134.   Walkway
135.   Dew w/3 point
136.   VCT
137.   Tile
138.   Vinyl
139.   Mold
140.   Mildew
141.   Grade
142.   Grading
143.   Slope
144.   Standing w/3 water
145.   Light w/3 pole
146.   Heaving
147.   Pavement
148.   Paving
149.   Asphalt
150.   Delamination
151.   Delaminating
152.   Insulation

_____

153.  Envelope
154.  Davenport
155.  Core
156.  Bailey
157.  O'Neal
158.  Oneal
159.  Oneil
160.  O'Neil


Please let me know if you have any questions.

Sincerely yours,

Patrick "Gene" Blanton



ANTHONY F. CONSTANT
afc@constantlawfirm.com

October 21, 2017

*Via Email*: gblanton@slatesharwell.com
Mr. Patrick E. "Gene" Blanton
Slates Harwell, LLP
1700 Pacific Avenue, Suite 3800
Dallas, TX 75201

TO ALL COUNSEL

RE: **PSJA ISD's Response to VCC, LLC's September 22, 2017 Request for Production**
CAUSE NO. C-1269-16-B
*VCC, LLC v. PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT*
In the 93rd Judicial District Court, Hidalgo County, Texas

Dear Gene and ALL COUNSEL,

Please find attached **PSJA ISD's Response to VCC, LLC's September 22, 2017 Request for Production.**

Very truly yours,

Anthony F. Constant
office@constantlawfirm.com

cc:
ALL COUNSEL OF RECORD

EXHIBIT B

| VCC, LLC | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S

## RESPONSES TO VCC, LLC'S[1]

## SEPTEMBER 22, 2017 REQUEST FOR PRODUCTION

TO:    **VCC, LLC** and Vratsinas Construction Company through its counsel of record Mr. Patrick E. Gene Blanton, Slates Harwell, LLP, 1700 Pacific Avenue, Suite 3800, Dallas, TX 75201

**Pharr San-Juan Alamo Independent School District here serves its**

**Responses to VCC, LLC's[2]**

**September 22, 2017 Request for Production.**

---

[1] And also to Vratsinas Construction Company.

[2] *Id.*

## RESPONSE TO September 22, 2017 REQUEST FOR PRODUCTION

1. Below is a list of search terms to use in gathering electronic documents. The date range of the searches should be from January 1, 2010 until the present.

1. Blanco
2. Southwest
3. SWH
4. SHS
5. Early w/3 college
6. Armko
7. Armco
8. Reagan
9. Ragan
10. Ragean
11. Stromberg
12. Jones
13. Leak
14. Roof
15. Hail
16. Claim
17. Ponding
18. Intrusion
19. Cenergistic
20. Synergistic

——————————————

21. Controls
22. Settings
23. HVAC
24. System
25. Certificate w/3 merit
26. COM
27. Sue
28. Litigation
29. Lawsuit
30. Landmark
31. Gravely
32. Pearson
33. Settlement
34. Liberty
35. Long
36. Guerra
37. Trevino
38. Notice
39. Warranty
40. Warranties
41. Punch
42. Punch w/3 list
43. Inspect
44. Inspection
45. Inspected
46. Report
47. Raba
48. RK
49. RKCI
50. Noe
51. Flores
52. NGE
53. ROFA
54. Rike
55. Ogden
56. Figueroa
57. Allex
58. Ochoa
59. Rodriguez
60. Bowman
61. Ollervides

62. Roque
63. Hinojosa
64. TAG

65. Alex w/3 Group
66. Gholmieh
67. Kazatsker
68. Great w/3 Northern
69. Chubb
70. Crawford
71. Warren
72. Gordon
73. Phipps
74. Ramirez
75. VCC
76. Vratsinas
77. Wilson
78. Martin
79. Rose
80. Elser
81. Retainage
82. Holder
83. SWK
84. Stacy
85. Reed
86. Easterwood
87. Legacy
88. Ramirez
89. FMP
90. Schedler
91. Baraka
92. Lewis
93. MLD
94. Krismer
95. O'Bannon
96. Kenny
97. Hayden
98. Althouse
99. Air w/3 Intellect
100. Larranga
101. Craig
102. Ramboll
103. Mora
104. Naismith
105. McFarquhar

106. Langerman
107. Long
108. IAQ

109. Clark
110. Miles
111. Reeves
112. Servpro
113. Lackner
114. Datum
115. White
116. RPW
117. Garza
118. Baldwin
119. Wallace
120. Fee w/5 agreement
121. Repair
122. Renovate
123. Remediate
124. Remediation
125. Drain
126. Drainage
127. Storm
128. Football
129. Tennis
130. Track
131. Flashing
132. Humidity
133. CMU
134. Walkway
135. Dew w/3 point
136. VCT
137. Tile
138. Vinyl
139. Mold
140. Mildew
141. Grade
142. Grading
143. Slope
144. Standing w/3 water
145. Light w/3 pole
146. Heaving
147. Pavement
148. Paving
149. Asphalt

150. Delamination
151. Delaminating
152. Insulation

_____

153. Envelope
154. Davenport
155. Core
156. Bailey
157. O'Neal
158. Oneal
159. Oneil
160. O'Neil

**RESPONSE:**

Production, inspection and copying of the responsive documents in electronic form will take place at 601 E. Kelly Avenue, Pharr, Texas 78577 at 9 AM Monday September 23, 2017 and continuing all day to 5 PM[3] and at the same place at the same time each Monday, Tuesday, Wednesday, Thursday and Friday through and including November 27, 2017[4].

The responding party will produce the original electronic form for inspection and copying.

The responding party objects to production at any other time and place.

Respectfully submitted,

/s/ Juan J. Hinojosa
Juan J. Hinojosa
Texas State Bar No.: 09701400
**THE HINOJOSA LAW FIRM, P.C.**
612 West Nolana Ave., Ste. 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Fax: (956) 686-8462
jjhinojosa@bizrgv.rr.com

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520

_____

[3] (with a one hour lunch break from noon until 1 pm)
[4] Except November 23rd and November 24th.

(956) 248-7673 Office
Rose.vela@me.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd., Ste. 200
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua Street, Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

Anthony F. Constant
State Bar No. 04711000
800 N. Shoreline Blvd., Ste. 2700 S
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

**Attorneys for**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record on this the 21st day of October 2017.

/s/ Anthony F. Constant
office@constantlawfirm.com

# Tab 11

**VCC, LLC's Motion for Leave to Designate Responsible Third Parties (filed April 7, 2017)**

CAUSE NO. C-1269-16-B

| | | |
|---|---|---|
| VCC, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | 93RD JUDICIAL DISTRICT |

## VCC, LLC'S MOTIONF OR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

VCC, LLC ("VCC") files Motion for Leave to Designate Responsible Third Parties and would respectfully show the Court as follows:

1. VCC entered into contracts with Pharr-San Juan-Alamo I.S.D. (the "ISD") for the construction of the New High School (now known as the PSJA Southwest Early College High School) (the "SHS Project") and the Jaime Escalante Middle School (the "Escalante Project") whereby VCC agreed to serve as the general contractor on each project.

2. ISD entered into a contract with Rike Ogden Figueroa Allex Architects, Inc. ("ROFA") to provide architectural design services to the SHS Project. ISD entered into a contract with Noe Garza Engineers, Inc. ("Noe Garza") to provide the civil design services to the SHS Project. ISD entered into a contract with Hinojosa Engineering, Inc. ("Hinojosa") to provide structural engineering design services to the SHS Project. ISD entered into a contract with The Alex Group, LLC ("Alex Group") to provide mechanical, electrical, and plumbing design services to the SHS Project. ISD entered into a contract with Raba Kistner Consultants, Inc. ("Raba") to provide materials testing services to the SHS Project. ISD entered into a

contract with Armko Industries, Inc. ("Armko") to provide building envelope consulting and testing services to the SHS Project.

3. ISD entered into a contract with Gignac & Associates, Inc. ("Gignac") to provide architectural design services to the Escalante Project. ISD entered into a contract with R. Gutierrez Engineering Corporation ("R. Gutierrez") to provide civil design services to the Escalante Project. ISD entered into a contract with Green Rubiano & Associates, Inc. ("Green") to provide structural design services to the Escalante Project. ISD entered into a contract with DBR Engineering Consultants, Inc. ("DBR") to provide mechanical, electrical, and plumbing design services to the Project. ISD entered into a contract with Millennium Engineers Group, Inc. ("Millennium") to provide materials testing services to the SHS Project.

4. ISD filed claims against VCC and its subcontractors for damages occurring at the SHS and Escalante Projects. ISD did not assert claims against any of its design team or materials testing firms. ISD produced expert reports detailing the nature of the damages and scopes of work at issue at the SHS and Escalante Projects.

5. ISD's claims and expert reports for the SHS and Escalante Projects raise design and other issues with, among other things, the site grading and drainage, asphalt and base material preparation, reinforcement of walls and equipment supports, HVAC ventilation and air quality, electrical, building envelope, roof system, and fire barriers. The SHS Project expert reports expressly raise issues with the design and actions of the design team for the site grading and drainage, storm water disposal, running track, football field, tennis courts, CMU walls, parking lot lighting, built-up roof, and HVAC. The Escalante Project expert reports expressly raise issues with the design and actions of the design team for the HVAC, plumbing, paving, CMU walls, expansion joints, and roof system.

---

**VCC, LLC'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**          **PAGE 2**

6.     A party may designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. Tex. Civ. Prac. & Rem. Code §33.004. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date. *Id.*

7.     ISD's claims and expert reports for the SHS and Escalante Projects include issues with the architect, structural engineer, civil engineer, MEP engineer, building envelope consultant, and materials testing firms. This Motion is being filed before the 60th day before trial. Therefore, VCC seeks leave to designate ROFA, Noe Garza, Hinojosa, Alex Group, Raba, Armko, Gignac, R. Gutierrez, Green, Millennium, and DBR as responsible third parties.

## PRAYER

THEREFORE, VCC prays that ROFA, Noe Garza, Hinojosa, Alex Group, Raba, Armko, Gignac, R. Gutierrez, Green, DBR, and Millennium be designated as responsible third parties

Respectfully submitted,

**SLATES HARWELL LLP**

By:     _/s/ Patrick E. Blanton_____
        Patrick E. "Gene" Blanton
        State Bar No. 24058209
        gblanton@slatesharwell.com
        Stephen C. Bolline II
        State Bar No. 24069396
        sbolline@slatesharwell.com
        1700 Pacific Avenue, Suite 3800
        Dallas, Texas 75201
        Telephone: 469.317.1000
        Facsimile: 469.317.1100

**PERALEZ FRANZ LLP**
1416 W. Dove Ave.
McAllen, Texas 78504
Telephone: 956.682.3660
Facsimile: 956.682.3848
 E-Service:  service@peralezfranzlaw.com


By:      /s/ Gil P. Peralez
        Gil P. Peralez
        State Bar No. 00791426
        Chris Franz
        State Bar No. 00792514

**ATTORNEYS FOR VCC, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via efiling on this 7th day of April, 2017 on the following counsel and parties of record.


        */s/ Patrick E. Blanton*
        Patrick E. Blanton

# Tab 12

**Pharr-San Juan-Alamo Independent School District's Responses to VCC, LLC's First Requests for Production**

CAUSE NO.  C-1269-16-B

| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S
RESPONSES TO VCC, LLC'S
<u>FIRST REQUESTS FOR PRODUCTION</u>**

TO:   **VCC, LLC** through its counsel of record Mr. Patrick E. Gene Blanton, Slates Harwell, LLP, 1700 Pacific Avenue, Suite 3800, Dallas, TX 75201

Pharr San-Juan Alamo Independent School District serves its Responses to VCC, LLC's First Requests for Production.

Respectfully submitted,

/s/ Anthony F. Constant
ANTHONY F. CONSTANT,
Attorney in Charge
State Bar No. 04711000
CONSTANT LAW FIRM
800 N. Shoreline Blvd., Ste. 2700 South
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd.
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com

Pruett Moore, III
State Bar No. 14362225
555 N. Carancahua St.; Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

**Attorneys for Counter-Plaintiff**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record.

/s/ Anthony F. Constant
ANTHONY F. CONSTANT
office@constantlawfirm.com

**RESPONSES TO FIRST REQUESTS FOR PRODUCTION**

1. All warranties purchased by you for the Project.

   RESPONSE:

   Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

   Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the following documents:

   PSJA-SWHS.0000001-25256.
   PSJA-SWHS-WO.0000001-1309.
   PSJA-SWHS-HVAC.0000001-92.
   PSJA-JEMS.0000001-22891.
   PSJS-JEMS-WO.000001-731.
   PSJA-DISTRICT.0000001-0000493.
   PSJA-AGENDAS.0000001-1202.
   PSJA-SWHS-HJ.0000001 – 28.

   and the following folders containing documents:

   2017.01.27 PSJA EXPERTS REPORTS PRODUCED
   2017.02.01 SWJHS 1/25/17 folder containing the entire SWK LLC work file for SWHS.
   2017.02.01 JEMS 1/25/17 folder containing the entire SWK LLC work file for Escalante.
   2017.02.16 Escalante MEP Report
   2017.02.16 Southwest High School MEP Report
   2017.02.16 AFC Expert Reports
   2017.04.13 PSJA PRODUCTION.
   2017.04.24 PSJA ISD BOARD AGENDAS 2006 -2017.pdf.

2. The Armko warranty for the Project.

   RESPONSE:

   Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.
   Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

3.  All documents and communications regarding the enforcement of any of the warranties purchased by you for the Project.

    RESPONSE:

    Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

    Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

    Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

    Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

    Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

    Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

    SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

    Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

4. All punch lists generated by Armko for the Project.

   RESPONSE:

   Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

   Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

5. All documents created by Armko reflecting construction issues on the Project that need to be repaired.

   RESPONSE:

   Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

   Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

6. All documents and communications reflecting Armko's acceptance of the construction of the Project.

   RESPONSE:

   Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

   Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of

conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

7. All documents and communications regarding any inspections of the Project performed by Armko.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers,

checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

8. All documents and communications reflecting Armko's approval of punch list work on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

7

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

9. All documents and communications regarding Armko's warranty for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

10. All documents and communications regarding final closeout with Armko on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

9

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

11. All reports generated by Armko for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

12. All documents and communications regarding hail damage to the roof of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and

symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

13. All documents and communications regarding any claims made by you for hail damage to the roof of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions,

11

conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

14. All documents and communications regarding claims asserted by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject

and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

15. All documents and communications reflecting demand letters or notices of claims by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches,

meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

16. Any settlement agreements between you and any member of the Design Team regarding the Project.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place. Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you these documents and identified the precise location of these documents to you: 2017.04.13 PSJA PRODUCTION.

17. All documents, communications, and reports regarding inspections performed by any member of the Design Team on the Project.

    RESPONSE:

    Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).
    Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.
    Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.
    Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

18. All Raba inspection reports for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

19. All contracts between you and each member of the Design Team for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

20. All meeting minutes regarding the design of the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

16

21. All documents and communications regarding the selection of the roof for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

22. All documents and communications regarding any complaints or issues you have with any part of the design of the Project.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because it does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, it requires Respondent to specify the items.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

23. The civil plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 1.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

24. The architectural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 3.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

25. The structural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 5.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

26. The mechanical, electrical, and plumbing plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 7.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice

from the requesting party. The responding party objects to production at any other time and place.

 Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

27. The civil plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 2.

 RESPONSE:

 Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

 Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

28. The architectural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 4.

 RESPONSE:

 Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

 Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

29. The structural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 6.

 RESPONSE:

 Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

 Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

30. The mechanical, electrical, and plumbing plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 8.

 RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

31. All surveys of the grading at the Project made from the date of Substantial Completion of the Project to present.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Subject to the foregoing objection, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

32. All documents and communications regarding grading issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or

other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

33. All documents and communications regarding standing water issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other

recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

34. All documents and communications reflecting irrigation schedules at the Project from the date of Substantial Completion until present.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

23

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

35. All documents and communications reflecting schedules for HVAC maintenance at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without

limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

36. All documents and communications regarding the testing and balancing of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or

encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

37. All documents and communications regarding any recommendations or procedures from Synergistic or any other third party vendor regarding the settings of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

38. All documents and communications regarding any changes to the HVAC manufacturers' recommended settings for the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook,

Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

39. All documents and communications regarding any HVAC complaints received from any school within your district, including Memorial High School, following the installation of any units manufactured by Munters.

RESPONSE:

Respondent objects to this request because the request is outside the scope of discovery defined by Texas Rule of Civil Procedure 192.3(a) and the information sought will be inadmissible at trial and is not reasonably calculated to lead to the discovery of admissible evidence.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions,

28

conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, the Request requires Respondent to conduct an investigation to determine what products have been manufactured by Munters and then develop a method to determine whether any such products had ever been installed in any of the School District's schools at any time in the past since the creation of the School District.

Respondent objects to this request because this request does not identify the material to be produced but instead requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

40. All documents evidencing any payments made by you to Krismer Consulting during the last ten years.

RESPONSE:

No items have been identified–after a diligent search–that are responsive to the request.

41. All documents related to any investigation of the HVAC system performed by any consult at any school in your district during the last 2 years.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because the request is overbroad and demands any document connected with any work on any part of any air unit in any of the schools in the district without any connection at all to the Southwest Early College High School chilled water system using three 550 ton water-cooled central chillers pumping cooled water through air handler units that are a combination of Constant Air Volume and Variable Air Volume Systems. If any person takes the cover off a simple window air conditioning unit at the Early Head Start Campus to figure out why it is not working, the School District is required to locate any mention of that work on any computer used by any person and produce it. This is a classic "fishing expedition."

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Instead, the request requires Respondent to specify the items by determining which items are "connected with" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "resulting from" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are

"responding to" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "reflecting" or that are "explaining" or that are "mentioning" or that are "concerning" or that are "supporting" or that are "showing" or that are "regarding" or that are "describing" any investigation of any part of the HVAC system at any one of the School District's 44 schools.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

42. All documents and communications regarding soil preparation during the construction of the track and tennis courts at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

31

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

43. All documents and communications regarding the light poles, including any failures of the light poles at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this

Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

44. All documents and communications regarding the CMU wall at the stage not being adequately adhered to the steel columns.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

45. All documents and communications regarding the roof not complying with code.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other

recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

46. All communications with your testifying expert witnesses regarding the Project.

RESPONSE:

Respondent objects to this request because the request is unlimited and overbroad. The request requires the production of income tax returns and love letters. The request is unlimited as to subject matter and is unlimited as to time and is unlimited as to whom or with whom the communication is conducted and is unlimited as to the method of communication and requires the collection of all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on any subject without limitation.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

# Tab 12

**Pharr-San Juan-Alamo Independent School District's Responses to VCC, LLC's First Requests for Production**

CAUSE NO. C-1269-16-B

| VCC, LLC | § | IN THE DISTRICT COURT |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| | § | |
| v. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| PHARR-SAN JUAN-ALAMO | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Defendant and Counter-Plaintiff* | § | HIDALGO COUNTY, TEXAS |

**PHARR-SAN JUAN-ALAMO INDEPENDENT SCHOOL DISTRICT'S
RESPONSES TO VCC, LLC'S
FIRST REQUESTS FOR PRODUCTION**

TO:  **VCC, LLC** through its counsel of record Mr. Patrick E. Gene Blanton, Slates Harwell, LLP, 1700 Pacific Avenue, Suite 3800, Dallas, TX 75201

Pharr San-Juan Alamo Independent School District serves its Responses to VCC, LLC's First Requests for Production.

Respectfully submitted,

/s/ Anthony F. Constant
ANTHONY F. CONSTANT,
Attorney in Charge
State Bar No. 04711000
CONSTANT LAW FIRM
800 N. Shoreline Blvd., Ste. 2700 South
Corpus Christi, TX 78401
(361) 698-8000 Office
(361) 887-8010 Fax
office@constantlawfirm.com

Rene Ramirez
State Bar No. 16475600
2918 South Jackson Rd.
McAllen, Texas 78503
(956) 783-7880 Office
(956) 783-7883 Fax
rramirezlaw@me.com

1

Rose Vela
State Bar No. 16958050
224 Calle Cenzio
Brownsville, TX 78520
(956) 248-7673 Office
Rose.vela@me.com

Pruett Moore, III
State Bar No.  14362225
555 N. Carancahua St.; Suite 1400
Corpus Christi, TX 78401
(361) 888-9100 Office
(361) 888-9199 Fax
pmooreiii@sbcglobal.net

**Attorneys for Counter-Plaintiff**
**PHARR-SAN JUAN-ALAMO**
**INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I certify compliance with Rules 21 and 21a, Texas Rules of Civil Procedure, by service of this document upon all counsel of record.

/s/ Anthony F. Constant
ANTHONY F. CONSTANT
office@constantlawfirm.com

**RESPONSES TO FIRST REQUESTS FOR PRODUCTION**

1.  All warranties purchased by you for the Project.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

    Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the following documents:

    PSJA-SWHS.0000001-25256.
    PSJA-SWHS-WO.0000001-1309.
    PSJA-SWHS-HVAC.0000001-92.
    PSJA-JEMS.0000001-22891.
    PSJS-JEMS-WO.000001-731.
    PSJA-DISTRICT.0000001-0000493.
    PSJA-AGENDAS.0000001-1202.
    PSJA-SWHS-HJ.0000001 – 28.

    and the following folders containing documents:

    2017.01.27 PSJA EXPERTS REPORTS PRODUCED
    2017.02.01 SWJHS 1/25/17 folder containing the entire SWK LLC work file for SWHS.
    2017.02.01 JEMS 1/25/17 folder containing the entire SWK LLC work file for Escalante.
    2017.02.16 Escalante MEP Report
    2017.02.16 Southwest High School MEP Report
    2017.02.16 AFC Expert Reports
    2017.04.13 PSJA PRODUCTION.
    2017.04.24 PSJA ISD BOARD AGENDAS 2006 -2017.pdf.

2.  The Armko warranty for the Project.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.
    Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

3. All documents and communications regarding the enforcement of any of the warranties purchased by you for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

4. All punch lists generated by Armko for the Project.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

    Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

5. All documents created by Armko reflecting construction issues on the Project that need to be repaired.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

    Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

6. All documents and communications reflecting Armko's acceptance of the construction of the Project.

    RESPONSE:

    Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

    Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of

5

conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

7. All documents and communications regarding any inspections of the Project performed by Armko.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers,

6

checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

8. All documents and communications reflecting Armko's approval of punch list work on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

7

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

9. All documents and communications regarding Armko's warranty for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

8

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

10. All documents and communications regarding final closeout with Armko on the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

9

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

11. All reports generated by Armko for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

12. All documents and communications regarding hail damage to the roof of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and

symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

13. All documents and communications regarding any claims made by you for hail damage to the roof of the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions,

11

conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

14. All documents and communications regarding claims asserted by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject

and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

15. All documents and communications reflecting demand letters or notices of claims by you against any member of the Design Team regarding the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches,

meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

14

16. Any settlement agreements between you and any member of the Design Team regarding the Project.

    RESPONSE:

    Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place. Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you these documents and identified the precise location of these documents to you: 2017.04.13 PSJA PRODUCTION.

17. All documents, communications, and reports regarding inspections performed by any member of the Design Team on the Project.

    RESPONSE:

    Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).
    Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.
    Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.
    Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

18. All Raba inspection reports for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

19. All contracts between you and each member of the Design Team for the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

20. All meeting minutes regarding the design of the Project.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

21. All documents and communications regarding the selection of the roof for the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

22. All documents and communications regarding any complaints or issues you have with any part of the design of the Project.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because it does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, it requires Respondent to specify the items.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

23. The civil plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 1.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

24. The architectural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 3.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

25. The structural plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 5.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

26. The mechanical, electrical, and plumbing plans and specifications VCC was to use for construction of the Project if you denied VCC's Request for Admission No. 7.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice

from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.


27. The civil plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 2.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

28. The architectural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 4.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

29. The structural plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 6.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

30. The mechanical, electrical, and plumbing plans and specifications you approved for construction of the Project if you denied VCC's Request for Admission No. 8.

RESPONSE:

Production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

31. All surveys of the grading at the Project made from the date of Substantial Completion of the Project to present.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Subject to the foregoing objection, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

32. All documents and communications regarding grading issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or

other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

33. All documents and communications regarding standing water issues at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other

recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

34. All documents and communications reflecting irrigation schedules at the Project from the date of Substantial Completion until present.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes,

23

drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

35. All documents and communications reflecting schedules for HVAC maintenance at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without

24

limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

36. All documents and communications regarding the testing and balancing of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or

encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

37. All documents and communications regarding any recommendations or procedures from Synergistic or any other third party vendor regarding the settings of the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

38. All documents and communications regarding any changes to the HVAC manufacturers' recommended settings for the HVAC system at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook,

Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

39. All documents and communications regarding any HVAC complaints received from any school within your district, including Memorial High School, following the installation of any units manufactured by Munters.

RESPONSE:

Respondent objects to this request because the request is outside the scope of discovery defined by Texas Rule of Civil Procedure 192.3(a) and the information sought will be inadmissible at trial and is not reasonably calculated to lead to the discovery of admissible evidence.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions,

conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category. Instead, the Request requires Respondent to conduct an investigation to determine what products have been manufactured by Munters and then develop a method to determine whether any such products had ever been installed in any of the School District's schools at any time in the past since the creation of the School District.

Respondent objects to this request because this request does not identify the material to be produced but instead requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

40. All documents evidencing any payments made by you to Krismer Consulting during the last ten years.

RESPONSE:

No items have been identified–after a diligent search–that are responsive to the request.

41. All documents related to any investigation of the HVAC system performed by any consult at any school in your district during the last 2 years.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because the request is overbroad and demands any document connected with any work on any part of any air unit in any of the schools in the district without any connection at all to the Southwest Early College High School chilled water system using three 550 ton water-cooled central chillers pumping cooled water through air handler units that are a combination of Constant Air Volume and Variable Air Volume Systems. If any person takes the cover off a simple window air conditioning unit at the Early Head Start Campus to figure out why it is not working, the School District is required to locate any mention of that work on any computer used by any person and produce it. This is a classic "fishing expedition."

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Instead, the request requires Respondent to specify the items by determining which items are "connected with" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "resulting from" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are

30

"responding to" any investigation of any part of the HVAC system at any one of the School District's 44 schools or that are "reflecting" or that are "explaining" or that are "mentioning" or that are "concerning" or that are "supporting" or that are "showing" or that are "regarding" or that are "describing" any investigation of any part of the HVAC system at any one of the School District's 44 schools.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

42. All documents and communications regarding soil preparation during the construction of the track and tennis courts at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

43. All documents and communications regarding the light poles, including any failures of the light poles at the Project.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this

Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

44. All documents and communications regarding the CMU wall at the stage not being adequately adhered to the steel columns.

RESPONSE:

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

45. All documents and communications regarding the roof not complying with code.

RESPONSE:

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

Respondent objects to this request because the request is overbroad and demands that Respondent discover all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject and search through and produce and deliver all written statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on the subject contained in **any** electronically stored information (including voice mail) or contained in any text message or contained in any emails in any email account, whether personal or for work (covering the personal email account of all School District employees) and to produce **all data without limitation of any kind** and all wall postings and all images sent and/or received via **any** internet site including Facebook, Twitter, and MySpace or any social networking site (covering all electronic communications by all School District employees).

Respondent objects to this request because the request is overbroad and demands Respondent search through and produce and deliver all items referred to in, and/or encompassed within the scope of the Texas Rules of Civil Procedure, including, without limitation, all written communications, correspondence, memoranda, records, notes, drafts, proposals, minutes of meetings, books, papers, lists, ledgers, journals, vouchers, checks, books of original entry and other books of records, recordings, memoranda of conversations, charts, graphs, photographs, microfilms, phonograph, tape or other

34

recordings, magnetic tapes, disks, data cells, computer data, whether or not contained in any compilation, or any other written, printed, typewritten or electronically recorded or other graphic or photographic matter or tangible thing to which any words, phrases, images or numbers are fixed or from which information can be obtained.

Respondent objects to this Request because Respondent cannot – through reasonable efforts – retrieve the data or information requested. Respondent objects to this Request because the Respondent cannot – at a reasonable cost – retrieve the data or information requested.

Respondent objects to this request because the cost that would be imposed on Respondent greatly exceeds the likelihood that any admissible evidence, or that any information calculated to lead to the discovery of admissible evidence, would be found.

Respondent objects to this request because the request does not specify the items to be produced, either by individual item or by category, and does not describe with reasonable particularity each item and category.

Respondent objects to this request because this request requires the Respondent to identify the material that is "connected with" or "resulting from" the subject.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.

46. All communications with your testifying expert witnesses regarding the Project.

RESPONSE:

Respondent objects to this request because the request is unlimited and overbroad. The request requires the production of income tax returns and love letters. The request is unlimited as to subject matter and is unlimited as to time and is unlimited as to whom or with whom the communication is conducted and is unlimited as to the method of communication and requires the collection of all oral statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia on any subject without limitation.

Respondent objects to this request because it violates Rule 195.1, Texas Rules of Civil Procedure.

SUBJECT TO THE FOREGOING OBJECTIONS, production and inspection of discoverable items will be permitted at the office of counsel for the responding party during normal business hours with reasonable notice from the requesting party. The responding party objects to production at any other time and place.

Pharr-San Juan-Alamo Independent School District has previously produced and delivered to you the documents listed in Response to Request 1 above.